UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**04 11789 RCL**

---

MARLENE JOHANSEN

Plaintiff

v.

UNITED STATES OF AMERICA    MAGISTRATE JUDGE _Rbc_

Defendant

---

Civil Action No. _5801_

RECEIPT # _____
AMOUNT $_____
SUMMONS ISSUED_ _yes_
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE_____

#### COMPLAINT

Now comes the Plaintiff, Marlene Johansen, and complains of
the Defendant United States of America as follows.

#### JURISDICTION

This cause of action is based upon 28 USCA Section 2410
which provides that the United States may be named as a party in
an action to quiet title over property where the United States
has a lien. Jurisdiction is provided by 28 U.S.C. Section 1340
which provides that the Court shall have original jurisdiction
over any civil action for an action arising under any Act of
Congress providing for internal revenue the recovery of any
Internal Revenue Tax alleged to have been collected without
authority.

#### PARTIES

1.    The plaintiff, Marlene Johansen (hereinafter referred
to as "Ms. Johansen") is an individual who resides at 71 Pleasant
Street, Stoneham, MA.

2.    The defendant is the United States of America.

## FACTS

3.    Marlene and Ralph Johansen were married on November 29, 1980.

4.    On or about March 27, 1984, Marlene and Ralph Johansen bought 71 Pleasant Street in Stoneham, Massachusetts taking title as Tenants by the Entirety (the "Home") (Please see Exhibit 1).

5.    Mr. Johansen filed for divorce on November 16, 1998.

6.    On March 21, 2001 the Honorable Mary Anne Sahagian, Justice of the Massachusetts Probate and Family Court ruled (the "Ruling")(Please see Exhibit 2.) that the home had a value of $325,000. and was subject to encumbrances of a first mortgage with a balance of $144,648. and a second mortgage with a balance of $7,964.73.

7.    The Ruling also found that Mr. Johansen had a liability to the Internal Revenue Service in the amount of $171,379. and the Massachusetts Department of Revenue of $28,333. (and an undetermined additional amount).

8.    The Ruling held that:

The only real asset that the parties have, other than the Husband's defined benefit pension plan, is the marital home which has equity of approximately $172,387.00."
. . .
Unfortunately, the only asset available to the parties to address the enormous tax liability is the marital home. Accordingly, the home must be sold and proceeds used for this purpose.

2

9. Marlene Johansen filed a timely appeal of the Probate and Family Court's ruling and further filed a Motion for a Stay of the Divorce Judgment.

10. On June 7, 2001, Justice Dreben of the Massachusetts Appeals Court sitting as a single justice, issued an order stating (Please see Exhibit 3.):

Paragraphs 3-7 of the divorce judgment dated March 21, 2001 are stayed pending determination of the defendant's appeal. Whether the defendant's interest may be reached by the IRS may involve additional issues not determined or determinable by the Probate Court.

11. That part of the Ruling which required the division of Ralph Johansen's pension plan was not stayed.

12. Marlene and Ralph Johansen agreed to a judgment being entered by the Probate Court on December 24, 2001 (the "Judgment")(Please see Exhibit 4).

13. The Judgment required Ralph Johansen to "forthwith execute a quitclaim deed transferring all of his interest in the former marital home located in Stoneham to the Wife.

14. The Judgment required Ms. Johansen to release all claims that she had to her former spouses' pension plan assets.

15. On January 4th, 2002 Mr. and Ms. Johansen executed a deed to Ms. Johansen (the "Deed").

16. On December 11, 2002, the Deed was recorded by the Commonwealth of Massachuset's Registry of Deeds for Middlesex County. (Please see Exhibit 5.)

17. On December 18, 2002, a Notice of Federal Tax Lien on the property of Ralph Johansen was recorded by the Commonwealth

of Massachuset's Registry of Deeds for Middlesex County. (Please see Exhibit 6.)

19.   On January 31, 2004 a Notice of Federal Tax Lien stating that Marlene Johansen was a Nominee of Ralph Johansen was recorded by the Commonwealth of Massachuset's Registry of Deeds for Middlesex County (the "Nominee Lien") (Please see Exhibit 7.)

20.   The Nominee Lien creates a cloud on the title of the Home.

21.   The Nominee Lien effects a detriment to Marlene's creditworthiness.

22.   Marlene Johansen has been damaged by the Service's unlawful lien.

23.   Ms. Johansen has exhausted all administrative remedies.

24.   Ms. Johansen has incurred and continues to incur attorney's fees in this action.   She is entitled to an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 USC Sec. 2412 (b) and IRC Sec. 7430.

