UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLENE JOHANSEN, ) | |
| ) | |
| Plaintiff, ) | |
| Counterclaim Defendant, ) | |
| ) | Case No. 04-11789-RCL |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant, ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL CITY MORTGAGE CO., ) | |
| and TIMOTHY BURKE, ) | |
| ) | |
| Counterclaim Defendants. ) | |
| ) | |

## UNITED STATES' ANSWER AND COUNTERCLAIM

The United States of America, through its attorney, Michael J. Sullivan, the United States Attorney for the District of Massachusetts, answers the Complaint as follows:

### PARTIES

1.  The plaintiff, Marlene Johansen (hereinafter referred to as "Ms. Johansen") is an individual who resides at 71 Pleasant Street, Stoneham, MA.

ANSWER: The United States admits.

2.  The defendant is the United States of America.

ANSWER: The United States admits.

1

3.    Marlene and Ralph Johansen were married on November 29, 1980.

ANSWER: The United States admits that Marlene and Ralph Johansen were married to each other, but is without information sufficient to form a belief as to the date of their marriage.

4.    On or about March 27, 1984, Marlene and Ralph Johansen bought 71 Pleasant Street in Stoneham, Massachusetts taking title as Tenants by the Entirety (the "Home") (Please see Exhibit 1).

ANSWER: The United States admits.

5.    Mr. Johansen filed for divorce on November 16, 1998.

ANSWER: The United States admits that Ralph Johansen filed for divorce, but is without information sufficient to form a belief as to the date that the Complaint for divorce was filed.

6.    On March 21, 2001 the Honorable Mary Anne Sahagian, Justice of the Massachusetts Probate and Family Court ruled (the "Ruling") (Please see Exhibit 2.) that the home had a value of $325,000, and was subject to encumbrances of a first mortgage with a balance of $144,648. and a second mortgage with a balance of $7,964.73.

ANSWER: The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 6. In particular, the Exhibit 2 attached to the Complaint is incomplete and does not reference any values of the home, or mortgages encumbering the family home.

2

7.    The Ruling also found that Mr. Johansen had a liability
to the Internal Revenue Service in the amount of
$171,379. and the Massachusetts Department of Revenue
of $28,333. (and an undetermined additional amount).

ANSWER: The United States admits that the Probate Court's

Findings of Fact, dated March 21, 2001, found that Ralph Johansen

had liabilities owed to the Internal Revenue Service of $171,379.


8.    The Ruling held that:

That only real asset that the parties have, other than
the Husband's defined benefit pension plan, is the
marital home which has equity of approximately
$172,387.00."
                            •••
Unfortunately, the only asset available to the parties
to address the enormous tax liability is the marital
home.   Accordingly, the home must be sold and proceeds
used for this purpose.

ANSWER: The United States admits.


9.    Marlene Johansen filed a timely appeal of the Probate
and Family Courts' ruling and further filed a motion
for a Stay of the Divorce Judgment.

ANSWER: The United States is without information sufficient to

form a belief as to the truth of the allegations in paragraph 9.

10.   On June 7, 2001, Justice Dreben of the Massachusetts
Appeal Court sitting as a single justice, issued an
order stating (Please see Exhibit 3.):

Paragraphs 3-7 of the divorce judgment dated March 21,
2001 are stayed pending determination of the
defendant's interest may be reached by the IRS may
involve additional issues not determined or
determinable by the Probate court.

ANSWER: The United States admits.


11.   The part of the Ruling which required the division of
Ralph Johansen's pension plan was not stayed.

ANSWER: The United States is without information sufficient to

form a belief as to the truth of the allegations in paragraph 11.


12.   Marlene and Ralph Johansen agreed to a judgment being
entered by the Probate Court on December 24, 2001 (the
"Judgment") (Please see Exhibit 4).

ANSWER: The United States admits that Marlene and Ralph Johansen

entered into an "Agreement" on certain terms as part of the

divorce judgment.   The Agreement between Marlene and Ralph

Johansen should not be considered a "Judgment" but an "Agreement"

whose terms have independent legal significance, but were not

merged with the Judgment Divorce Nisi, dated March 21, 2001.


13.   The Judgment required Ralph Johansen to "forthwith
execute a quitclaim deed transferring all of his
interest in the former marital home located in Stoneham
to the Wife.

ANSWER: The United States admits that paragraph 2 of the

4

Agreement provides, "Ralph Johansen shall forthwith execute a quitclaim deed transferring all of his interest in the former marital home, located in Stoneham to [Marlene Johansen]."

14.   The Judgment required Ms. Johasen to release all claims that she had to her former spouses' pension plan assets.

ANSWER: The United States admits that paragraph 5 of the Agreement provides, "Marlene Johansen hereby waives her claim to any portion of [Ralph Johansen's] retirement including any claim to all income Ralph Johansen shall derive therefrom and/or value accrued post divorce ...."

15.   On January 4th, 2002, Mr. and Ms. Johansen executed a deed to Ms. Johansen (the "Deed").

ANSWER: The United States admits.

