```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS
_____
                              )
MARLENE JOHANSEN,             )
                              )
     Plaintiff,               )
     Counterclaim Defendant,  )
                              )   Case No. 04-11789-RCL
v.                            )
                              )
UNITED STATES OF AMERICA,     )
                              )
     Defendant,               )
     Counterclaim Plaintiff,  )
                              )
v.                            )
                              )
NATIONAL CITY MORTGAGE CO.,   )
and TIMOTHY BURKE,            )
                              )
     Counterclaim Defendants. )
_____)
```

## UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS AND STRIKE COUNTERCLAIMS

The United States of America, through its attorney, Michael J. Sullivan, opposes the Plaintiff's Motion to Dismiss and Strike Counterclaims.

## Background

The Plaintiff, Marlene Johansen, filed this action on August 17, 2004. The Plaintiff contends that she owns real property located at 71 Pleasant Street, Stoneham, Massachusetts, free and clear of any federal tax liens, and is seeking to quiet title to that property. On October 18, 2004, the United States filed an

1

Answer and Counterclaim.  In that pleading, the United States answered the Complaint by asserting its liens against the subject property and counterclaimed against the Plaintiff seeking to foreclose its federal tax liens.  The United States also named as counterclaim defendants, Timothy Burke and National City Mortgage Co., who each hold a mortgage on the subject property.[1]

On November 8, 2004, the Plaintiff filed a motion to dismiss and strike the counterclaims of the United States.  Plaintiff sets forth five grounds for her motion to strike and dismiss, as follows:

> 1. The United States cannot name National City Mortgage Co. and Timothy Burke as Counterclaim Defendants because they were not already parties to the case;
>
> 2. Before adding National City Mortgage Co. and Timothy Burke as parties, the United States was required to give 10 days notice to the new parties;
>
> 3. The United States referenced Susan M. Bertrand as the title holder to the property, rather than Marlene Johansen;
>
> 4.  Marlene Johansen has claim to the property that is superior to the United States because she provided adequate and full consideration or because she has a judgment lien on the property;
>
> 5. Because the Probate Court endorsed the transfer of the property from Ralph Johansen to Marlene Johansen the transfer cannot be fraudulent; and
>
> 6.  The IRS filed a lien in contradiction of its own policy.

---

[1] Timothy Burke is counsel for the Plaintiff, but is named as a counterclaim defendant because he may claim an interest in the subject property because of a mortgage given to him by the Plaintiff.

The United States now opposes that motion for the grounds set forth below.

## Argument

I.  PLAINTIFF HAS IMPROPERLY STYLED HER MOTION AS A MOTION TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedure provides, "upon motion made by a party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Plaintiff does not contend that the United States has plead an insufficient defense or any matters that are redundant, immaterial, impertinent or scandalous. Therefore, Plaintiff's Motion to Strike must be denied.

II. TIMOTHY BURKE AND NATIONAL CITY MORTGAGE COMPANY WERE PROPERLY NAMED AS COUNTERCLAIM DEFENDANTS

The Plaintiff seeks to quiet title to a piece of real property upon which the United States asserts federal tax liens. The United States has counterclaimed seeking to foreclose those federal tax liens. Internal Revenue Code (26 U.S.C) § 7403(b) states that, "[a]ll persons having liens or claiming any interest in the property involved in ... [an action where the United States seeks to foreclose a federal tax lien] shall be made

parties thereto." Plaintiff contends that "the United States is precluded by the Federal Rules of Civil Procedure from adding a 'Counterclaim' against those who are not parties to the action." (Plaintiff's Mot. p. 1) Plaintiff cites no authority for this proposition. The Plaintiff does not contend that the United States is prohibited from naming Burke and National City Mortgage Co., but appears only to quibble with the designation of the claim as a "counterclaim."

Rule 13(h) of the Federal Rules of Civil Procedure provides that "persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rule 19 and 20." Cross-claims are made against co-parties. See Fed.R.Civ.P. 13(g). Neither Burke nor National City Mortgage Co. were named as defendants by the Plaintiff, and thus are not co-parties with the United States. It would be inappropriate for the United States to pursue a "cross-claim" against them. Therefore, the appropriate designation of Burke and National City Mortgage was as counterclaim defendants or as additional defendants on counterclaim.[2]

