UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
                                    )
MARLENE JOHANSEN,                   )
     Plaintiff,                     )
     Counterclaim Defendant         )
v.                                  )
                                    )
UNITED STATES OF AMERICA,           )
     Defendant,                     )   Case No. 04-11789-RCL
     Counterclaim Plaintiff         )
v.                                  )
                                    )
NATIONAL CITY MORTGAGE CO.,         )
And TIMOTHY BURKE,                  )
     Counterclaim Defendants        )
                                    )
```

**PETITION TO INTERVENE AS A PLAINTIFF BY RALPH JOHANSEN**

Applicant for Intervention, Ralph Johansen, hereby petitions this Honorable Court for an Order permitting him to intervene in the above-captioned action as a Plaintiff and to plead the attached claim. This Motion is made pursuant to F.R.C.P. Rule 24. In support of the instant Motion, the Applicant for Intervention states as follows:

1. Applicant for Intervention, Ralph Johansen ("Mr. Johansen"), is the former husband of Plaintiff Marlene Johansen.

2. This case concerns collection of Mr. Johansen's tax liability. The dispute in this case is

whether the federal tax lien attached to real property formerly owned by Mr. Johansen, located at 71 Pleasant Street, Stoneham, Massachusetts (the "property"). Mr. Johansen transferred his interest in the subject property to Plaintiff Marlene Johansen pursuant to an order of the Massachusetts Probate and Family Court. The resolution of this case will affect Mr. Johansen's interest and rights concerning his qualification for an Offer in Compromise to satisfy his federal income tax liability and his rights and obligations in the divorce action in Massachusetts Probate and Family Court.

3. Pursuant to F.R.C.P. 24(a), in absence of a statutory authority granting a right to intervene, an applicant has the right to intervene if the three following conditions are met:

   a. The applicant has an interest in the subject matter of the litigation;

   b. Absent intervention, the applicant's interest will be impaired or impeded; and

  c. The existing parties to the action inadequately represent the applicant's interest.

F.R.C.P. Rule 24(a). Courts have generally construed Rule 24 liberally and resolved doubts in favor of the proposed intervenor. Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000), United States v. Union Elec. Co., 64 F.3d 1152, 1158 (8th Cir. 1995); See also MOORE'S FEDERAL PRACTICE § 24.03 (3d ed. 1999).

4. Mr. Johansen has an interest in the subject matter of the litigation because:

  a. The tax lien at issue in this case was asserted by the United States to collect Mr. Johansen's federal income tax liability. Mr. Johansen's Offer in Compromise was rejected by the United States, through the Internal Revenue Service, because it maintained it has an interest in the property (See copy of letter dated June 15, 2004, page 3, remark #4, attached hereto as Exhibit 1); and

    b.    Mr. Johansen is subject to an order from the Massachusetts Probate and Family Court to be solely responsible for his tax liability and to hold plaintiff Marlene Johansen harmless. (See copy of Modification Judgment dated December 24, 2001 from the Honorable Beverly Weinger Boorstein attached hereto as Exhibit 2).

    c.    Plaintiff Marlene Johansen filed a Complaint for Civil Contempt against Mr. Johansen on August 26, 2004 for his failure to defend her from claims asserted against her by the IRS. (See Complaint for Civil Contempt, attached hereto as Exhibit 3).

5.    Mr. Johansen's interest will be impaired or impeded absent intervention for two reasons.

    a.    First, the United States, through the Internal Revenue Service, has recently rejected Mr. Johansen's Offer in Compromise, through which he was attempting to resolve his federal income tax liability. The Service's rejection was based on the assertion that it holds a valid lien against

4

       the subject property. (See Exhibit 1) If Mr. Johansen is not allowed to intervene, his interest in being able to qualify for the Service's Offer in Compromise program will be impaired and impeded by the outcome of this case.

   b. Second, Mr. Johansen's interest in his divorce proceeding in Massachusetts Probate Court will be adversely affected because that court's order required him, and not his ex-wife and plaintiff Marlene Johansen, to pay his federal income tax liability. (See Exhibit 2) Plaintiff Marlene Johansen has filed a Complaint for Civil Contempt against Mr. Johansen for violation of that order. (See Exhibit 3).

6. Applicant for Intervention Ralph Johansen's interest in the subject litigation is not adequately represented by the existing parties in this case for three reasons:

   a. Mr. Johansen's interests are adverse to plaintiff Marlene Johansen in the Massachusetts Probate and Family Court action. A finding for the United States in

5

this case could mean that Mr. Johansen is in violation of the Massachusetts Probate Court order requiring him to be solely responsible for paying his federal income tax liability. (See Exhibits 2 and 3);

b. Plaintiff Marlene Johansen has filed a Complaint for Civil Contempt against Mr. Johansen directly resulting from the dispute in the instant case. (See Exhibit 3)

c. No other party in this case has an interest in protecting Mr. Johansen's rights concerning collection of his overall federal tax liability and his Offer in Compromise. Plaintiff Marlene Johansen is only interested in establishing that the subject property is not available to satisfy Mr. Johansen's liability. However, Mr. Johansen is concerned with the effect the resolution of this case will have on his Offer in Compromise, which will resolve all of Mr. Johansen's liabilities. (See Exhibit 1).

WHEREFORE, Applicant for Intervention, Ralph Johansen requests that this honorable Court enter an Order allowing him to intervene in this action as a Plaintiff and to file the attached claim.

                                      Applicant for Intervention,
                                      Ralph Johansen,
                                      By his Attorney,

_____
D. Sean McMahon, Esq.
BBO# 567542
Law Office of Meilman & Costa, P.C.
70 Wells Ave., Suite 200
Newton, MA 02459
Phone: (617) 969-9500
Fax: (617) 969-0030

7

**CERTIFICATE OF SERVICE**

I, D. Sean McMahon, Esq. hereby certify that on November 30, 2004 I served a copy of the foregoing document upon Timothy J. Burke, Counsel for Marlene Johansen, Plaintiff, Counterclaim Defendant; Stephen J. Turanchik, Esq., Counsel for the United States of America, Defendant, Counterclaim Plaintiff; and National City Mortgage Co. by first class mail addressed to the following:

> Timothy J. Burke, Esq.
> Burke & Associates
> 400 Washington Street, Suite 303
> Braintree, MA  02184
>
> Stephen J. Turanchik, Esq.
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 55
> Ben Franklin Station
> Washington, DC  20044
>
> National City Mortgage Co.
> 3232 Newmark Drive
> Miamisburg, OH  45342

_____
D. Sean McMahon, Esq.

\\Relia-tech\my documents\sec2001-4\Johanson\Motiion to Intervene 112904.doc