Department of the Treasury

Internal Revenue Service
Offer In Compromise, Group 39
JFK Building, Stop 21175
P.O. Box 9112
Boston, MA 02203

Date of this Letter:
JUN 1 5 2004

Person to Contact:
KELLY DIAZ
Employee #: 04-04138
Phone#: (781)835-4207

Taxpayer ID#: ████████
Offer Number: 1000127048

RALPH E. JOHANSEN
P.O. BOX 24
BOSTON, MA 02117-0024

Dear Mr. Johansen,

    We have investigated your offer dated 03/07/2003 in the amount of $48,750.00. A copy of your offer is enclosed.

    We are rejecting the offer for the following reason(s):

    The amount offered is less than your reasonable collection potential. Copies of worksheets showing our calculations are enclosed for your review.

    If you agree to increase your offer to $132,000.00, we will recommend acceptance. That recommendation is subject to additional review and approval. You will be notified in writing if the amended offer is accepted. If you wish us to consider your amended offer, sign, date and return the enclosed amended Form 656.

The above amount is subject to the submission of updated financial information and additional review. This amount may increase as the financial information warrants.

    If you disagree with our findings, please provide any additional information in writing to support your position within 30 days of the date of this letter. If you also want your case considered by the Office of Appeals, you must include a written statement in your response asking that your case be sent to the Office of Appeals after our reconsideration. If you do not send this written statement within 30 days of the date of this letter you will not receive consideration by the Office of Appeals.

    Include any additional information that you want Appeals to consider. You may still appeal without additional information, but including it will help us to process your request promptly. You should send a letter requesting Appeals consideration. Your written protest must include the following information:

    1. Your name,address,social security number (if applicable,
       Employer identification number) and daytime telephone

continued on next page

   number;

2. A statement that you want to appeal the IRS findings to the Appeals Office;

3. A copy of this letter;

4. The tax periods or years involved;

5. A list of the specific items you don't agree with and a statement of why you don't agree with each item;

6. The facts supporting your position on any issue that you don't agree with;

7. Any law or other authority, if any, on which you are relying;

8. You must sign the letter, stating that it is true, under penalties of perjury as follows:

   "Under penalties of perjury, I declare that I have examined the facts stated in this protest, including any accompanying documents, and to the best of my knowledge and belief, they are true, correct, and complete."

If your representative prepares and signs the protest for you, he or she may substitute a declaration stating:

1. That he or she submitted the protest and accompanying documents, and

2. Whether he or she knows personally that the facts stated in the protest and accompanying documents are true and correct.

You may represent yourself at your appeals conference or you may be represented by an attorney, certified public accountant, or an individual enrolled to practice before the IRS. Your representative must be qualified to practice before the IRS. If your representative appears without you, he or she must file a power of attorney or tax information authorization with the IRS before receiving or inspecting confidential information. You may use Form 2848, Power of Attorney and Declaration of Representative, or any other properly written power of attorney or authorization for this purpose. Copies of these forms are available from any IRS office, or by calling 1-800-TAX-FORM (1-800-829-3676). You may also bring another person(s) with you to support your position.

If you don't send your written response within 30 days from the date of this letter, our file on this offer will be closed. The date of this letter will be the legal rejection date of your offer.

continued on next page

Date: October 30, 2003

TAXPAYER'S NAME: Ralph E Johansen                                    EIN/TIN 

| ASSETS | Fair Market Value | Quick Sale Reduction Percentage | Quick Sale Value | Encumbrances or Exemptions | Net Realizable Equity |
|---|---|---|---|---|---|
| **ASSET/EQUITY TABLE (AET)** **(Rev. 10-2002)** ||||||
| Cash/Bank Accounts | $3,837.00 | | | | $3,837.00 |
| Offer Deposit | | | | | |
| Loan Value Life Insurance | $2,989.00 | | | | $2,989.00 |
| Pensions / IRA/401(k) | $5,933.00 | | | $2,373.00 | $3,560.00 |
| Real Estate | $375,000.00 | 20 | $300,000.00 | $217,500.00 | $82,500.00 |
| Furniture/Personal Effects | | | | | |
| Vehicles | $15,000.00 | 20 | $12,000.00 | $10,000.00 | $2,000.00 |
| Accounts Receivable | | | | | |
| Tools and/or Equipment | | | | | |
| Other - | | | | | |
| | | | | | |
| Future Income Value (see Income and Expense Table (IET) attached) |||||  $36,300.00 |
| **TOTAL MINIMUM VALUE** ||||| $131,186.00 |

Item 6   IRC 6334(a)(2) allows an exemption of $6,890 for fuel, provisions, furniture and personal effects.
Item 9   IRC 6334(a)(3) allows an exemption of $3,440 for tools of the trade.

