**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MARLENE JOHANSEN,<br>    Plaintiff,<br>    Counterclaim Defendant<br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant,<br>    Counterclaim Plaintiff<br>v.<br><br>NATIONAL CITY MORTGAGE CO.,<br>And TIMOTHY BURKE,<br>    Counterclaim Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 04-11789-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO INTERVENE AS A PLAINTIFF BY RALPH JOHANSEN**

**REQUEST FOR ORAL ARGUMENT**

Applicant for Intervention, Ralph Johansen ("Mr. Johansen"), hereby moves this Honorable Court, pursuant to Federal Rules of Civil Procedure Rule 24(a) and Local Rules of the Federal District Court for the District of Massachusetts Rule 7.1, for an order permitting him to intervene in the above-captioned action as a Plaintiff and to plead the attached claim. Mr. Johansen requests an oral argument to assist the Court in making a determination on this motion. In support of the instant Motion, the Applicant for Intervention has attached a supporting memorandum and states as follows:

1.  This case concerns collection of Mr. Johansen's
    tax liability.   He is the former husband of
    plaintiff Marlene Johansen ("Ms. Johansen") and
    the former owner of the subject real estate to
    which the United States contends its lien has
    attached.

2.  Mr. Johansen should be allowed to intervene in
    this case because he is ultimately the only
    person responsible for his tax liability, the
    collection of which is what is really at issue in
    this case.   The determination sought in this case
    will directly impact the collection of Mr.
    Johansen's tax liability.   The United States has
    rejected Mr. Johansen's offer in compromise based
    on the assertion that its lien attached to the
    subject property (See copy of letter dated from
    the IRS June 15, 2004, page 3, remark #4,
    attached hereto as Exhibit 1).

3.  Mr. Johansen should also be allowed to intervene
    because the determination in this case will
    directly affect an order of the Massachusetts
    Probate and Family Court in Mr. Johansen's

2

divorce proceeding from Ms. Johansen. That Court ordered Mr. Johansen to be solely responsible for his tax liability and to hold Ms. Johansen harmless. (See copy of Modification judgment dated December 24, 2001 from the Honorable Beverly Weinger Boorstein attached hereto as Exhibit 2). Ms. Johansen has already filed a complaint for civil contempt against Mr. Johansen in that Court for his alleged failure to defend her from claims asserted against her by the IRS. (See complaint for civil contempt attached hereto as Exhibit 3).

4.  All other current parties are either adverse to Mr. Johansen or are not ultimately responsible for payment of the tax at issue in this case.

5.  Further support for the instant motion is found in the attached Memorandum in Support of Ralph Johansen's Motion to Intervene as a Plaintiff.

6.  Mr. Johansen has attached a Complaint in Intervention that he requests be filed if the instant motion is allowed.

3

WHEREFORE, Applicant for Intervention, Ralph Johansen requests that this Honorable Court enter an order allowing him to intervene in this action as a Plaintiff and to file the attached claim, and any other relief deemed appropriate by this Honorable Court.

Applicant for Intervention,
Ralph Johansen,
By his Attorney,


D. Sean McMahon, Esq.
BBO# 567542
Law Office of Meilman &
Costa, P.C.
70 Wells Ave., Suite 200
Newton, MA   02459
Phone: (617) 969-9500
Fax: (617) 969-0030

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Counsel for Applicant for Intervention Ralph Johansen hereby certifies that on December 8, 2004 he conferred by telephone with counsel for the United States, Stephen J. Turanchik, and counsel for Marlene Johansen, Timothy J. Burke. Attorney Burke stated he did not oppose the motion. However, no agreement can be reached with the United States and the issue in dispute could not be resolved or narrowed.

On December 9, 2004, counsel for Applicant for Intervention Ralph Johansen telephoned National City Mortgage Co. and requested to speak with a representative familiar with this case or to have such a representative return the call. No such person was identified during the call and no person returned the call as of December 13, 2004.

