UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARLENE JOHANSEN,  )
    Plaintiff,  )
    Counterclaim Defendant  )
v.  )
  )
UNITED STATES OF AMERICA,  )
    Defendant,  )  Case No. 04-11789-RCL
    Counterclaim Plaintiff  )
v.  )
  )
NATIONAL CITY MORTGAGE CO.,  )
And TIMOTHY BURKE,  )
    Counterclaim Defendants  )
  )

**MEMORANDUM IN SUPPORT OF RALPH JOHANSEN'S MOTION TO INTERVENE AS A PLAINTIFF**

Applicant for Intervention, Ralph Johansen, hereby submits this memorandum in support of his motion to intervene as a plaintiff pursuant to the Local Rules of the Federal District Court for the District of Massachusetts Rule 7.1 and states as follows:

**I.   Procedural History and Facts**

Applicant for Intervention, Ralph Johansen ("Mr. Johansen"), is the former husband of Plaintiff Marlene Johansen ("Ms. Johansen"). Ms. Johansen filed this action to quiet title concerning a federal tax lien the United

States claims attached to real estate she owns located at 71 Pleasant Street, Stoneham, Massachusetts ("the property"). The United States has asserted the lien to collect Mr. Johansen's tax liability. The dispute in this case is whether the federal tax lien attached to the property.

Mr. Johansen transferred his interest in the property to Ms. Johansen pursuant to an order of the Massachusetts Probate and Family Court. That order also required Mr. Johansen to be solely responsible for his tax liability. That Court's order and the property transfer were part of the divorce proceeding between the Johansens.

Prior to the commencement of this action, Mr. Johansen attempted to resolve his federal income tax liability through the offer in compromise program of the Internal Revenue Service ("the Service"). The Service rejected Mr. Johansen's offer in compromise based on the assertion that the tax lien at issue in this case attached to the property. Mr. Johansen is seeking to intervene in this action because the resolution of this case will affect his interest and rights concerning the resolution of his tax liability, his responsibilities imposed by Court order in his divorce proceeding, and because his interests are not adequately represented by the current parties in this case.

2

## II. Law and Argument

Pursuant to F.R.C.P. 24(a), in absence of statutory authority granting a right to intervene, an applicant has the right to intervene if the three following conditions are met:

    a.    The applicant has an interest in the subject matter of the litigation;

    b.    Absent intervention, the applicant's interest will be impaired or impeded; and

    c.    The existing parties to the action inadequately represent the applicant's interest.

F.R.C.P. Rule 24(a). Courts have generally construed Rule 24 liberally and resolved doubts in favor of the proposed intervener. <u>Stupak-Thrall v. Glickman</u>, 226 F.3d 467, 472 (6th Cir. 2000); <u>United States v. Union Elec. Co.</u>, 64 F.3d 1152, 1158 (8th Cir. 1995); See also MOORE'S FEDERAL PRACTICE § 24.03 (3d ed. 1999).

It cannot be disputed that Mr. Johansen satisfies the first requirement for intervention because he clearly has a direct interest in the subject matter of the litigation for several reasons. The determination sought by Ms. Johansen and the United States will have a direct effect on Mr.

3

Johansen's tax liability and his obligations under the Massachusetts Probate and Family Court's order in his divorce proceeding. Concerning Mr. Johansen's tax liability, his offer in compromise was rejected by the United States, through the Internal Revenue Service, because it maintained it has an interest in the property. (See copy of letter dated June 15, 2004, page 3, remark #4, attached as Exhibit 1 to the motion).

Concerning Mr. Johansen's divorce proceeding, Mr. Johansen is subject to an order from the Massachusetts Probate and Family Court to be solely responsible for his tax liability and to hold plaintiff Marlene Johansen harmless. (See copy of Modification Judgment dated December 24, 2001 from the Honorable Beverly Weinger Boorstein attached as Exhibit 2 to the motion). On August 26, 2004, Ms. Johansen filed a complaint for civil contempt against Mr. Johansen for his failure to defend her from claims asserted against her by the IRS. (See Complaint for Civil Contempt, attached as Exhibit 3 to the motion).

