```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
_____
                              )
MARLENE JOHANSEN,             )
                              )
     Plaintiff,               )
     Counterclaim Defendant,  )
                              )    Case No. 04-11789-RCL
v.                            )
                              )
UNITED STATES OF AMERICA,     )
                              )
     Defendant,               )
     Counterclaim Plaintiff,  )
                              )
v.                            )
                              )
NATIONAL CITY MORTGAGE CO.,   )
and TIMOTHY BURKE,            )
                              )
     Counterclaim Defendants. )
_____)
```

## UNITED STATES' OPPOSITION TO RALPH JOHANSEN'S PETITION IN INTERVENTION

The United States of America, through undersigned counsel, opposes Ralph Johansen's Petition in Intervention. The grounds for this motion are that Ralph Johansen's interest is already adequately protected by Marlene Johansen and because the United States has not waived its sovereign immunity to the proposed Complaint in Intervention.

Background

The Plaintiff, Marlene Johansen, filed this action on August 17, 2004, seeking to quiet title to real property located at 71 Pleasant Street, Stoneham, Massachusetts.  On October 18, 2004, the United States filed an Answer and Counterclaim.  In that pleading, the United States answered the Complaint by asserting that its liens against Ralph Johansen, Marlene Johansen's former husband attached to the subject property and counterclaimed seeking to foreclose its federal tax liens.

On December 17, 2004, Ralph Johansen filed a Petition in Intervention, and enclosed a Complaint in Intervention in the event that his Petition is granted.  Ralph Johansen seeks to intervene because the United States intends to collect his tax liabilities in this proceeding.  As a part of his divorce proceedings, Mr. Johansen is required to indemnify Mrs. Johansen in the event that she is required to pay any of his tax liabilities.

Mr. Johansen contends that his ex-wife, Marlene Johansen, holds the subject property free and clear of any federal tax liens.  He also contends that the current proceeding to foreclose had an effect on a previous Offer in Compromise with the Internal Revenue Service.

The United States now opposes Ralph Johansen's Petition to Intervene.

Argument

I.  RALPH JOHANSEN IS NOT ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Intervention can be made as either a matter of right under Fed.R.Civ.P. 24(a) or by the discretion of the Court under Fed.R.Civ.P. 24(b). Under Rule 24(a)(1) of the Federal Rules of Civil Procedure, a person may intervene when a federal statute confers an unconditional right to intervene. Ralph Johansen makes no reference to a federal statute setting forth intervention as a matter of right. Under Rule 24(a)(2) an applicant can intervene as a matter of right if the following are met:

> (1) the application must be timely;
>
> (2) the applicant must claim an interest relating to the property or transaction which is the subject of the action;
>
> (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede her ability to protect that interest; and
>
> (4) the applicant must show that her interest will not be adequately represented by existing parties. See Moosehead Sanitary District v. S.G. Phillips Corp., 610 F.2d 49, 52 (1st Cir. 1979).

An applicant who fails to meet any one of these requirements cannot intervene as of right under Rule 24(a)(2). See Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989). In this case, intervention is inappropriate because Ralph

Johansen claims no interest in the subject property and because Marlene Johansen adequately protects the other interests that Ralph Johansen claims.

    A.    <u>Ralph Johansen Does Not Have a Sufficient Interest to Intervene in This Action</u>

In order to claim an interest in the litigation, the applicant must have direct, substantial, legally protectible interest that may be impaired by the disposition of the suit. <u>See</u> <u>Flynn v. Hubbard</u>, 782 F.2d 1084 (1st Cir. 1986). Ralph Johansen does not have a direct interest in this case. He claims no interest in real property, but rather asserts that the property belongs to Marlene Johansen free and clear of any lien for his tax liability. A taxpayer can bring an action to quiet title, however, the taxpayer must claim some presently held property interest of its own to bring a 28 U.S.C. §2410 quiet title action. <u>See</u> <u>Shaw v. United States</u>, 331 F.2d 493, 496-98 (9th Cir.1964). In this case, Ralph Johnson claims no interest to the property.

Ralph Johansen also asserts that he has an interest in this action because his tax liabilities are being collected from this property. Section 2410 of Title 28 is the only statute waiving sovereign immunity for a claim with respect to property. Because the taxpayer does not claim an interest in the property, there has been no waiver of sovereign immunity to any suit of the

4

taxpayer. See Shaw v. United States, 331 F.2d 493, 496-98 (9th Cir.1964). Even if 28 U.S.C. §2410 did apply, it is axiomatic that the taxpayer cannot use this case as a vehicle to challenge his underlying tax liabilities. See Progressive Consumers Fed'l Credit Union v. United States, 79 F.3d 1228 (1st Cir. 1996)(quiet title action under 28 U.S.C. §2410 cannot be used by taxpayer to challenge tax assessment). Additionally, the taxpayer has no power to prevent the IRS from collecting his tax liability; his only recourse is to pay the tax in full, and then sue for a refund. See 26 U.S.C. §7421 (Anti-Injunction Act); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7(1962).

