**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**MARLENE JOHANSEN**

**Plaintiff**

**v.**

**UNITED STATES OF AMERICA**

**Defendant**

**Civil Action No. 04-11789-RCL**

**PLAINTIFF'S MOTION TO FILE A REPLY MEMORANDUM**

Now comes Marlene Johansen to move this honorable Court to allow her to file a Reply Memorandum. As reasons therefore the Plaintiff states as follows:

1. That the Defendant in its memorandum opposing the Plaintiff's Motion to Dismiss argued that Massachusetts law which governs the perfection of a judgment for a sum of money (a "money judgment") in a civil matter is relevant to the subject dispute. The Defendant apparently overlooked that a judgment for a specific real property which is entered in a divorce matter is governed by a statute and procedural rules other than those for money judgments. Additionally, the precedents relied upon by the Defendant do not support the proposition that a fraudulent conveyance was a legal possibility in circumstances such as here.

2. That the positions maintained by the Defendant require a response so as to minimize the expenditure of judicial resources in disposing of this matter.

WHEREFORE, the Plaintiff requests that the honorable Court:

1. Allow her to file her Reply Memorandum;
2. Schedule a hearing on this Motion;
3. Award reasonable attorney's fees and costs; and,
4. Grant such further relief as deemed necessary by the Court.

Marlene Johansen
by her attorney

/s/ Timothy J. Burke
Timothy J. Burke
BBO# 543837
400 Washington Street
Braintree, MA 02184
(781) 380-0770

Dated: January 10, 2005

**Plaintiff's Certificate of Compliance with Local Rule 7.1.**

Plaintiff's counsel hereby certifies that he spoke with counsel for the Defendant, Stephen Turanchik, on January 5, 2005. Mr. Turanchik indicated that he had no opposition to the Plaintiff's motion.

/s/ Timothy J. Burke
Timothy J. Burke

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each attorney of record via first class mail, postage prepaid on January 10, 2005 to the following counsel of record:

Stephen Turanchik
Trial Attorney, Tax Division
Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

Michelle Davenport
Harmon Law Offices
150 California Street
Newton, MA 02458

Richard Oetheimer
Godwin Proctor, LLP
Exchange Place
Boston, MA 02109

Sean McMahon
Meilman & Costa
70 Wells Avenue
Suite 200
Newton, MA 02459

/s/ Timothy J. Burke
Timothy J. Burke

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**MARLENE JOHANSEN**

**Plaintiff**

**Civil Action No. 04-11789-RCL**

**v.**

**UNITED STATES OF AMERICA**

**Defendant**

**PLAINTIFF'S REPLY MEMORANDUM**

**I. Summary**

In its brief the Defendant incorrectly argues that the Plaintiff does not qualify as a Judgment Lien Creditor, that there is a legal basis for it to maintain that a fraudulent conveyance occurred and that she is precluded from claiming that she is a purchaser for purposes of Internal Revenue Code Section 6323.

The Defendant's position that the Plaintiff does not qualify as a Judgment Lien Creditor is predicated on a misapplication of Massachusetts law and the relevant section of the Internal Revenue Code.

Further, the precedents relied upon by the Defendant to support its allegation that a fraudulent conveyance occurred are relevant solely to matters where a trial was not held. They do not speak to matters such as the Plaintiff's divorce where a trial was held, a judgment entered, an appeal taken (a partial stay thereafter entered on the judgment) and a settlement entered

into and approved by the Court.

Lastly, the Defendant’s reliance on the holding in United States v. Byrnes, 848 F.Supp. 1096 (D.R.I. 1994) is misplaced as the Court stated that the position maintained by the Defendant was “debatable”. The decision in Byrnes being made on other grounds.

**II. Law and Discussion.**

1. Ms. Johansen is a Judgment Lien Creditor.

In its brief the Defendant states:

> Under Massachusetts law, in order to perfect a judgment lien against real property, the creditor must file an execution with the Registry of Deeds where the real property is located.”