WHEREFORE, for the foregoing reasons, the Plaintiff prays this honorable Court to grant the following relief:

a.   Judgment against the defendant holding that the Lien filed against Ms. Johansen is erroneous.
b.   Award the Plaintiff's attorney's fees and costs pursuant to 28 USC Sec. 2412(b) and IRC Sec. 7430; and,
c.   Any and all other remedies that this honorable court deems appropriate.

4

## Trial by Jury

The plaintiff requests a trial by jury.

Date:   August 16, 2004

Timothy J. Burke
Burke & Associates
400 Washington Street
Braintree, MA  02184
(781) 380-0770
BBO# 543837

5

**EXHIBIT 1**

BK15490 PG426

M2S

We, Frank Frongillo and Gail E.Frongillo, husband and wife, as tenants by the entirety

of Stoneham, Middlesex                                      County, Massachusetts

being unmarried, for consideration paid, grant to   Ralph E. Johansen and Marlene E. Johansen, husband and wife, as tenants by the entirety

of 71 Pleasant Street, Stoneham, Middlesex /            County, Massachusetts
                                                   with quitclaim covenants

the land in Stoneham, Middlesex County, Massachusetts, with the buildings thereon standing, situated on the Westerly side of Pleasant Street,

bounded and described as follows:

Being shown as Lot number 1 on a "Plan of Lots in Stoneham, Mass. surveyed for Daniel S. Davis, June 1919, Parker Holbrook, Surveyor" recorded with Middlesex South District Deeds Plan Book 279, Plan 9.

Said granted premises contain 7,886 square feet, more or less, and are bounded:

EASTERLY    by said Pleasant Street, 87 feet;

SOUTHERLY   by Lot E as shown in Plan Book 282, Plan 16, land formerly
            of Peffers, 137.23 feet;

WESTERLY    by Pleasant Street Terrace, so-called, 92 feet; and

NORTHERLY   slightly Northeasterly, by land now or formerly of Newcomb,
            being Lot numbered 2 on the first above mentioned Plan
            108.48 feet.

Being Parcel number 4 as described in deed of Florence A. Pike to Peffers, et al, dated January 5, 1945, recorded with said Deeds in Book 6837, Page 118; this conveyance being subject to water and sewer rights for the benefit of Lots 3 and 4 on said first mentioned Plan, as fully described, Book 4341, Pages 38 and 42, said Registry of Deeds.

For Grantors' title see Deed recorded Book 12225, Page 091 with said Registry.

The consideration for this Deed is $120,000.00

Witness our hands    and seal s  this  27th    day of    March    19

_Frank Frongillo_
_Gail E. Frongillo_

### The Commonwealth of Massachusetts

Middlesex,          ss.                              March 27,    19

    Then personally appeared the above named    Frank Frongillo and Gail E. Frongillo

and acknowledged the foregoing instrument to be  their    free act and deed, before me

            (Frank M. Geramonte)          Notary Public —
                                          My commission expires  March 30,    198

**EXHIBIT 2**

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX, SS.                                          NO. 98D4536-DV1

MARLENE JOHANSEN,        Plaintiff-in-Counterclaim

v.

RALPH JOHANSEN,          Defendant-in-Counterclaim

## JUDGMENT OF DIVORCE NISI

All persons interested having been notified in accordance with law and after hearing it is adjudged nisi that a divorce from the bond of matrimony be granted the said plaintiff-in-counterclaim for the cause of irretrievable breakdown of marriage as provided by c. 208, sec. 1B and that upon the expiration of ninety days from entry of this judgment it shall become and be absolute unless, upon the application of any person within such period, the Court shall otherwise order, and it is further ordered that:

1.  The defendant-in-counterclaim shall pay to the plaintiff-in-counterclaim the sum of $350.00 per week as alimony. Payments hereunder shall be paid until the death of either party, the plaintiff-in-counterclaim's remarriage or until modified by the Court, whichever event is the first to occur.

2.  The defendant-in-counterclaim shall forthwith file with the appropriate taxing authorities Federal income tax returns for calendar years 1995 through 1998 and Massachusetts income tax returns for calendar years 1993 through 1998 and shall, as soon as possible, enter into negotiations with both taxing authorities to obtain a settlement due each. He shall provide the plaintiff-in-counterclaim with documentation as to the agreement, if any, reached with both taxing authorities.