16.   On December 11, 2002, the Deed was recorded by the Commonwealth of Massachuset's Registry of Deeds for Middlesex County.  (Please see Exhibit 5.)

ANSWER: The United States admits.

17.   On December 18, 2002, a Notice of Federal Tax Lien on the property of Ralph Johansen was recorded by the Commonwealth of Massachuset's Registry of Deeds for Middlesex County.  (Please see Exhibit 6.)

ANSWER: The United States admits.

5

18. [sic]

ANSWER: No paragraph 18 appears in the Complaint, and therefore, no response is required.


19. On January 31, 2004 a Notice of Federal Tax Lien stating that Marlene Johansen was a Nominee of Ralph Johansen was recorded by the Commonwealth of Massachuset's Registry of Deeds for Middlesex Count (the "Nominee Lien") (Please see Exhibit 7.)

ANSWER: The United States admits that a Notice of Federal Tax Lien was filed on January 21, 2004, against Marlene Johansen as Nominee of Ralph Johansen.


20. The Nominee Lien creates a cloud on the title of the Home.

ANSWER: The United States denies.


21. The Nominee Lien effects a detriment to Marlene's creditworthiness.

ANSWER: The United States is without information sufficient to form a belief as to the truth of the allegations of paragraph 21.


22. Marlene Johansen has been damaged by the [Internal Revenue] Service's unlawful lien.

ANSWER: The United States is without information sufficient to form a belief as to the truth of the allegations of paragraph 22.


23. Ms. Johansen has exhausted all administrative remedies.

ANSWER:  The United States is without information sufficient to form a belief as to the truth of the allegations of paragraph 23. Further, the United States does not know what administrative remedies the Plaintiff has exhausted.

24.  Ms. Johansen has incurred and continues to incur attorney's fees in this action. She is entitled to an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(b) and IRC § 7430.

ANSWER:  The United States is without information sufficient to form a belief as to the truth of the allegations that Ms. Johansen has incurred legal fees.  The United States denies that she is entitled to attorney fees in this case.

### COUNTERCLAIM AGAINST MARLENE JOHANSEN, TIMOTHY BURKE and NATIONAL CITY MORTGAGE

COMES NOW the defendant, the United States of America, pursuant to 26 U.S.C. §§ 7401, 7403 at the request of the Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, and upon direction of the Attorney General of the United States of America, asserts the following claims against Marlene Johansen, National City Mortgage, Co. and Timothy Burke to: (a) foreclose by sale federal tax liens with respect to unpaid federal tax liabilities of Ralph Johansen (the "Taxpayer") against certain real property located at 71 Pleasant Street, Stoneham, Massachusetts ("the Property") and (b) adjudge that

7

Susan M. Bertrand holds title to the Property as the nominee of the Taxpayer for the purposes of satisfying federal tax liens with respect to the Taxpayer's unpaid federal tax liabilities.

## COUNTERCLAIM - COUNT I
## Foreclosure of Federal Tax Liens

25. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

26. Marlene Johansen is named as a defendant since she may claim an interest in the property upon which the United States seeks to foreclose liens.

27. National City Mortgage Co., 3232 Newmark Drive, Miamisburg, Ohio 45342 is named as a defendant since it may claim an interest in the property upon which the United States seeks to foreclose liens.

28. Timothy Burke, 400 Washington Street, Suite 300, Braintree, Massachusetts is named as a defendant since he may claim an interest in the property upon which the United States seeks to foreclose its liens.

8

29. A delegate of the Secretary of the Treasury made assessments against the Taxpayer for his unpaid federal tax liabilities as follows:

| Tax Year | Tax Type | Assessment Date | Balance Due as 1/27/2004 |
|----------|----------|-----------------|--------------------------|
| 1995 | Income | 5-14-2001 | 32,866.16 |
| 1996 | Income | 6-4-2001 | 29,435.22 |
| 1997 | Income | 5-21-2001 | 36,820.51 |
| 1998 | Income | 4-30-2001 | 51,836.15 |
| 1999 | Income | 4-30-2001 | 19,286.58 |
| 2000 | Income | 5-28-2001 | 14,559.02 |
|      |        |           | 184,803.64 |

30. Pursuant to the assessments described above, a delegate of the Secretary of the Treasury issued notices of the assessments to, and made demand for payment of the assessments upon, the Taxpayer.

31. Despite notice and demand, the Taxpayer has refused or neglected to pay fully the assessed liability.

32. There remains due and owing to the United States from the Taxpayer, the sum of $184,803.64 plus statutory interest and additions from January 27, 2004.

9

33.  On or about March 27, 1984, the Taxpayer and Marlene Johansen acquired the Property at 71 Pleasant Street, Stoneham, Massachusetts.

34.  The Property is described as follows:

The land in Stoneham, Middlesex County, Massachusetts, with the buildings thereon standing, situated on the westerly side of Pleasant Street, bounded and described as follows:

Being shown as Lot number 1 on a "Plan of Lots in Stoneham, Mass., surveyed for Daniel S. Davis, June 1919, Parker Holbrook, Surveyor", recorded with Middlesex South District Deeds Plan Book 279, Plan 48.