Additionally, Plaintiff cites Local Rule 15.1 for the

---

[2] Moreover, Rule 8(c) of the Federal Rules of Civil Procedure specifically provides that when there is an improper designation, the court, "if justice so requires, shall treat the pleading as if there had been a proper designation." See Wright, Miller & Kane, 6 Fed. Prac. & Proc. Civ.2d § 1407

proposition that the United States did not provide the counterclaim defendants with 10 days notice prior to filing a motion to add a party.  Local Rule 15.1(b) provides, "[a] party moving to amend a pleading to add a new party shall serve ... the motion to amend upon the proposed new party at least ten (10) days in advance of the filing of the motion ..."  In this case, the United States filed an Answer and Counterclaim.  The United States did not amend any pleadings, but rather filed a pleading.  As a result, Local Rule 15.1 has no application in this case, and Plaintiff's argument lacks merit.

In its Counterclaim, the United States stated:

> COMES NOW the defendant, the United States of America, pursuant to 26 U.S.C. §§ 7401, 7403 at the request of the Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, and upon direction of the Attorney General of the United States of America, asserts the following claims against Marlene Johansen, National City Mortgage, Co. and Timothy Burke to: (a) foreclose by sale federal tax liens with respect to unpaid federal tax liabilities of Ralph Johansen (the "Taxpayer") against certain real property located at 71 Pleasant Street, Stoneham, Massachusetts ("the Property") and (b) adjudge that Susan M. Bertrand holds title to the Property as the nominee of the Taxpayer for the purposes of satisfying federal tax liens with respect to the Taxpayer's unpaid federal tax liabilities.

The United States referenced Susan M. Bertrand in this precatory language to the numbered paragraphs of the Counterclaim.  This was a scrivener's error as Susan Bertrand is not involved in this case in any fashion, nor does her name appear anywhere else in

5

the Counterclaim or the United States' prayer for relief. As set forth in the prayer for relief, the Court should adjudge that the federal tax liens against Ralph Johansen attach to property presently held titled in Marlene Johansen's name.

III. THE UNITED STATES HAS STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED

    1.   <u>The Plaintiff's Motion to Dismiss Cannot Be Considered a Rule 12(b)(6) Motion Because She Disputes Facts as Set Forth in the Counterclaim</u>

The Plaintiff contends that because she received the subject property in a divorce proceeding she gave adequate consideration for the transfer. In the Counterclaim the United States alleged:

> 42.   Marlene Johansen did not acquire the legal title to the Property for adequate and full consideration in money or money's worth, and the Taxpayer did not receive reasonably equivalent value in exchange for the purported transfer of his legal title.

In her motion to dismiss, the Plaintiff disputes this factual allegation. (Plaintiff's Memorandum of Law p. 6). This is improper in a Rule 12(b)(6) motion to dismiss. Under Rule 12(b)(6), courts must not only "accept all well-pled factual averments as true," but also must "draw all reasonable inferences therefrom in [the pleader's] favor"). <u>See</u> <u>Dartmouth Rev. v. Dartmouth Coll.</u>, 889 F.2d 13, 16 (1st Cir.1989). At the Rule 12(b)(6) stage, it is enough for a plaintiff to sketch a scenario which, if subsequently fleshed out by means of appropriate facts,

could support an actionable claim. See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002); <u>Garita Hotel Ltd. P'ship v. Ponce Fed. Bank</u>, 958 F.2d 15, 17 (1st Cir.1992).  In this case, the fact that the Plaintiff is disputing the facts as set forth in the counterclaim prevents this motion from being considered a motion to dismiss under Rule 12(b)(6).[3]

    2.   <u>The United States Has Set Forth Sufficient Facts to Entitle It to Relief With Regard to Count I of the Counterclaim</u>

Under 26 U.S.C. §6321, when an assessment is made, and upon notice and demand for payment, a lien arises in favor of the United States against all of the taxpayer's property.  The United States alleged assessments were made and notice and demand was made on the taxpayer.  (Counterclaim ¶¶ 29, 30, 41).  The lien attached to Ralph Johansen's one-half interest in the subject property because the assessments were made in April, May and June 2001.  The transfer of Ralph Johansen's one-half interest took place in January 2002.

A lien arising under § 6321 is afforded priority over all other unperfected liens or claims asserted against the taxpayer's property. 26 U.S.C. § 6323(a).  Under § 6323(a), however, an IRS lien is ineffective against certain parties, including a

---

[3] Even if the Plaintiff were to convert her motion to one for Summary Judgment under Rule 56, her own motion has established that there are issues of fact.