REMARKS:
1. Cash in bank accounts is a six-month average ending balance at Sovereign Bank.
2. The taxpayer has a life insurance policy at John Hancock with a value of $2,989.00.
3. The taxpayer has an IRA with John Hancock with a value of $5,933.00. Allowed a 40% fee for early withdrawal and taxes, leaves a value of $3,560.00.
4. The taxpayer previously owned the real estate at 71 Pleasant Street, Stoneham with his wife. As part of his Divorce Agreement, however, he transferred his share of the property to her. The original agreement was to sell the real estate, payoff the taxes, and split the remaining proceeds 50/50. The former Mrs. Johansen, however, refused to allow anyone to show the property or market it. Finally, the taxpayer agreed to modify the divorce agreement to transfer his title to the real estate to her. According to a "Memorandum re: Ralph Johansen", Mrs. Johansen knew that the taxes were owed, and the court ordered the real estate to be sold. As the assessment dates predate the divorce order, as Mrs. Johansen knew about the tax liabilities, and as she was not a valid purchaser, the lien attaches to the real estate, and the Internal Revenue Service is entitled to the taxpayer's equity. The FMV is $375,000.00 and QSV of 80% is $300,000.00. As there is an outstanding mortgage of $135,000.00 and Marlene is entitled to her 50% interest, the taxpayer's interest is $82,500.00.
5. The taxpayer has a 2000 Dodge Caravan with a FMV of $15,000.00. The QSV is $12,000.00 and outstanding loan amount is $10,000.00, leaving $2,000.00 in equity.
6. The taxpayer has the ability to pay $605.00 per month. Over 60 months the value of this asset is $36,300.00. See the attached IET.

TAXPAYER: Ralph E Johansen          TIN/EIN: ███████        Date: February 20, 2003

### INCOME/EXPENSE TABLE (IET)
### (Rev. 1-2001)

The Internal Revenue Service uses established National and Local standards for necessary living expenses when considering Offers in Compromise. Only necessary living expenses will be allowed. Other expenses, such as charitable contributions, education, credit cards, and voluntary retirement allotments are generally not considered as necessary living expenses.

| Total Income | | Necessary Living Expenses | | |
|---|---|---|---|---|
| Source | Gross | | Claimed | Allowed |
| 31. Wages/Salaries (T/P) | $7,517.00 | 42. National Standard Expenses | $977.00 | $1,016.00 |
| 32. Wages/Salaries (Spouse) | | 43. Housing and Utilities | $800.00 | $800.00 |
| 33. Interest | | 44. Transportation | $225.00 | $225.00 |
| 34. Net Business Income (from Form 433-B) | | 45. Health care | $209.00 | $209.00 |
| 35. Rental Income | | 46. Taxes | $1,502.00 | $2,105.00 |
| 36. Pension (Taxpayer) | | 47. Court ordered payments | $1,600.00 | $1,733.00 |
| 37. Pension (Spouse) | | 48. Child/dependent care | | |
| 38. Child Support | | 49. Life Insurance | $24.00 | $24.00 |
| 39. Alimony | | 50. Secured or legally-perfected debts (specify) | | |
| 40. Other - | | 51. Other - Legal fees | $1,500.00 | 0 |
| | | Accounting | $300.00 | $150.00 |
| | | DOR | $650.00 | $650.00 |
| 41. Total Income | $7,517.00 | 52. Total Expenses | $7,787.00 | $6,912.00 |
| | | (Line 41 minus Line 52) NET DIFFERENCE | | $ 605.00 |

53. Net difference times (a,b or c) = Amount that could be paid from future income:

| Net difference = $ 605.00 | Months 60 | Amount that could be paid = $36,300.00 |
|---|---|---|

a) If taxpayer is making a cash offer (offering to pay in 90 days or less) multiply the amount in line 53 times 48 or the number of months remaining in the statute.
b) If the taxpayer is making a short term deferred payment offer (offering to pay within 2 years) multiply the amount in line 53 times 60 months or times the number of months remaining in the statute, whichever is shorter.
c) If the taxpayer is making a deferred payment offer (offering to pay over the life of the statute), use the Deferred Payment Chart to determine the number of months. The total offer must equal the sum of the equity in assets and the amount that could be paid from future income unless special circumstance considerations have been approved.
NOTES:
Line 42 National Standard expenses: Maximum allowable by IRS National Expense Standard for food, housekeeping supplies, apparel and services, and personal care products, based upon gross monthly income and number of persons in the household.
Line 43 Housing & Utilities expenses: Housing and utility expenses are limited to standards established for the county of residence and the number of household members.
Line 44 Transportation expenses: Transportation expenses are limited to the standards established for zero, one or two vehicles, and to a maximum allowable amount for lease or purchase of one or two vehicles.

Notes: The taxpayer's income is as he listed on his Collection Information Statement, Form 433-A dated 8/5/2002.
  42. The taxpayer has been allowed the national standard expense for one with a monthly income of $7,517.00.
  43. The taxpayer has been allowed his claimed expense for housing and utilities.
  44. The taxpayer has been allowed his claimed expense for transportation.
  45. The taxpayer has been allowed his claimed expense for health care.
  46. The taxpayer has been allowed 28% of his claimed income for current taxes.
  47. The taxpayer has been allowed $400/week in alimony expenses as it has been verified.
  49. The taxpayer has been allowed his claimed expense for life insurance as it is reasonable.
  51. The taxpayer's expense for Legal Fees relative to his divorce are not senior to the unpaid taxes and are not allowed to be paid ahead of the tax liability.
     The taxpayer has been allowed a reasonable expense for Accounting fees relative to his representation for the Offer in Compromise.
     The taxpayer has verified this expense to the Massachusetts Dept. of Revenue. This expense, however, will be full paid within 30-36 months.