_____
D. Sean McMahon, Esq.

### CERTIFICATE OF SERVICE

I, D. Sean McMahon, Esq. hereby certify that on December 13, 2004 I served a copy of the foregoing document upon Timothy J. Burke, Counsel for Marlene Johansen; Stephen J. Turanchik, Esq., Counsel for the United States of America; and National City Mortgage Co. by first class mail addressed to the following:

| | |
|---|---|
| Timothy J. Burke, Esq.<br>Burke & Associates<br>400 Washington Street,<br>Suite 303<br>Braintree, MA  02184 | Stephen J. Turanchik, Esq.<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 55<br>Ben Franklin Station<br>Washington, DC  20044 |
| National City Mortgage Co.<br>3232 Newmark Drive<br>Miamisburg, OH  45342 | |

_____
D. Sean McMahon, Esq.

Department of the Treasury

Date of this Letter:

JUN 1 5 2004

Internal Revenue Service
Offer In Compromise, Group 39
JFK Building, Stop 21175
P.O. Box 9112
Boston, MA 02203

Person to Contact:
KELLY DIAZ
Employee #: 04-04138
Phone#: (781)835-4207

Taxpayer ID#: ████████████
Offer Number: 1000127048

RALPH E. JOHANSEN
P.O. BOX 24
BOSTON, MA 02117-0024

Dear Mr. Johansen,

We have investigated your offer dated 03/07/2003 in the amount of $48,750.00. A copy of your offer is enclosed.

We are rejecting the offer for the following reason(s):

The amount offered is less than your reasonable collection potential. Copies of worksheets showing our calculations are enclosed for your review.

If you agree to increase your offer to $132,000.00, we will recommend acceptance. That recommendation is subject to additional review and approval. You will be notified in writing if the amended offer is accepted. If you wish us to consider your amended offer, sign, date and return the enclosed amended Form 656.

The above amount is subject to the submission of updated financial information and additional review. This amount may increase as the financial information warrants.

If you disagree with our findings, please provide any additional information in writing to support your position within 30 days of the date of this letter. If you also want your case considered by the Office of Appeals, you must include a written statement in your response asking that your case be sent to the Office of Appeals after our reconsideration. If you do not send this written statement within 30 days of the date of this letter you will not receive consideration by the Office of Appeals.

Include any additional information that you want Appeals to consider. You may still appeal without additional information, but including it will help us to process your request promptly. You should send a letter requesting Appeals consideration. Your written protest must include the following information:

  1. Your name,address,social security number (if applicable, Employer identification number) and daytime telephone

continued on next page

number;

2. A statement that you want to appeal the IRS findings to the Appeals Office;

3. A copy of this letter;

4. The tax periods or years involved;

5. A list of the specific items you don't agree with and a statement of why you don't agree with each item;

6. The facts supporting your position on any issue that you don't agree with;

7. Any law or other authority, if any, on which you are relying;

8. You must sign the letter, stating that it is true, under penalties of perjury as follows:

   "Under penalties of perjury, I declare that I have examined the facts stated in this protest, including any accompanying documents, and to the best of my knowledge and belief, they are true, correct, and complete."

If your representative prepares and signs the protest for you, he or she may substitute a declaration stating:

1. That he or she submitted the protest and accompanying documents, and

2. Whether he or she knows personally that the facts stated in the protest and accompanying documents are true and correct.

You may represent yourself at your appeals conference or you may be represented by an attorney, certified public accountant, or an individual enrolled to practice before the IRS. Your representative must be qualified to practice before the IRS. If your representative appears without you, he or she must file a power of attorney or tax information authorization with the IRS before receiving or inspecting confidential information. You may use Form 2848, Power of Attorney and Declaration of Representative, or any other properly written power of attorney or authorization for this purpose. Copies of these forms are available from any IRS office, or by calling 1-800-TAX-FORM (1-800-829-3676). You may also bring another person(s) with you to support your position.

If you don't send your written response within 30 days from the date of this letter, our file on this offer will be closed. The date of this letter will be the legal rejection date of your offer.

continued on next page

Date: October 30, 2003

TAXPAYER'S NAME: Ralph E Johansen                    EIN/TIN: ▓▓▓▓▓▓▓

| ASSET/EQUITY TABLE (AET) (Rev. 10-2002) | | | | | |
|---|---|---|---|---|---|
| ASSETS | Fair Market Value | Quick Sale Reduction Percentage | Quick Sale Value | Encumbrances or Exemptions | Net Realizable Equity |
| Cash/Bank Accounts | $3,837.00 | | | | $3,837.00 |
| Offer Deposit | | | | | |
| Loan Value Life Insurance | $2,989.00 | | | | $2,989.00 |
| Pensions / IRA/401(k) | $5,933.00 | | | $2,373.00 | $3,560.00 |
| Real Estate | $375,000.00 | 20 | $300,000.00 | $217,500.00 | $82,500.00 |
| Furniture/Personal Effects | | | | | |
| Vehicles | $15,000.00 | 20 | $12,000.00 | $10,000.00 | $2,000.00 |
| Accounts Receivable | | | | | |
| Tools and/or Equipment | | | | | |
| Other - | | | | | |
| | | | | | |
| Future Income Value (see Income and Expense Table (IET) attached) | | | | | $36,300.00 |
| **TOTAL MINIMUM VALUE** | | | | | $131,186.00 |

Item 6   IRC 6334(a)(2) allows an exemption of $6,890 for fuel, provisions, furniture and personal effects.
Item 9   IRC 6334(a)(3) allows an exemption of $3,440 for tools of the trade.