Mr. Johansen satisfies the second requirement for intervention because absent intervention, his interest may be impaired or impeded. Possible harm to a property interest has been held to satisfy this requirement. See NL Indus., Inc. v. Secretary of the Interior, 777 F.2d 433,

4

440 (9th Cir. 1985). Mr. Johansen faces possible harm to his property interests because an adverse determination in this case would mean the United States would collect his tax liability from an asset he transferred for consideration in his divorce proceeding based on the understanding that a tax lien did not attach to the property. This would impair or impede Mr. Johansen's interests in two ways. First, a determination that the lien attached to the property could result in Mr. Johansen's being held in contempt of the Massachusetts Probate and Family Court order. That Court ordered Mr. Johansen to pay his federal income tax liability. (See Exhibit 2 to the motion). The United States is seeking to collect Mr. Johansen's tax liability from property that now belongs to Ms. Johansen. A determination that the lien attached to the property could provide support for Ms. Johansen's complaint for civil contempt against Mr. Johansen for violation of that order. (See Exhibit 3 to motion). Second, the determination of the validity of the lien will also determine if Mr. Johansen is able to qualify for the Internal Revenue Service's offer in compromise program to satisfy his tax liability. (See Exhibit 1 attached to the motion).

Mr. Johansen also satisfies the third requirement for intervention because his interests are not adequately represented by the current parties to this case. To satisfy this requirement, Mr. Johansen need only show that the representation of his interest by another party "may be" inadequate and that his burden on this matter is "minimal." Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n.10 (1972). The United States' position is directly adverse to Mr. Johansen. National City Mortgage Co. cannot be said to adequately represent Mr. Johansen because it has not made an appearance or responded to the undersigned counsel's attempts to contact it. If the counterclaim of the United States is determined to be proper and Timothy Burke becomes or remains a party to this case, he has no interest in the resolution of Mr. Johansen's tax liability and, therefore, would not adequately represent Mr. Johansen.

That leaves only Ms. Johansen, and she does not adequately represent Mr. Johansen's interests for three reasons. First, Ms. Johansen may have a remedy for an adverse decision in this case against Mr. Johansen. Ms. Johansen has filed a complaint for civil contempt against Mr. Johansen directly resulting from the dispute in the instant case. (See Exhibit 3 to the motion). Ms. Johansen

6

may seek indemnity from Mr. Johansen in the Massachusetts Probate and Family Court if this Court ultimately determines the lien attached to the property. Therefore, Ms. Johansen may not conduct this litigation in the same manner as Mr. Johansen.

Second, Mr. Johansen's interests are directly adverse to Ms. Johansen in the Massachusetts Probate and Family Court action. A finding for the United States in this case could mean that Mr. Johansen is in violation of the Massachusetts Probate Court order requiring him to be solely responsible for paying his federal income tax liability. (See Exhibits 2 and 3 attached to the motion). Ms. Johansen may use that order to request that Mr. Johansen reimburse her for legal fees incurred in the instant action. This is a second reason why she may not conduct the instant litigation as Mr. Johansen would.

Third, Ms. Johansen is not concerned the satisfaction of Mr. Johansen's overall federal tax liability and his offer in compromise. Ms. Johansen is only interested in establishing that the subject property is not available to satisfy Mr. Johansen's liability. However, Mr. Johansen is concerned with the effect the resolution of this case will have on his offer in compromise, which will resolve all of Mr. Johansen's liabilities. (See Exhibit 1 to the motion).

7

### III. Conclusion

Mr. Johansen should be allowed to intervene in this case because he is ultimately responsible for his tax liability. The determination sought in this case will directly impact the collection of Mr. Johansen's tax liability and his obligations in his divorce proceeding. Because Ms. Johansen has a remedy in the Massachusetts Probate and Family Court against Mr. Johansen if she is unsuccessful in this action, she does not adequately represent Mr. Johansen's interests. Mr. Johansen has real interests at stake that may be impaired and are not adequately represented.

Applicant for Intervention,
Ralph Johansen,
By his Attorney,

D. Sean McMahon, Esq.
BBO# 567542
Law Office of Meilman & Costa, P.C.
70 Wells Ave., Suite 200
Newton, MA 02459
Phone: (617) 969-9500
Fax: (617) 969-0030

**CERTIFICATE OF SERVICE**

I, D. Sean McMahon, Esq. hereby certify that on December 13, 2004 I served a copy of the foregoing document upon Timothy J. Burke, Counsel for Marlene Johansen; Stephen J. Turanchik, Esq., Counsel for the United States of America; and National City Mortgage Co. by first class mail addressed to the following:

    Timothy J. Burke, Esq.
    Burke & Associates
    400 Washington Street, Suite 303
    Braintree, MA  02184

    Stephen J. Turanchik, Esq.
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Ben Franklin Station
    Washington, DC  20044

    National City Mortgage Co.
    3232 Newmark Drive
    Miamisburg, OH  45342

_____
D. Sean McMahon, Esq.