   Ralph Johansen asserts that he has an interest in these proceedings because the Internal Revenue Service rejected an Offer in Compromise submitted by Mr. Johansen on the grounds that he had an interest in the subject property. To have an interest that justifies intervention, however, that interest must be directly, not tangentially, related to the subject matter of the lawsuit. See United States v. Metropolitan Dist. Com'n, 147 F.R.D. 1 (D.Mass. 1993); Conservation Law Foundation, Inc. v. Mosbacher, 966 F.2d 39, 41 (1st Cir.1992). While the outcome of this lawsuit will have an effect on the balance due from Ralph Johansen, there is no legal right that this Court can protect for Ralph Johansen. Simply because Ralph Johansen will be affected by this lawsuit does not give him standing to intervene.

Ralph Johansen contends that he is required to be solely responsible his tax liabilities, and to the extent that Marlene Johansen is required to pay his tax liabilities, he must hold her harmless. Assuming that collection of the taxes by virtue of a tax lien that attached to the property before it was transferred to Marlene Johansen constitutes a payment of the taxes by Marlene Johansen, Ralph Johansen is the indemnitor of Marlene Johansen. Indemnitors do not have an interest sufficient to support intervention of right because their interest does not relate the subject of the action. See John R. Sand & Gravel Co. v. United States, 59 Fed.Cl. 645 (Fed.Cl. 2004). Numerous courts have found that a potential intervenor's interest in the amount it will have to pay if one of the parties wins does not constitute an interest in the subject matter of the action. See Travelers Indem. Co. v. Dingwell, 884 F.2d 629 (1st Cir. 1989). Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., 725 F.2d 871, 875 (2d Cir. 1984); see also DSMC, Inc. v. Convera Corp., 273 F.Supp.2d 14, 25-26 (D.D.C.2002)(stating that an interest in a lawsuit based on the potential of indemnification obligations if a party is held liable does not justify intervention of right). The rationale of these decisions is that the indemnitor only has a contingent liability. In the event that the debtor (Marlene Johansen) were to lose in this case, she would then be required to litigate her claim for indemnification

against Ralph Johansen. As a result, Ralph Johansen's status as a possible indemnitor does not provide him with a direct, substantial, legally protectible interest that may be impaired by the disposition of the suit in order to intervene under Rule 24(a)(2).

    B.   <u>Marlene Johansen Adequately Protects the Interests of Ralph Johansen</u>

Even if the Court were to find that Ralph Johansen had a direct substantial and legally protectible interest in this action, Marlene Johansen adequately represents that interest. Both Marlene and Ralph Johansen contend that Marlene owns the subject property free and clear of all federal tax liens. Marlene Johansen seeks a judgment that the United States' assertion of a lien against the subject property is erroneous. (Complaint, p. 4). Ralph Johansen seeks to have this Court determine that the United States has no interest in the subject property. (Complaint in Intervention, p. 8).

An applicant for intervention need only make a minimal showing that the representation afforded by existing parties likely will prove inadequate. See <u>Trbovich v. United Mine Workers</u>, 404 U.S. 528, 538 n. 10 (1972). Nonetheless, the adequacy of interest requirement is more than a paper tiger. See <u>Public Service Co. of New Hampshire v. Patch</u>, 136 F.3d 197, 207 (1st Cir. 1988). A party that seeks to intervene as of right

must produce some tangible basis to support a claim of purported inadequacy. See <u>Moosehead Sanitary Dist. v. S.G. Phillips Corp.</u>, 610 F.2d 49, 54 (1st Cir.1979). When the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance. See <u>United States v. Franklin Parish School Bd.</u>, 47 F.3d 755, 757 (5th Cir 1995). Additionally, the fact that the absentee does not like the lawyer that the representative has chosen does not render the representation of the absentee inadequate. See <u>Stadin v. Union Elec. Co.</u>, 309 F.2d 912, 919 (8th Cir. 1962); Wright & Miller §1909, Fed.Prac & Proc.2d.

In this case, both Ralph Johansen and Marlene Johansen are seeking the same relief: the declaration from this Court that federal tax liens against Ralph Johnansen do not attach to the subject property. As a result, Marlene Johansen, already a party to the action, will prosecute Ralph Johansen's interest in this case. Additionally, Ralph Johansen has not shown any collusion between the United States and Marlene Johansen. Therefore, Ralph Johansen's intervention is both unnecessary and unwarranted.

II. THIS COURT SHOULD NOT PERMIT RALPH JOHANSEN TO INTERVENE BECAUSE THE UNITED STATES HAS NOT WAIVED ITS SOVEREIGN IMMUNITY TO HIS CLAIMS

In order for Ralph Johansen to seek permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure, he must show:

1. an independent ground for subject matter jurisdiction;

2. a timely motion; and

3. a claim or defense that has a question of law or fact in common with the main action.

See Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992).