In Massachusetts “[a]n execution is a writ or process from a court for the purpose of carrying into effect a money judgment obtained in a civil action.” Shapiro, Perlin, Connors, Collection Law, Mass Practice Series Vol. 48 Chapter 9, page 340-341, citing Rule 69 of the Massachusetts Rules of Civil Procedure, Geehan v. Trawler Arlington, Inc., 371 Mass. 815, 359 N.E.2d 1276(1977).

As stated in the Plaintiff’s initial memorandum, Massachusetts General Laws chapter 208 Section 34 governs the division of property in a divorce. It states:

> Upon divorce or upon a complaint in an action brought at any time after a divorce... In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other...

Massachusetts General Law chapter 208, §34A states as follows:

> Whenever a judgment for alimony shall be made in a proceeding for divorce directing that a deed, conveyance or release of any real estate or interest therein shall be made such judgment shall create an equitable right to its enforcement, subject to the provisions for recording of notice in section fifteen of chapter one hundred and eighty-four, in the party entitled thereto by the judgment, and if the judgment has not been complied with at the time the judgment of divorce becomes absolute, and is thereafter recorded in the manner provided by section forty-four of chapter one hundred and eighty-three, then the judgment itself shall operate to vest title to the real estate or interest therein in the party entitled thereto by the judgment as fully and completely as if such deed, conveyance or release had been duly executed by the party directed to make it....

In the present matter, there is no dispute that the Amended Judgment was entered on December 24, 2001 and that the deed to the property was executed on January 4, 2002 (the “Deed”). The Plaintiff met the requirements to receive the property established by Massachusetts law.

Also, as discussed in the parties’ memorandums, Internal Revenue Code Section 6323 exempts transfers from the attachment of an existing but unfiled federal tax lien if its requirements are met.

Internal Revenue Regulation 301.6323(h)-1(g) states:

> The term "judgment lien creditor" means a person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for the recovery of specifically designated property or for a certain sum of money. In the case of a judgment for the recovery of a certain sum of money, a judgment lien creditor is a person who has perfected a lien under the judgment on the property involved. A judgment lien is not perfected until the identity of the lienor, the property subject to the lien, and the amount of the lien are established. Accordingly, a

> judgment lien does not include an attachment or garnishment lien until the lien has ripened into judgment, even though under local law the lien of the judgment relates back to an earlier date. If recording or docketing is necessary under local law before a judgment becomes effective against third parties acquiring liens on real property, a judgment lien under such local law is not perfected with respect to real property until the time of such recordation or docketing. If under local law levy or seizure is necessary before a judgment lien becomes effective against third parties acquiring liens on personal property, then a judgment lien under such local law is not perfected until levy or seizure of the personal property involved. The term "judgment" does not include the determination of a quasi-judicial body or of an individual acting in a quasi-judicial capacity such as the action of State taxing authorities.

The Plaintiff meets the first requirement of Regulation 301.6323(h)(1)-(g) as she is “a person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for the recovery of specifically designated property...”

The remaining test which is required to be a Judgment Lien Creditor for a specifically designated property is established in the third last sentence of the regulation. (The other provisions of Regulation 301.6323(h)(1)-(g) speak to judgments for money[1])

---

1 The Defendant argues at length relative to the issue of “choateness”. Each of the precedents relied upon by the Defendant relate to competing money judgments. Should the Court determine that the issue of choateness is relevant to this matter, the Probate Court’s judgment establishes the identity of the lienor, the property subject to the lien, and the amount of the lien. The requirement that the “amount of the lien” strongly supports the contention that this regulatory requirement is specific to money judgments. Should this provision be read expansively, the amount of the lien is determined by the reference to the subject realty. Further, the Defendant’s discussion relating to whether any requirement that the lien be “choate” is without relevance to this matter as the Plaintiff has met the requirements of the Service’s regulations by the filing of the deed prior to the filing of the Notice of Federal Tax Lien. At the time of the filing of the Notice of Federal Tax Lien, there was not a competing lien for which a determination of “choateness” was required.

The third last sentence states "If recording or docketing is necessary under local law before a judgment becomes effective against third parties acquiring liens on real property, a judgment lien under such local law is not perfected with respect to real property until the time of such recordation or docketing."