3.  The parties shall immediately list the former marital home, located at 71 Pleasant Street, Stoneham, Massachusetts, for sale with a mutually agreed to broker, at a listing price suggested by the broker. Both parties will cooperate promptly with all necessary requirements to effectuate a prompt sale, including executing documents such as listing agreements, offer and acceptance and purchase and sale agreements. They will adjust the asking price as necessary, based on the recommendations of the broker and will accept any reasonable offer.

4. Upon sale, the net proceeds will be paid to Phyllis K. Kolman, as attorney for the defendant-in-counterclaim, to be held by her in an escrow account for the purpose of paying the parties' outstanding Federal and State income tax liability for the years 1993 through 1998. Any interest earned shall be added to the escrow account with each party responsible for any income taxes due on their respective fifty percent (50%) share of any interest income reported in that year. Net proceeds are defined as follows: sales price less broker's commission, first mortgage balance, equity loan balance and the usual and necessary costs of closing.

5. Once the net proceeds are deposited into the escrow account, counsel for each party shall receive a distribution for counsel fees in the amount of $8,000.00 each. Each party shall be solely responsible for payment of any legal fees each has incurred in excess of that amount. The defendant-in-counterclaim's accountant shall estimate the amount of capital gains tax due on account of deductions taken on the rental half of the marital home and that amount shall also be held by defendant-in-counterclaim's counsel and utilized to pay said capital gains tax in the year the house is sold. The remainder of the escrow account shall be held by defendant-in-counterclaim's counsel pending acceptance by the Internal Revenue Service and the Massachusetts Department of Revenue of a settlement offer.

6. If the Offer in Compromise for both Federal and State income taxes for the years 1993 through 1998 is less than the available remaining proceeds, any funds remaining shall be divided equally between the parties and distributed to them once the Offer in Compromise is accepted.

7. If the Offer in Compromise accepted by the taxing authorities is more than the amount in the escrow account, the defendant-in-counterclaim shall enter into a payment plan with the taxing authorities for any additional amount(s) they require. Once that amount has been determined, the defendant-in-counterclaim shall be entitled to a weekly reduction in the amount of alimony paid to the plaintiff-in-counterclaim until such time as he has recouped one-half (½) of the additional amount(s) required to satisfy the taxing authorities. The amount of said deduction shall be the lesser of $50.00 per week or one-half (½) of the amount paid by the defendant-in-counterclaim per week under the payment plan.

8.    Until the house is sold, the plaintiff-in-counterclaim shall continue to be responsible for all payments associated with the property, including but not limited to mortgage payments, both principal and interest, real estate taxes, utilities, insurance and routine maintenance and repairs. If any of these payments are in arrears at the closing date for sale of the property, the defendant-in-counterclaim shall be entitled to reimbursement from the plaintiff-in-counterclaim for any arrears deducted from the net proceeds, it being the plaintiff-in-counterclaim's responsibility to keep these liabilities current. The parties shall attempt to agree on the plaintiff-in-counterclaim's repayment schedule; failing such an agreement, the defendant-in-counterclaim shall be entitled to file a Complaint for Contempt to obtain the amount due him. Until sale of the property, the plaintiff-in-counterclaim shall continue to receive the rental income derived from the property.

9.    The defendant-in-counterclaim shall cause to be prepared a Qualified Domestic Relations Order or other appropriate document as required by the Canadian government to equally divide the coverture portion of the defendant-in-counterclaim's defined benefit pension plan as of the date of trial. Additionally, the defendant-in-counterclaim shall elect the joint and survivor annuity option under said pension plan.

10.    The defendant-in-counterclaim shall provide health insurance for the plaintiff-in-counterclaim for so long as he can keep her on his present family plan. When he can no longer do so, the plaintiff-in-counterclaim may elect COBRA benefits or obtain her own health insurance either directly or though her employment. In either case, the plaintiff-in-counterclaim shall be responsible for this expense.

11.    Each party shall pay his or her own uninsured medical and dental expenses.

12.    For so long as he has an alimony obligation to the plaintiff-in-counterclaim, the defendant-in-counterclaim shall name the plaintiff-in-counterclaim as beneficiary of life insurance on his life in an amount not less than $200,000.00.

13.    The defendant-in-counterclaim shall be entitled to retain as his sole property his whole life insurance policy, the cash surrender value of which is $2,510.00.

14.    The defendant-in-counterclaim shall retain as his sole property his Dodge Caravan motor vehicle and shall continue to be responsible for all costs associated with said motor vehicle.