Said granted premises contain 7,886 square feet, more or less, and are bounded:

EASTERLY       by said Pleasant Street, 87 feet;

SOUTHERLY      by Lot E as shown in Plan Book 282, Plan 16, land formerly of Peffers, 137.23 feet;

WESTERLY       by Pleasant Street Terrace, so-called, 92 feet; and

NORTHERLY      slightly Northeasterly, by land now or formerly of Newcomb, being Lot numbered 2 on the first above mentioned Plan, 108.48 feet.

Being Parcel number 4 as described in deed of Florence A. Pike to Peffers, et al, dated January 5, 1945, recorded with said Deeds in Book 6837, Page 118; this conveyance being subject to water and sewer rights for the benefit of Lots 3 and 4 on said first mentioned Plan, as fully described, Book 4341, Pages 38 and 42, said Registry of Deeds.

35.   On or about January 4, 2002, Taxpayer purported to convey his one-half of the Property to Marlene Johansen for $1.00 and other nominal consideration.

36.   The Taxpayer and Marlene Johansen recorded the transfer of January 4, 2002, with the Registry of Deeds in Middlesex County on December 9, 2002.

37.   At the time of the transaction on December 9, 2002, the United States' federal tax liens against the Taxpayer had attached to the Property.

38.   The United States filed a Notice of Federal Tax Lien on January 21, 2004, against Marlene Johansen as Nominee of Ralph Johansen.

39.   On or about February 11, 2004, Marlene Johansen gave a mortgage on the property to National City Mortgage Company in the amount of $139,300.00.

40. On or about August 13, 2004, Marlene Johansen gave a mortgage on the property to Timothy Burke, Esq.

11

41.  As a result of the Taxpayer's neglect, refusal, and failure to pay the assessments described above, federal tax liens in the amount of the assessments, plus statutory interest and other statutory additions, arose on the date of assessment pursuant to the provisions of 26 U.S.C. §§ 6321 and 6322 and attached to all property and rights to property of the Taxpayer.

42.  Marlene Johansen did not acquire the legal title to the Property for adequate and full consideration in money or money's worth, and the Taxpayer did not receive reasonably equivalent value in exchange for the purported transfer of his legal title.

43. Under the Internal Revenue Code and Regulations, Marlene Johansen is not "a person who, for adequate and full consideration in money or money's worth" acquired the Taxpayer's interest in the Subject Property, and therefore, if she acquired the Taxpayer's interest in the Subject Property in 2002, it was subject to the federal tax liens against the Taxpayer.  See 28 U.S.C. § 6323(h)(6); United States v. Tempelman, 111 F. Supp.2d 85, 93 (D.N.H. 2000).

12

COUNTERCLAIM - COUNT II

**Ralph Johansen Fraudulently Conveyed His Interest
in the Property to Marlene Johansen**

44. The United States incorporates paragraphs 25 through 43 of the Counterclaim into Count II of the Counterclaim.

45. The purported transfer of the Taxpayer's interest in 71 Pleasant Street, Stoneham, Massachusetts was for $1.00 and other nominal consideration.

46. The purported transfer of the Taxpayer's interest for less than adequate consideration.

47. On the date of the transfer of the Taxpayer's interest in 71 Pleasant Street to Marlene Johansen, he was indebted to the Internal Revenue Service in an amount greater than $170,000.

48. On the date of the transfer of the Taxpayer's interest in 71 Pleasant Street to Marlene Johansen, the Taxpayer was insolvent.

49. When the Taxpayer purportedly transferred his legal title in the Property to Marlene Johansen, both the taxpayer and Marlene Johansen knew that the Taxpayer had unpaid federal tax

13

liabilities.

50.   When the Taxpayer purportedly transferred his legal
title in the Property, he knew that he would incur federal tax
liabilities that he would be unable to pay.


WHEREFORE, the United States requests that this Court:

(1) Dismiss the Plaintiff's Complaint with prejudice;

(2) Determine and adjudge that the United States holds valid
federal tax liens upon the Property;

(3) Determine that the Taxpayer fraudulently conveyed his
one-half interest in the property to Marlene Johansen;

(4) Determine that the United States has a claim that is
superior to Timothy Burke and National City Mortgage Co.;

(5) Decree that the federal tax liens on the Property be
foreclosed, and that the Property be sold according to law, free
and clear of any right, title, lien, claim or interest of all of
the parties to this action, and that the proceeds of the sale be
distributed to the United States and to such other parties as
this Court determines; and,

(6)    Award the United States its costs and such further
relief as deemed appropriate.

                          MICHAEL J. SULLIVAN
                          United States Attorney

                          BARBARA HEALY SMITH
                          Assistant U.S. Attorney


                          STEPHEN J. TURANCHIK
                          Trial Attorney, Tax Division
                          U.S. Department of Justice
                          Post Office Box 55
                          Ben Franklin Station
                          Washington, D.C.   20044
                          Telephone: (202) 307-6565

15

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Answer & Counterclaim has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 13th day of October, 2004:

STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044