"purchaser, holder of a security interest, mechanic's lien or judgment lien creditor," until the notice of the lien has been properly filed by the government. Id.; see United States v. Pioneer American Ins. Co., 374 U.S. 84, 88, (1963).  In this case, the United States contends that Marlene Johansen does not qualify as any of the parties listed in §6323(a).  Marlene Johansen does not assert that she is either a mechanic's lienor or the holder of a security interest.  Rather, she claims to qualify as a "purchaser" or a "judgment lien creditor."

    a. Marlene Johansen Does Not Qualify as a Purchaser

The Plaintiff is not a "purchaser" as defined by §6323. Under §6323(h)(6) a purchaser is one who acquires an interest in the property "for adequate and full consideration in money or money's worth."  The United States has alleged that the Plaintiff did not provide adequate or full consideration for the transfer of Ralph Johansen's interest.  The Plaintiff counters by stating she "exchanged her interest in her husband's pension for sole title to the home."  (Plaintiff's Memorandum of Law p. 6).  Thus, she contends that the consideration she provided was the relinquishment of any claim against her husband's pension.  The treasury regulation interpreting section 6323(h)(6) states that, for purposes of tax liens, "[a] relinquishing or promised relinquishment of ... marital rights is not a consideration in

8

money or money's worth." See Herzog v. United States, 201 F.3d 444 (9th Cir. 1999)(citing 26 C.F.R. § 301.6323(h)-1(a)(3)(1992)); see also Harris v. United States, 764 F.2d 1126 (5th Cir. 1985); United States v. Brynes, 848 F.Supp. 1096, 1098 (D.R.I. 1994). Marlene Johansen possessed a claim to Ralph Johansen's pension because of their marriage. See Mass. G.L. ch. 208 §34. ("Upon divorce ... the court may assign to either husband or wife ... all vested and nonvested benefits, rights and funds accrued during the marriage and which shall include, but not be limited to, retirement benefits ...")  As a result, Marlene Johansen only relinquished her claim to her marital rights. Therefore, she did not provide "consideration" as defined in IRC §6323, and cannot qualify as a purchaser.

    b.   Marlene Johansen Does Not Qualify as a Judgment Lien Creditor under §6323

Treasury regulations define a "judgment lien creditor" as a "person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for the recovery of specifically designated property or for a certain sum of money." 26 C.F.R. § 301.6323(h)-1(g). The regulations further provide that a judgment lien must be perfected and that perfection does not occur until "the property subject to the lien, and the amount of the lien are established." Id.; see United States v. New Britain, 347 U.S. 81, 84 (1954). In the case of real property, the

regulations state:

> If recording or docketing is necessary under local law before a judgment becomes effective against third parties acquiring liens on real property, a judgment lien under such local law is not perfected with respect to real property until the time of such recordation or docketing. 26 C.F.R. § 301.6323(h)-1(g).

The Plaintiff fails to qualify as a judgment lien creditor because her interest (1) was not perfected and (2) was not choate.

### 1) Marlene Johansen Did Not Perfect Her Claim as Judgment Creditor

Under Massachusetts law, in order to perfect a judgment lien against real property, the creditor must file an execution with the Registry of Deeds where the real property is located. "A Massachusetts judgment alone is not sufficient to create a perfected and choate judgment lien." See Smith Barney, Harris Upham & Co., Inc. v. Connolly, 887 F.Supp. 337, 345 (D.Mass. 1994). A judgment creditor must also have filed a writ of attachment in the appropriate registry of deeds. L. Rudolph Electrical Co., Inc. v. Gibbs Oil Company, 16 Mass.App.Ct. 995, 454 N.E.2d 1288 (1983). It is this writ of attachment which later becomes a perfected and choate lien by a judgment awarded and recorded in the Registry of Deeds. See Smith Barney, 887 F.Supp. at 345(citing Mass G.L. ch. 223 § 42 (West 1986)). However, Marlene Johansen never obtained an execution to record with the Registry of Deeds, and therefore, does not have a

perfected claim under Massachusetts law.

        2)   <u>Marlene Johansen's Claim Is Not Choate</u>

Even if Marlene Johansen's divorce decree were perfected, her claim must be choate in order to defeat the federal tax lien. A lien is inchoate if it is not specific or is not perfected. A competing, nonfederal lien to be perfected must be definite in three respects:

    (1)   the identity of the lienor,

    (2)   the property subject to the lien, and

    (3)   the amount of the lien.