REMARKS:

1. Cash in bank accounts is a six-month average ending balance at Sovereign Bank.
2. The taxpayer has a life insurance policy at John Hancock with a value of $2,989.00.
3. The taxpayer has an IRA with John Hancock with a value of $5,933.00. Allowed a 40% fee for early withdrawal and taxes, leaves a value of $3,560.00.
4. The taxpayer previously owned the real estate at 71 Pleasant Street, Stoneham with his wife. As part of his Divorce Agreement, however, he transferred his share of the property to her. The original agreement was to sell the real estate, payoff the taxes, and split the remaining proceeds 50/50. The former Mrs. Johansen, however, refused to allow anyone to show the property or market it. Finally, the taxpayer agreed to modify the divorce agreement to transfer his title to the real estate to her.   According to a "Memorandum re: Ralph Johansen", Mrs. Johansen knew that the taxes were owed, and the court ordered the real estate to be sold. As the assessment dates predate the divorce order, as Mrs. Johansen knew about the tax liabilities, and as she was not a valid purchaser, the lien attaches to the real estate, and the Internal Revenue Service is entitled to the taxpayer's equity. The FMV is $375,000.00 and QSV of 80% is $300,000.00. As there is an outstanding mortgage of $135,000.00 and Marlene is entitled to her 50% interest, the taxpayer's interest is $82,500.00.
5. The taxpayer has a 2000 Dodge Caravan with a FMV of $15,000.00. The QSV is $12,000.00 and outstanding loan amount is $10,000.00, leaving $2,000.00 in equity.
6. The taxpayer has the ability to pay $605.00 per month. Over 60 months the value of this asset is $36,300.00. See the attached IET.

TAXPAYER: Ralph E Johansen    TIN/EIN:▮▮▮▮▮▮▮  Date: February 20, 2003

## INCOME/EXPENSE TABLE (IET)
### (Rev. 1-2001)

The Internal Revenue Service uses established National and Local standards for necessary living expenses when considering Offers in Compromise. Only necessary living expenses will be allowed. Other expenses, such as charitable contributions, education, credit cards, and voluntary retirement allotments are generally not considered as necessary living expenses.

| Total Income | | Necessary Living Expenses | | |
|---|---|---|---|---|
| Source | Gross | | Claimed | Allowed |
| 31. Wages/Salaries (T/P) | $7,517.00 | 42. National Standard Expenses | $977.00 | $1,016.00 |
| 32. Wages/Salaries (Spouse) | | 43. Housing and Utilities | $800.00 | $800.00 |
| 33. Interest | | 44. Transportation | $225.00 | $225.00 |
| 34. Net Business Income (from Form 433-B) | | 45. Health care | $209.00 | $209.00 |
| 35. Rental Income | | 46. Taxes | $1,502.00 | $2,105.00 |
| 36. Pension (Taxpayer) | | 47. Court ordered payments | $1,600.00 | $1,733.00 |
| 37. Pension (Spouse) | | 48. Child/dependent care | | |
| 38. Child Support | | 49. Life Insurance | $24.00 | $24.00 |
| 39. Alimony | | 50. Secured or legally-perfected debts (specify) | | |
| 40. Other - | | 51. Other - Legal fees | $1,500.00 | 0 |
| | | Accounting | $300.00 | $150.00 |
| | | DOR | $650.00 | $650.00 |
| 41. Total Income | $7,517.00 | 52. Total Expenses | $7,787.00 | $6,912.00 |
| | | (Line 41 minus Line 52) NET DIFFERENCE | | $ 605.00 |

| 53.    Net difference times (a,b or c) = Amount that could be paid from future income: | | |
|---|---|---|
| Net difference = $ 605.00 | Months 60 | Amount that could be paid = $36,300.00 |