The first requirement for permissive intervention--an independent basis for jurisdiction--stems not from any explicit language in Rule 24(b), but rather from the basic principle that a court may not adjudicate claims over which it lacks subject matter jurisdiction. See E.E.O.C. v. National Children's Center, Inc., 146 F.3d 1042 (D.C. Cir. 1998). Permissive intervention has always required an independent basis for jurisdiction. See 7C Charles Alan Wright et al., Federal Practice and Procedure § 1917, at 464-70 (2nd ed.1986); 6 Moore's Federal Practice § 24.22 (3rd ed.1998). In this case, the United States has not waived its sovereign immunity for the claims made by the applicant. Ralph Johansen is seeking to quiet title to the subject property, yet he claims no interest in the property.

The United States, as a sovereign, may not be sued without its consent. The terms of its consent to be sued define the federal court's jurisdiction over a case. United States v. Sherwood, 312 U.S. 584, 586 (1941). Any waiver of sovereign immunity must be explicit and strictly construed. Soriano v. United States, 352 U.S. 270, 276 (1957); Spirit Lake Tribe v. North Dakota, 262 F.3d 732, 745 (8th Cir.2001) (sovereign immunity waiver of Quiet Title Act strictly construed). The purpose of section 2410 is to waive the government's sovereign immunity and permit a court of proper jurisdiction to remove an IRS lien from property where the party bringing the quiet title action owns the property or holds a lien on the property. See Progressive Consumers Federal Credit Union v. United States, 79 F.3d 1228, 1233 (1st Cir.1996). A taxpayer can bring an action under § 2410 to challenge the procedural regularity of a tax lien imposed on property, Pollack v. United States, 819 F.2d 144, 145 (6th Cir.1987), but the § 2410 plaintiff must be able to claim some presently held property interest of its own to bring a § 2410 quiet title action. Shaw v. United States, 331 F.2d 493, 496-98 (9th Cir. 1964) (dismissing quiet title action brought by the wife of a taxpayer against whom the IRS had filed a notice of tax lien because wife's complaint asserted no invasion of any property interest of her own and therefore failed to state a claim under § 2410). See

also <u>Bor-Son Bldg. Corp. v. Heller</u>, 572 F.2d 174, 178 (8th Cir.1978) (plaintiff could not seek reinstatement of lien under § 2410 because plaintiff no longer held a valid and subsisting lien upon to foreclose); <u>E.J. Friedman Co., Inc. v. United States</u>, 6 F.3d 1355, 1358 (9th Cir.1993) (absent holding an interest in the property, §2410 does not permit plaintiff to bring an action to quiet title to the property); <u>Raulerson v. United States</u>, 786 F.2d 1090, 1091 (11th Cir.1986) (an action to quiet title under §2410 cannot be brought by a party that has forfeited its rights in the property); <u>Commonwealth Land Title Ins. Co. v. United States</u>, 759 F.Supp. 87, 92-94 (D.Conn.1991) (indicating that a title company did not have a sufficient interest in property it insured to bring a § 2410 action). Standing under §2410 is based on the presumption that the petitioner himself is making a claim of ownership to the property for which title is to be quieted. <u>Matter of Coppola</u>, 810 F.Supp. 429, 432 (E.D.N.Y.1992).

Ralph Johansen alleges he has no property interest in the property subject to the IRS liens. The United States has sovereign immunity, and thus the court has no jurisdiction over proceedings brought by one who claims no interest in the property but nonetheless asserts that an IRS lien should be removed from the property's title. <u>Raulerson</u>, 786 F.2d at 1091.

As a result, there is no independent ground for jurisdiction and Ralph Johansen should not be permitted to intervene under

Rule 24(b).

## Conclusion

Because Ralph Johansen has no direct protectible interest in this action, and because Marlene Johansen adequately represents his interest, Ralph Johansen cannot intervene as a matter of right under Rule 24(a).  Because the United States has not waived its sovereign immunity as to Ralph Johansen's claim, the Court does not have an independent jurisdictional basis for his intervention and Ralph Johansen cannot be permitted to intervene under Rule 24(b).

                        MICHAEL J. SULLIVAN
                        United States Attorney

                        /s/ Stephen J. Turanchik
                        _____
                        STEPHEN J. TURANCHIK
                        Trial Attorney, Tax Division
                        U.S. Department of Justice
                        Post Office Box 55
                        Ben Franklin Station
                        Washington, D.C.  20044
                        Telephone: (202) 307-6565
                        stephen.j.turanchik@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Opposition to Ralph Johansen's Petition to Intervene has been made upon the following by transmitting a copy of by electronic mail and first class mail 17th day of December, 2004:

Timothy J. Burke, Esq.
Burke & Associates
400 Washington Street, Suite 303
Braintree, MA 02184
tim@burkelaw.us

D. Sean McMahon, Esq.
Law Office of Meilman & Costa, P.C.
70 Wells Avenue, Suite 200
Newton, MA 02459


/s/ Stephen J. Turanchik
_____
STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565
stephen.j.turanchik@usdoj.gov