Massachusetts General Laws Chapter 183 § 4 states:

> A conveyance of an estate in fee simple, fee tail or for life, or a lease for more than seven years from the making thereof, or an assignment of rents or profits from an estate or lease, shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it, or an office copy as provided in section thirteen of chapter thirty-six, or, with respect to such a lease or an assignment of rents or profits, a notice of lease or a notice of assignment of rents or profits, as hereinafter defined, is recorded in then registry of deeds for the county or district in which the land to which it relates lies.

Therefore under Massachusetts General Laws Chapter 183 § 4 a recording of a deed is necessary before "a judgment becomes effective against third parties acquiring liens on real property."[2]

The remainder of the third last sentence requires that a judgment lien (presumably as defined under the regulation) "under such local law is not perfected with respect to real property until the time of such recordation..." Therefore to have a

2 Neither G.L.c. 208 Sections 34 or 34A specifically require such a recording. There are no apparent holdings which exempt a judgment awarding property from G.L.c. 183 § 3. Accordingly, the Plaintiff has made her argument assuming that G.L.c. 183 § 3 must be met to establish priority. The Plaintiff, to the extent allowed by law, maintains the right to argue that no such filing is required.

perfected judgment lien (as defined by the subject regulation) perfection occurs at the time of the filing of a deed.

Here there is no dispute that the Notice of Federal Tax Lien was filed subsequent to the Deed. The Deed is therefore superior in right to any claim of the Defendant.

2. The Defendant Did Not and Cannot Support the Proposition that a Fraudulent Conveyance Occurred.

The Defendant's Memorandum discloses that it is relying on Massachusetts' G.L. c.109A, §6 in alleging that a fraudulent transfer occurred.

G.L.c. 109A, §6 states:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation **and** [Emphasis added] the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Therefore to have a basis in law for its position the Defendant must have a basis for maintaining that the home was not transferred for reasonably equivalent value.

As has been extensively discussed, the conveyance resulted from the Order of the Massachusetts Appeals Court which overturned the Probate Court's ruling that the subject property should be sold to pay Mr. Johansen's outstanding taxes and under a statutory scheme which requires equitable distribution.

The Defendant relies principally on two holdings of the United States Bankruptcy Court.

The first citation relied upon by the Defendant is In Re Pilavis, 233 B.R. 1 (Bankr. D.Mass. 1999).

In Pilavis the Court stated as follows:

> As a result, the first inquiry must be whether the transfer of Debtor's interest in the Medford Property to Defendant was fraudulent because made "without receiving a reasonably equivalent value in change therefor." Mass.Gen.Laws ch. 109A, § 6(a). This is the same test which applies under 11 U.S.C. § 548(a)(1)(B).
>
> Debtor and Defendant assert that the consideration for the transfer was adequate as it arose in the context of their divorce and in termination of marital rights. Plaintiff responds that the divorce, having been granted to non-domicilliaries in the Dominican Republic, is not a true divorce and need not be respected by this Court. Judge Yacos addressed this issue in Harman v. Sorlucco (In re Sorlucco), 68 B.R. 748, 752 (Bankr.D.N.H.1986):
>
>> [T]his case presents the dilemma of trying to apply fraudulent transfer concepts normally applied in commercial settings to the noncommercial context of a divorce proceeding. In the latter context, various subtle and inchoate "property rights" exist between the marital parties but are not clearly defined or actually determined until the event of dissolution of the marriage occurs.
>
> He continued and established the standard whereby the adequacy of consideration would be tested in the domestic relations arena:
>
>> It must be shown that the property-division was the result of arms-length bargaining in the light of the likely range of distribution that the divorce court might order if the matter went to a contested trial. Settlements reached in the shadow of an imminent bankruptcy filing would raise a clear factual question as to the bona fides of such bargaining.68 B.R. at 754.
>
> I join with other courts which have considered the problem in endorsing the analysis used by Judge Yacos. See, e.g., Falk v. Hecker (In re Falk), 88 B.R. 957, 967 (Bankr.D.Minn.1988), affd 98 B.R. 472 (D.Minn.1989); Webster v. Hope (In re Hope), 231 B.R. 403, 414-15 (Bankr. D.D.C.1999). Further, as Judge Eisenberg has noted, "in an intra-family transaction, the court places a heavier burden on the transferee to establish fair consideration for the transfer." Pryor v. Fair (In re Fair), 142 B.R. 628, 631 (Bankr. E.D.N.Y.1992).