15.    The plaintiff-in-counterclaim shall have sole use of the Mazda Miata motor vehicle which she currently leases and shall continue to be responsible for all costs associated with said motor vehicle.

-3-

16. The plaintiff-in-counterclaim shall retain as her sole property her John Hancock IRA valued at $7,400.00.

17. The plaintiff-in-counterclaim is hereby awarded $6,200.00 from the defendant-in-counterclaim's John Hancock IRA which is valued at $14,883.73. The defendant-in-counterclaim shall take all steps necessary to effectuate a tax-free transfer of said sum to the plaintiff-in-counterclaim. The balance of the funds in the defendant-in-counterclaim's John Hancock IRA shall be retained by him as his sole property.

18. The parties shall each retain their respective bank accounts as their sole property.

19. The plaintiff-in-counterclaim shall retain her jewelry as her sole property.

20. The defendant-in-counterclaim shall have the right, within two (2) weeks of this Judgment, to go through the former marital home, accompanied by his counsel or an individual associated with said counsel's law firm, on a date and time convenient to the plaintiff-in-counterclaim, and designate those items of his personal papers and possessions, household furniture and furnishings and all other contents of the home which he would like to remove and retain as his property. If the parties cannot agree as to any of the items which the defendant-in-counterclaim wishes to remove, the parties shall confer with Myra S. Lyons, Esquire of Melrose, Massachusetts who is appointed Special Master for the purpose of mediating any dispute involving personal property. The Special Master shall be paid equally by the parties at her usual and customary hourly rate. In the event that the Special Master is unable to resolve the matter, either party may bring the matter back to Court. If the Court finds that either party has acted arbitrarily, capriciously or in bad faith, the entire cost of such subsequent proceedings, including the fees of the Special Master, shall be borne by that party. Once the parties have agreed as to which items shall be removed by the defendant-in-counterclaim, he shall remove those items within two (2) weeks on a mutually convenient date and time. The remainder of the household contents shall be the sole property of the plaintiff-in-counterclaim.

March 21, 2001
Date

Mary Anne Sahagian, Justice
Probate and Family Court

-4-

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX, SS.                                                    NO. 98D4536-DV1

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RALPH JOHANSEN,          Plaintiff                               \*
                                                                 \*
v.                                                               \*
                                                                 \*
MARLENE JOHANSEN,        Defendant                               \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MARLENE JOHANSEN,        Plaintiff-in-Counterclaim               \*
                                                                 \*
v.                                                               \*
                                                                 \*
RALPH JOHANSEN,          Defendant-in-Counterclaim               \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FINDINGS OF FACT ON COMPLAINT FOR DIVORCE FILED DECEMBER 4, 1998 AND ON COUNTERCLAIM FOR DIVORCE FILED JANUARY 21, 1999

E.  PROCEDURAL HISTORY

1.  The Husband filed a Complaint for Divorce on December 4, 1998 in the Middlesex Division of the Probate and Family Court Department, Docket No. 98D4536-DV1.

2.  The Wife filed an Answer and Counterclaim on January 21, 1999 in the Middlesex Division of the Probate and Family Court Department, Docket No. 98D4536-DV1.

3.  The grounds for the original Complaint are irretrievable breakdown of marriage pursuant to M.G.L. Chapter 208, section 1B.

4.  The grounds for the Counterclaim are irretrievable breakdown of marriage pursuant to M.G.L. Chapter 208, section 1B.

-1-

5. On March 8, 1999, the Wife filed Motions for Temporary Support and for Provision of an Automobile. On April 9, 1999, the Court (Gibson, J.) entered a Temporary Order that provided for the Husband to pay to the Wife the sum of $515.00 per week as alimony; for the Husband to maintain the Wife on his health insurance; for the Husband to maintain the Wife as beneficiary of his life insurance; and for the Husband to do all things necessary to enable the Wife to lease a new motor vehicle and to pay any fees due at the lease renewal or inception, after which the Wife was responsible for all lease payments and regular operating expenses.