<u>See</u> <u>United States v. New Britain</u>, 347 U.S. 81, 84 (1954); <u>United States v. Pioneer American Insur. Co.</u>, 374 U.S. 84, 89 (1963). Additionally to be choate, a lien must be definite at the critical time, and not merely ascertainable in the future by taking further steps. <u>Illinois ex rel. Gordon v. Campbell</u>, 329 U.S. 362, 374 (1946).

Under facts similar to this case, the Court in <u>In re Suarez</u>, 182 B.R. 916, 922 (Bankr. S.D.Fla. 1995), stated:

> even if the Court determined the Final Order obtained in the divorce proceedings created a lien, it would not have the choateness necessary to allow it priority over the federal tax lien. The fact that a lien was perfected before a federal tax lien was recorded does not necessarily entitle it to priority over the federal tax lien. To enjoy priority, the previous lien also must be sufficiently choate under federal law." <u>United States v. Brynes</u>, 848 F.Supp. 1096 (D.R.I.1994); <u>see</u> also, <u>United States v. New Britain</u>, 347 U.S. 81 (1954).

> The concept of choateness relates to the specificity and identifiability of a lien. Liens "may also be perfected in the sense that there is nothing more to be done to have a choate lien--when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." New Britain, 347 84. Here the Final Order would not have the choateness necessary to allow it priority over the federal tax lien because the amount of the lien is not established. Nor could it ever be established since there is no debt to be secured by a lien, just the redistribution of an interest in property.

In this case, just as in the Suarez case, even assuming that Marlene Johansen had a lien, it was not choate because there was no definite amount nor a debt to be secured by the lien. Rather, the divorce proceeding was a redistribution of interests in property.

The Plaintiff cites the case of Taylor v. United States, 338 F.3d (8th Cir. 2003) for the proposition that like Mary Taylor, the Plaintiff in that case, she also qualifies as a judgment lien creditor. The Taylor case is inapposite. First, Mary Taylor, the ex-wife of the taxpayer, obtained an order that she would receive a 90 percent interest in her ex-husband's employee benefits proceeds. The Eighth Circuit found Mary Taylor to have a choate judgment (1) Mary's identity was clear, (2) the subject property was identified, and (3) the amount (90 percent) was fixed. Marlene Johansen has not identified any property in her claim, nor does she have a fixed amount on which to claim her security. Additionally, the Eighth Circuit found that Mary Taylor did not

need to comply with state law requirements for perfecting her judgment because ERISA provides a mechanism for enforcing QDROs, and this mechanism supersedes any contrary state law. Because Mary Taylor had satisfied the ERISA requirements, her interest was perfected. In this case, Marlene Johansen cannot avail herself of ERISA and failed to perfect any "judgment lien" against Ralph Johansen as she did not file an execution with the appropriate Registry of Deeds. Therefore, Marlene Johansen is not a "judgment lien creditor" as defined by IRC §6323.

Consequently, the facts as set forth in the United States' Counterclaim would entitle the United States to foreclose on the subject property because its tax liens attach to the property.

### 3. The United States Has Set Forth Sufficient Facts in Count II of Its Counterclaim to Entitle It to Relief

In Count II of the Counterclaim, the United States alleges as an alternative to its claim in Count I, that Ralph Johansen's one-half interest in the property was fraudulently conveyed from Ralph Johansen to Marlene Johansen. Under Massachusetts law, a "transfer made ... by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made ... if the debtor made the transfer ... without receiving a reasonably equivalent value in exchange for the transfer ... and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." Mass G.L. ch. 109A §6. The

13

claim of the United States arose in April, May and June 2001 (the dates the taxes were assessed) and the transfer occurred in January 2002. The United States alleged that the debtor did not receive reasonably equivalent value for the transfer as the transfer was for $1.00 and other nominal consideration. (Counterclaim ¶45). The United States also alleged that the debtor was indebted to the IRS for more than $170,000 at the time of the transfer and that after the transfer he was insolvent. (Counterclaim ¶¶ 47-50). Thus, the United States has alleged a claim that would entitle it to relief.

Marlene Johansen also appears to argue that the Probate Court's order has somehow cleansed the transaction. Simply because a probate court orders a transfer does not mean that the conveyance is not fraudulent. See generally Campana v. Pilavis (In re Pilavis), 233 B.R. 1 (Bankr. D.Mass. 1999); In re Williams, 159 B.R. 648 (Bankr.D.R.I. 1993). "In an intra-family transaction, the court places a heavier burden on the transferee to establish fair consideration for the transfer." Pryor v. Fair (In re Fair), 142 B.R. 628, 631 (Bankr. E.D.N.Y.1992).