a) If taxpayer is making a cash offer (offering to pay in 90 days or less) multiply the amount in line 53 times 48 or the number of months remaining in the statute.
b) If the taxpayer is making a short term deferred payment offer (offering to pay within 2 years) multiply the amount in line 53 times 60 months or times the number of months remaining in the statute, whichever is shorter.
c) If the taxpayer is making a deferred payment offer (offering to pay over the life of the statute), use the Deferred Payment Chart to determine the number of months. The total offer must equal the sum of the equity in assets and the amount that could be paid from future income unless special circumstance considerations have been approved.
NOTES:
Line 42 National Standard expenses: Maximum allowable by IRS National Expense Standard for food, housekeeping supplies, apparel and services, and personal care products, based upon gross monthly income and number of persons in the household.
Line 43 Housing & Utilities expenses: Housing and utility expenses are limited to standards established for the county of residence and the number of household members.
Line 44 Transportation expenses: Transportation expenses are limited to the standards established for zero, one or two vehicles, and to a maximum allowable amount for lease or purchase of one or two vehicles.

Notes: The taxpayer's income is as he listed on his Collection Information Statement, Form 433-A dated 8/5/2002.
   42.   The taxpayer has been allowed the national standard expense for one with a monthly income of $7,517.00.
   43.   The taxpayer has been allowed his claimed expense for housing and utilities.
   44.   The taxpayer has been allowed his claimed expense for transportation.
   45.   The taxpayer has been allowed his claimed expense for health care.
   46.   The taxpayer has been allowed 28% of his claimed income for current taxes.
   47.   The taxpayer has been allowed $400/week in alimony expenses as it has been verified.
   49.   The taxpayer has been allowed his claimed expense for life insurance as it is reasonable.
   51.   The taxpayer's expense for Legal Fees relative to his divorce are not senior to the unpaid taxes and are not allowed to be paid ahead of the tax liability.
      The taxpayer has been allowed a reasonable expense for Accounting fees relative to his representation for the Offer in Compromise.
      The taxpayer has verified this expense to the Massachusetts Dept. of Revenue.  This expense, however, will be full paid within 30-36 months.



# COMMONWEALTH OF MASSACHUSETTS

Middlesex,ss.

PROBATE COURT

NO. 98D4536-DV1

Marlene Johansen _____, Plaintiff

v.

Ralph Johansen _____, Defendant

## MODIFICATION JUDGMENT

This action came on hearing before the Court, __at Cambridge_____

_____Beverly Weinger Boorstein_____, J. presiding, and the issues having been

heard and findings having been duly rendered,

It is Ordered and Adjudged:

The Judgment of Divorce Nisi dated March 21, 2001 be so modified in accordance
with the terms of an Agreement dated December 24, 2001 filed, incorporated and
not merged in this Judgment but nevertheless shall survive and have
independent legal significance, except for alimony issues which shall
merge. The parties are ordered to comply with the terms thereof. In all
other respects the Judgment dated March 21, 2001 remains in full force
and effect.

DEC 2 4 2001

_____
Date

_____
Judge of Probate Court

# COMMONWEALTH OF MASSACHUSETTS

THE TRIAL COURT
PROBATE & FAMILY COURT

7.

MIDDLESEX ss                                    DOCKET NO. 98D-4536-DV1.

_____ Marlene Johansen _____ PLAINTIFF

vs                                               STIPULATION/AGREEMENT
                                                      OF PARTIES

_____ Ralph Johansen _____ DEFENDANT

IT IS HEREBY AGREED/~~STIPULATED~~ THAT THE FOLLOWING SHALL BE MADE ~~AN ORDER~~ OF

JUDGEMENT OF THIS COURT_____

1. Marlene Johansen forthwith shall withdraw or request dismissal of her appeal of the Judgment Nisi of Divorce, Appeals Court No. 01-3-294, No 98D-4536-DV1 in Middlesex Probate & Family Court. Neither party shall file any further appeals as to any aspect of the divorce judgment or this Agreement for Judgment dated December 24, 2001.

2. Ralph Johansen shall forthwith execute a quitclaim deed transferring all of his interest in the former marital home located in Stoneham to the Wife. W's attorney shall hold the deed in escrow pending notification from the appellate court that the appeal is dismissed, at which time she shall immediately turn over the deed to Marlene Johansen's attorney. She continues to be responsible for all expenses of the property, except the equity line.