> While a property settlement can certainly constitute adequate consideration for purposes of UFTA, Fair, supra, Road Runner Inn., Inc. v. Merrill, 605 P.2d 776, 777 (Utah 1980), there was nothing "armslength" about the transactions here....
>
> I find that the transfer at issue here was a vain and misguided attempt to shelter the Medford Property from Plaintiff and Debtor's other creditors.

The second citation of the Defendant is In Re Williams, 159 B.R. 648 (Bankr.D.R.I. 1993). The holding in Williams, at page 663, adopting the In Re Sorlucco test. The Williams' court therefore limiting its holding to matters where a trial was not held.

For the present matter, the Defendant's position is not advanced by the Sorlucco test as it is limited to those matters where the issue is what "the divorce court might order if the matter went to a contested trial." Here the divorce did go to trial and appeal.

Accordingly, the Defendant can point to no law which supports the proposition that a Court can effectuate a fraudulent conveyance.

3. Ms. Johansen is a Purchaser for the Purposes of IRC §6323.

In its memorandum the Defendant relies, in part, on the holding in United States v. Byrnes, 848 F.Supp. 1096 (D.R.I. 1994) which states as follows:

> Section 6323 defines a purchaser as one who acquires an interest in property "for adequate and full consideration in money or money's worth." 26 U.S.C. section 6323(h)(6). The regulations promulgated pursuant to that section describe "[a]dequate and full consideration" as consideration that bears a "reasonable relationship to the true value of the interest in property acquired." 26 C.F.R. section 301.6323(h)-1(f)(3). The regulations also provide that "[a]

> relinquishment or promised relinquishment of ... marital rights is not a consideration in money or money's worth." 26 C.F.R. section 301.6323(h)-1(a)(3). The validity of the latter provision is, at least, debatable. Like the relinquishment of any other valuable legal right, a waiver of alimony has been recognized as consideration. See, e.g., Law v. United States, 83-1 US Tax Cas. (CCH) paragraph 13514, 51 A.F.T.R.2d (P-H) paragraph 83-1343 (N.D. Cal. 1982). Moreover, there is nothing in the statute indicating that Congress intended to exclude a bona fide waiver of alimony from the definition of consideration or to delegate to the Treasury Department the authority to create such an exclusion.
>
> However, this court need not decide the validity of section 301.6323(h)-1(a)(3)...

Presumably, Ms. Johansen exchanged reasonably equivalent value for her transfer. Accordingly, the issue of whether Ms. Johansen is a purchaser for purposes of IRC § 6323 is a question of law for which there is no controlling precedent. Here, as Ms. Johnansen's receipt of the property came about due to a settlement of not only her marital rights but an appeal of the Probate Court's decision, Ms. Johansen is a purchaser for the purposes of IRC §6323.

III. Conclusion.

The Defendant's Counterclaims cannot stand as a matter of law and are properly dismissed.

Marlene Johansen
by her attorney

/s/ Timothy J. Burke
Timothy J. Burke
BBO# 543837
400 Washington Street
Braintree, MA 02184
(781) 380-0770

Dated: January 10, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each attorney of record via first class mail, postage prepaid on January 10, 2005 to the following counsel of record:

Stephen Turanchik
Trial Attorney, Tax Division
Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

Michelle Davenport
Harmon Law Offices
150 California Street
Newton, MA 02458

Richard Oetheimer
Godwin Proctor, LLP
Exchange Place
Boston, MA 02109

Sean McMahon
Meilman & Costa
70 Wells Avenue
Suite 200
Newton, MA 02459

/s/ Timothy J. Burke
Timothy J. Burke