6. This matter was pre-tried on October 5, 2000.

7. This matter was tried on January 26, 2001 before Sahagian, J.

## F.   BASIC FACTUAL INFORMATION

8. The Husband and Wife were married at Boston, Massachusetts on November 29, 1980.

9. This is the second marriage of the Wife.

10. This is the first marriage of the Husband.

11. No children were born of the marriage although the Wife's daughter from her first marriage resided with the parties.

12. The parties last lived together at Stoneham, Massachusetts on or about October 13, 1997.

13. The Wife resides at 71 Pleasant Street, Stoneham, Massachusetts.

14. The Husband resides at 5 Snakebrook Road, Wayland, Massachusetts.

## C.   AGE

15. The Wife was born on January 31, 1949 and is fifty-two (52) years of age.

16. The Husband was born on February 1, 1948 and is fifty-three (53) years of age.

-2-

25. The Wife does [...] a motor vehicle. She values the [...] of the home and her jewelry at $2,500.00.

26. The Husband drives a 2000 Dodge Caravan motor vehicle standing in his name. He values this vehicle at $15,130.00 and the vehicle is encumbered by a loan in the amount of $17,568.46.

27. The Wife has the following intangible property:
    John Hancock IRA            $2,400.00

28. The Husband has the following intangible property:
    Sovereign Bank account      $5,769.13
    John Hancock IRA            $14,883.73
    John Hancock Whole Life policy  $2,510.00
    Canadian government defined benefit pension with an uncertain value

## H. LIABILITIES

29. The joint secured liabilities of the parties are the two (2) mortgage loans set forth above in paragraph 24 of these Findings of Fact.

30. The Wife has the following unsecured liabilities:
    Optima credit card          $3,900.00
    American Express credit card   $5,000.00

31. The Husband has the following unsecured liabilities:
    Sovereign Bank cash reserve    $4,000.00
    Fleet Bank personal loan       $1,232.00
    AAA Financial credit card      $5,311.04
    American Express credit card   $5,000.00
    Internal Revenue Service       $171,379.00
    Mass. Dept. of Revenue         $28,333.00

    Additionally, the Husband owes an undetermined amount for 1993 and 1994 State income taxes.

## I. NEEDS OF THE PARTIES

32. The Wife's weekly expenses individually total $1,039.00.

33. The Husband's weekly expenses individually total $991.89.

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

CLIENT'S COPY

01-J-294

RALPH JOHANSEN

vs.

MARLENE JOHANSEN.

## ORDER

Paragraphs 3-7 of the divorce judgment dated March 21, 2001 are stayed pending determination of the defendant's appeal. Whether the defendant's interest may be reached by the IRS may involve additional issues not determined or determinable by the Probate Court.

So ordered.

By the Court (Dreben, J.),

*Gina M. Wong*

Assistant Clerk

Entered:    June 7, 2001

responsibility for paying the income tax debt through tax year 1998. Since the Court ordered the Husband to pay alimony commencing in April, 1999, the 1999 income tax liability should be borne by the Husband individually. The only real asset that the parties have, other than the Husband's defined benefit pension plan, is the marital home which has equity of approximately $172,387.00.

Given the circumstances in this case, it is appropriate to utilize the Husband's pension as a future income stream. Dewan v. Dewan, (I), 17 Mass.App.Ct. 97 (1983). Although the Wife presented testimony as to the pension's present value, the Wife's expert acknowledged that he did not take into account the marital coverture reduction nor the joint and survivor annuity reduction which the Husband has voluntarily agreed to elect. The expert did testify that his opinion of value would be higher since there was a portion of the Husband's pension that he was unable to value. However, the erroneous assumptions made by the Wife's expert render his opinion meaningless. Moreover, even if an accurate present day value had been obtained, to offset the value of the Husband's pension against the equity in the marital home would result in an inequitable division of the parties' assets and liabilities.

Unfortunately, the only asset available to the parties to address the enormous tax liability is the marital home. Accordingly, the home must be sold and the proceeds utilized for this purpose.

Although the Husband seeks additional credits for the consumer debt of the Wife which he has paid down, the Court is not inclined to grant this credit.

Given the disparity in the parties' incomes and earning capacities, the Wife will require ongoing support from the Husband, albeit at a rate which is less than that awarded to her at the Temporary Order hearing of April, 1999. The Husband has life insurance available to him and the Court will require that this insurance be used to secure his alimony obligation.