Thus, because the United States has set forth a claim for a fraudulent conveyance, Count II of the Counterclaim cannot be dismissed.

    4.   <u>IRS Policy Statements Are Not Law and Plaintiff Could Not Have Relief Upon Notice 2003-60</u>

    The Plaintiff contends that the United States has violated a policy statement of the IRS by pursuing this action. Plaintiff does not state the import, if any of the allegation that policy was violated, even if true, which it is not. The IRS issued Notice 2003-60 following the Supreme Court decision in <u>United States v. Craft</u>, 535 U.S. 274 (2002) where the Court found that federal tax liens asserted against the interest of one member of a tenancy by the entirety in Michigan attached to property held as a tenancy by the entirety.

    Prior to the <u>Craft</u> decision many people had understood that such a lien could not attach to tenancy by the entirety in Michigan because under state law the members of a tenancy by the entirety were not viewed as separate interests in the tenancy. As part of Notice 2003-60, the IRS stated that under certain circumstances, the IRS will not apply <u>Craft</u>, "to the detriment of third parties who may have reasonably relied on the belief that state law prevents the attachment of the federal tax lien." Marlene Johansen is not one of those individuals. Under Massachusetts law, a creditor may attach the interest of the liable spouse, even when the property is held by the entireties with a non-liable spouse. See <u>Peebles v. Minnis</u>, 521 N.E.2d 1372 (Mass. 1988). Massachusetts General Law ch. 209, § 1, only

protects a nondebtor spouse's principal residence from "seizure or execution."[4]  Thus, Massachusetts is not a state that prevents creditors from attaching property held in tenancy by the entireties, and can be described as a "partial bar jurisdiction."

The IRS in Notice 2003-60, addressed the expectations of a non-liable spouse in a partial bar jurisdiction, such as Massachusetts: "In contrast to full bar jurisdictions, there are no settled expectations in modified or partial bar jurisdictions where a creditor is permitted to attach some or all of a debtor-spouse's interest in entireties property."  Marlene Johansen, as a non-liable spouse in a partial-bar jurisdiction could not have relied on state law for protection from the IRS as an attaching creditor.  Additionally, Marlene Johansen does not contend that she, in any way, relied upon holding the property by the entireties in order to prevent Ralph Johansen's creditors from reaching the property. As such, the policy stated in Notice 2003-60 does not offer her any protection.

Moreover, an IRS notice does not have the effect of law.  An IRS Notice sets forth the general position of the IRS.  It is not even as permanent as the Internal Revenue Manual.  "Courts have held, however, that the Internal Revenue Manual confers no rights on taxpayers, and that the procedures contained therein are

---

[4] Additionally, state law exemptions cannot prevent the United States from foreclosing on the entire property.  See United States v. Rodgers, 461 U.S. 677 (1983)(state law homestead exemption could not prevent foreclosure of federal tax liens).

16

intended only to aid in the internal administration of the IRS." <u>Olsen v. United States</u>, 326 F.Supp.2d 184, 188 n.2 (D.Mass. 2004)(internal quotations omitted)(<u>citing</u> <u>United States v. Horne</u>, 714 F.2d 206, 207 (1st Cir. 1983)).

Lastly, the notice states that the "use of lien foreclosure for entireties property subject to the federal tax lien will be determined on a case-by-case basis." This necessarily means that the United States is not binding itself to a particular position with regard to entireties properties. The notice does not provide any substantive rights to Marlene Johansen, and consequently, her argument lacks merit.

<u>Conclusion</u>

For the foregoing reasons, the Plaintiff's Motion to Dismiss and Strike must be denied.

    MICHAEL J. SULLIVAN
    United States Attorney

    /s/ Stephen J. Turanchik
    _____
    STEPHEN J. TURANCHIK
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 55
    Ben Franklin Station
    Washington, D.C.  20044
    Telephone: (202) 307-6565
    stephen.j.turanchik@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Opposition to Plaintiff's Motion to Dismiss and Strike Counterclaim has been made upon the following by transmitting a copy of by electronic mail 22nd day of November, 2004:

>Timothy J. Burke, Esq.
>Burke & Associates
>400 Washington Street, Suite 303
>Braintree, MA 02184
>tim@burkelaw.us

>/s/ Stephen J. Turanchik

>STEPHEN J. TURANCHIK
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C.  20044
>Telephone: (202) 307-6565
>stephen.j.turanchik@usdoj.gov