3. Ralph Johansen shall forthwith ensure that said equity line is paid in full.

4. Commencing forthwith * Ralph Johansen shall commence paying Marlene Johansen the sum of $400.00 per week as alimony. This sum is not deductible by him on their tax returns, payable until the death of either parties of the death of

PLAINTIFF _____

PLAINTIFF'S ATTORNEY _____

DATE  December 24 2001

DEFENDANT _____

DEFENDANT'S ATTORNEY  Phyllis Kolman

DATE  December 24 2001

* Payment due Friday 12/28/01  x7

7

(Continued from the other side)

either party or remarriage of Marlene Johnson.

5. Marlene Johnson hereby waives her claim to any portion of the husband's retirement, including any claim to all income Ralph Johnson shall derive therefrom in future and/or accrued post-divorce,

6. Ralph Johnson shall be solely responsible for payment of taxes, interest and penalties to the IRS and/or DOR due as a result of his non-filing of tax returns for the years set forth in the divorce judgment, paragraph 2 and he shall hold harmless Marlene Johnson for any liability, as a result of said returns.

7. This agreement supersedes paragraphs 1 and 2, deletes paragraphs 3, 4, 5, 6, and 7 and further eliminates paragraph 8 and 9 since the marital home is being transferred to the Marlene Johnson and Ralph Johnson retains all benefits relative to his retirement. Paragraph 20 of the Judgment Nisi is also deleted by this Agreement.

8. Except as set forth herein, the parties reaffirm the Judgment Nisi of Divorce, dated March 21, 2001.

9. This Agreement shall be entered for Judgment on Marlene Johnson's Complaint for Contempt but Ralph Johnson shall not be adjudged in contempt.

10. Each party shall be solely responsible for his and her attorney's fees and neither shall seek payment from the other for said fees.

(margin, right side:) value in both segments (RPP & QPO) or any other future pension designation all of which has been disclosed

PLAINTIFF

_____

PLAINTIFF'S ATTORNEY

December 14, 2001
DATE

DEFENDANT

Phyllis C. Fine
DEFENDANT'S ATTORNEY

F
WITNESS

# Commonwealth of Massachusetts
## The Trial Court

MIDDLESEX ___ Division          Probate and Family Court Department          Docket No. __ 98D-4536-DV1

Complaint for          ☒ Civil          Contempt
                       ☐ Criminal

**FILE**

_____ MARLENE JOHANSEN _____ , Plaintiff

v.

_____ RALPH JOHANSON _____ , Defendant

1) Plaintiff, who resides at _____ 71 Pleasant Street, Stoneham, Middlesex County, MA 02180,

   __was__ the spouse of defendant who now resides at _____ 113 Saint Botoloph Street,

   Boston, Suffolk County, MA 02115.

2) By __Judgment__ of the Court dated _____ December 24, 2001 _____ defendant was ordered:
   - ☐ to pay _____ in the sum of _____
     forthwith and the further sum of _____ weekly thereafter
   - ☐ to grant plaintiff visitation rights with _____

   - ☐ not to impose any restraint on the personal liberty of plaintiff
   - ☐ to pay health insurance premiums for plaintiff and/or minor child(ren)
   - ☐ to pay reasonable medical and dental expenses
   - X  To bear sole responsibility for all the payment of taxes, interest and penalties assessed by the IRS
     and DOR for the tax years 1995–1998 (Federal) and 1993–1998 (State) and to indemnify Plaintiff for any
     liability arising out of these tax years. The Defendant was also ordered to secure a life insurance policy
     naming the Plaintiff as a beneficiary.
   and said Judgment is still in force.

3) Defendant has not obeyed that Judgment and:
   - ☐ is in arrears of Court-ordered support payments
   - ☐ there now remains due and unpaid to plaintiff the sum of _____ $0.00 _____ plus such further
     amounts as may accrue until the date of hearing
   - ☐ Plaintiff has been denied visitation rights on _____
   - ☒ has violated the Judgment _____ Continually
   by __Failing to resolve/pay the tax liability for said year. In addition, the Defendant has failed to indemnify__
   and defend _plaintiff_ from claims asserted against her by the IRS and DOR.
   In addition, the Defendant has failed to secure the required life insurance policy naming the Plaintiff as
   beneficiary.

4) Wherefore, plaintiff requests that defendant be required to appear before this Honorable Court to show cause
   why said defendant should not be adjudged in contempt of Court and for such other relief as said Court may
   deem just.

Date: _____ August 26, 2004          Name: _____

                                       MARLENE JOHANSEN
                                       PRINT NAME

                                       Address:  71 Pleasant Street

                                                 Stoneham, MA 02180

                                       Tel. No.  None

CJ-D 103 (8/96)                                                          PSC (800) 51-TURBO – c.g.f.