## CONCLUSIONS OF LAW

The Court has broad discretion to divide the marital estate between the parties. Mahoney v. Mahoney, 425 Mass. 441 (1997). In doing so, the Court must take into account the various factors of M.G.L. c. 208, sec. 34. Gustin v. Gustin, 420 Mass. 854 (1995). "The equitable factors which are to be considered under Section 34 reflect a view of marriage as an implied partnership for the purpose of distribution of property." Savides v. Savides, 400 Mass. 250, 252 (1987). This implied partnership extends to the division of liabilities as well as assets, since both comprise the marital estate. Talbot v. Talbot, 13 Mass.App.Ct. 456 (1982); Cournoyer v. Cournoyer, 40 Mass.App.Ct. 302 (1996) (husband's tax liabilities considered by the Court). The weight given to the Sec. 34 factors is to be determined by the trial judge. Rice v. Rice, 372 Mass. 398, 400-401 (1977).

in dividing pension benefits, the Court can order an appropriate portion of each pension payment as it is paid. Dewan v. Deewan (I), 17 Mass.App.Ct. 97 (1983). In long-term marriages, "the appropriate method of dealing with pension rights in the context of equitable division must be determined by the circumstances of the particular case." Id. At 102. The Court should also consider how much of the pension was earned during the marriage (the coverture portion). Peterson v. Peterson, 30 Mass.App.Ct. 932,933 (1991). Any division of the pension should not include benefits acquired after the date of trial, the marital partnership having ended. Daugherty v. Daugherty, 50 Mass.App.Ct. 738 (2001).

March 21, 2001
Date

Mary Anne Sahagian, Justice
Probate and Family Court

**EXHIBIT 3**

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

CLIENT'S COPY
01-J-294

RALPH JOHANSEN

vs.

MARLENE JOHANSEN.

ORDER

Paragraphs 3-7 of the divorce judgment dated March 21, 2001 are stayed pending determination of the defendant's appeal. Whether the defendant's interest may be reached by the IRS may involve additional issues not determined or determinable by the Probate Court.

So ordered.

By the Court (Dreben, J.),

Assistant Clerk

Entered:   June 7, 2001

**EXHIBIT 4**

# COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

PROBATE COURT

NO. 98D4536—DV1

Marlene Johansen _____, Plaintiff

v.

Ralph Johansen _____, Defendant

## MODIFICATION JUDGMENT

This action came on hearing before the Court, ___at Cambridge_____

_____ Beverly Weinger Boorstein _____, J. presiding, and the issues having been

heard and findings having been duly rendered,

It is Ordered and Adjudged:

The Judgment of Divorce Nisi dated March 21, 2001 be so modified in accordance
with the terms of an Agreement dated December 24, 2001 filed, incorporated and
not merged in this Judgment but nevertheless shall survive and have
independent legal significance, except for alimony issues which shall
merge. The parties are ordered to comply with the terms thereof. In all
other respects the Judgment dated March 21, 2001 remains in full force
and effect.

**DEC 2 4 2001**

_____
Date

_____
Judge of Probate Court

# COMMONWEALTH OF MASSACHUSETTS

THE TRIAL COURT

PROBATE & FAMILY COURT

MIDDLESEX ss

DOCKET NO. 98D-4536-DV1.

Marlene Johansen _____ PLAINTIFF

vs

Ralph Johansen _____ DEFENDANT

STIPULATION/AGREEMENT OF PARTIES

IT IS HEREBY AGREED/STIPULATED THAT THE FOLLOWING SHALL BE MADE AN ORDER OF JUDGEMENT OF THIS COURT_____

1. Marlene Johansen forthwith shall withdraw or request dismissal of her Appeal of the Judgment Nisi of Divorce, Appeal Panel No. 01-3-294, No 98 D-4536-DV1 in Middlesex Probate & Family Court. Neither party shall file any further appeals as to any aspect of the divorce judgment or this Agreement for Judgment dated December 24 2001.

2. Ralph Johansen shall forthwith execute a quitclaim deed transferring all of his interest in the former marital home located in Stoneham to the Wife. His attorney shall hold the deed in escrow pending notification from the appellate court that the appeal is dismissed, at which time she shall immediately turn over the deed to Marlene Johansen's attorney. She continues to be responsible for all expenses of the property except the equity line.

3. Ralph Johansen shall forthwith ensure that said equity line is paid in full.

4. Commencing forthwith * Ralph Johansen shall commence paying Marlene Johansen the sum of $40.00 per week as alimony. The life to her and deductible by him on their tax returns, payable until the earlier of her death or remarriage or his decease.

PLAINTIFF

PLAINTIFF'S ATTORNEY

December 24 2001
DATE

DEFENDANT
Ralph Johansen

DEFENDANT'S ATTORNEY
Phyllis Kolman

December 24 2001
DATE

* Payment due Friday 12/28/01

(Continued from the other side)

either party or remarriage of Marlene Johnson.

5. Marlene Johnson hereby waives her claim to any portion of the Husband's retirement, including any claim to all income Ralph Johnson shall derive therefrom in future and/or accrued post-divorce, in both segments (RPP+QPP) or any other future pension designation all of which has been disclosed.

6. Ralph Johnson shall be solely responsible for payment of taxes, interest and penalties to the IRS and/or DOR due as a result of his non-filing of tax returns for the years set forth in the divorce judgment, paragraph I and he shall hold harmless Marlene Johnson for any liability as a result of said returns.

7. This agreement supersedes paragraphs 1 and deletes paragraphs 3, 4, 5, 6 and 7 and further eliminates paragraph 8 and 9 since the marital home is being transferred to the wife Marlene Johnson and Ralph Johnson retains all benefits relative to his retirement. Paragraph 20 of the Judgment Nisi is also deleted by this Agreement.

8. Except as set forth herein, the parties reaffirm the Judgment Nisi of Divorce dated March 21, 2001.

9. This Agreement shall be entered into without Marlene Johnson's Complaint for Contempt and further charges Ralph Johnson shall not be adjudged in contempt.

10. Each party shall be solely responsible for his and her attorney's fees and neither shall seek payment from the other for said fees.

PLAINTIFF _____     DEFENDANT _____

Marlene Johnson                            Ralph Johnson

PLAINTIFF'S ATTORNEY _____     DEFENDANT'S ATTORNEY _____

DATE  December 24, 2001                     WITNESS _____

**EXHIBIT 5**



Bk: 37309 Pg: 409
Recorded: 12/09/2002
Document: 00001461 Page: 1 of 2

## QUITCLAIM DEED

71 Pleasant Street, Stoneham, Massachusetts.

RALPH E. JOHANSEN and MARLENE E. JOHANSEN, husband and wife, as tenants by the entirety, for $1.00 and other nominal consideration, pursuant to a Modification Agreement dated December 24, 2001, Docket No. 98D-4536-DV1) grant to MARLENE E. JOHANSEN, individually, 71 Pleasant Street, Stoneham, Middlesex County, Massachusetts with quitclaim covenants:

The land in Stoneham, Middlesex County, Massachusetts, with the buildings thereon standing, situated on the Westerly side of Pleasant Street, bounded and described as follows:

Being shown as Lot number 1 on a "Plan of Lots in Stoneham, Mass., surveyed for Daniel S. Davis, June 1919, Parker Holbrook, Surveyor", recorded with Middlesex South District Deeds Plan Book 279, Plan 48.

Said granted premises contain 7,886 square feet, more or less, and are bounded:

EASTERLY            by said Pleasant Street, 87 feet;

SOUTHERLY           by Lot E as shown in Plan Book 282, Plan 16, land formerly of
                    Peffers, 137.23 Feet;

WESTERLY            by Pleasant Street Terrace, so-called, 92 feet; and

NORTHERLY           slightly Northeasterly, by land now or formerly of Newcomb, being
                    Lot numbered 2 on the first above mentioned Plan; 108.48 feet.

Being Parcel number 4 as described in deed of Florence A. Pike to Peffers, et al, dated January 5, 1945, recorded with said Deeds in Book 6837, Page 118; this conveyance being subject to water and sewer rights for the benefit of Lots 3 and 4 on said first mentioned Plan, as fully described, Book 4341, Pages 38 and 42, said Registry of Deeds.

For Grantors' title see Deed recorded Book 15494, Page 428 with said Registry.

WITNESS OUR HANDS AND SEALS THIS 4th JANUARY, 2002.

_____            _____
RALPH E. JOHANSEN                    MARLENE E. JOHANSEN

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

January 4, 2002

Then personally appeared the within named RALPH E. JOHANSEN and acknowledged that he signed the foregoing instrument of his free act and deed for the purposes therein set forth, before me.

Notary Public
My Commission expires:

PATRICIA H. LOCKHART
NOTARY PUBLIC
MY COMMISSION EXPIRES MAY 1, 2002

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

January 31, 2002

Then personally appeared the within named MARLENE E. JOHANSEN and acknowledged that she signed the foregoing instrument of her free act and deed for the purposes therein set forth, before me.

Notary Public
My Commission expires:  2-8-2002

**EXHIBIT 6**

| | 2212 | |
|---|---|---|
| **Form 668 (Y)(c)**<br>(Rev. October 2000) | | Department of the Treasury - Internal Revenue Service<br># Notice of Federal Tax Lien |

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #1<br>Lien Unit Phone: (617) 316-2575 | Serial Number<br>40215883 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  RALPH E JOHANSEN

Residence        71 PLEASANT STREET
                 STONEHAM, MA 02180

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1995 | 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 | 05/14/2001 | 06/13/2011 | 32866.16 |
| 1040 | 12/31/1996 | 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 | 06/04/2001 | 07/04/2011 | 29435.22 |
| 1040 | 12/31/1997 | 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 | 05/21/2001 | 06/20/2011 | 36820.51 |
| 1040 | 12/31/1998 | 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 | 04/30/2001 | 05/30/2011 | 51836.15 |
| 1040 | 12/31/1999 | 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 | 04/30/2001 | 05/30/2011 | 19286.58 |
| 1040 | 12/31/2000 | 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 | 05/28/2001 | 06/27/2011 | 14559.02 |

| Place of Filing | Registry of Deeds<br>Southern Middlesex County<br>E. Cambridge, MA  02141 | Total | $ 184803.64 |
|---|---|---|---|

This notice was prepared and signed at _____ Boston, MA _____ , on this,

the ___ 21st ___ day of ___ November ___ 2002

| Signature<br>for KELLY DIAZ | Title<br>REVENUE OFFICER<br>(781) 835-4207 | 21-04-3925 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 2 - Internal Revenue Service TDA Copy

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

2261

**Department of the Treasury - Internal Revenue Service**

Form 668 (Y)(c)
(Rev. October 2000)

# Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #1 Lien Unit Phone: (617) 316-2575 | Serial Number 153799904 | For Optional Use by Recording Office |
|---|---|---|

Bk: 41923 Pg: 104    Doc: FTAX
Page: 1 of 1    01/31/2004 09:42 AM

S1

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer    MARLENE E JOHANSEN AS NOMINEE OF
RALPH E JOHANSEN

Residence        71 PLEASANT STREET
STONEHAM, MA 02180

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1995 | 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 | 05/14/2001 | 06/13/2011 | 32866.16 |
| 1040 | 12/31/1996 | 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 | 06/04/2001 | 07/04/2011 | 29435.22 |
| 1040 | 12/31/1997 | 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 | 05/21/2001 | 06/20/2011 | 36820.51 |
| 1040 | 12/31/1998 | 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 | 04/30/2001 | 05/30/2011 | 51836.15 |
| 1040 | 12/31/1999 | 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 | 04/30/2001 | 05/30/2011 | 19286.58 |
| 1040 | 12/31/2000 | 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 | 05/28/2001 | 06/27/2011 | 14559.02 |

| Place of Filing: Registry of Deeds Southern Middlesex County E. Cambridge, MA 02141 | Total $ | 184803.64 |
|---|---|---|

This notice was prepared and signed at        BOSTON, MA        , on this

the _____27th_____ day of ___January___ , _2004_.

Attst. Middlesex S. Register

Signature    for KELLY DIAZ

Title
REVENUE OFFICER
(781) 835-4207

21-04-392

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Shanan V. USA_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

____ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

____ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        *Also complete AO 120 or AO 121
                                                                                 for patent, trademark or copyright cases

____ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

____ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

____ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                    YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                    YES        (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                    (YES)       NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                    YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                    (YES)       NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       (EASTERN DIVISION)        CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Lumitte Burr_
ADDRESS _700 Washington Street, Brockton, MA_
TELEPHONE NO. _781-380-0711_

(Cover sheet local.wpd - 11/27/00)

&JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Marlene Johanson

**(b)** County of Residence of First Listed Plaintiff   Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Timothy Burke
400 Washington Street
Braintree, Ma 02184

## DEFENDANTS

United States of America

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

04 1789 RCL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIW C/DIW W (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☒ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 US. C, 24 10 & 28 USC Section 1340

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# BURKE & ASSOCIATES
### ATTORNEYS AT LAW

400 Washington Street, Suite 303, Braintree, MA 02184
Telephone (781) 380-0770    ■    Facsimile (781) 848-0330
www.burkelaw.us

August 16, 2004

Tony Anastas, Clerk
U.S. District Court for
the District of Massachusetts
1 Courthouse Way
Boston, MA  02110

Re:  <u>Marlene Johansen v. The United States</u>

Dear Mr. Anastas:

Enclosed please find the Plaintiff's Complaint and Civil
Action Coversheet in the above entitled matter.

Also enclosed please find the filing fee in the amount of
$150.

Thank you for your assistance in this matter.

If you have any questions, do not hesitate to contact me.

Very truly yours,


Timothy Burke


Enclosures
cc.  Client