## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARLENE JOHANSEN,<br>    Plaintiff,<br>    Counterclaim Defendant<br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant,<br>    Counterclaim Plaintiff<br>v.<br><br>NATIONAL CITY MORTGAGE CO.,<br>And TIMOTHY BURKE,<br>    Counterclaim Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 04-11789-RCL |

## REPLY MEMORANDUM IN SUPPORT OF RALPH JOHANSEN'S MOTION TO INTERVENE AS A PLAINTIFF

Applicant for Intervention, Ralph Johansen, hereby submits this reply memorandum in support of his motion to intervene as a plaintiff pursuant this Court's order of December 23, 2004.

To clarify an issue raised in the opposition filed the United States, Ralph Johansen is not seeking to intervene in this action to challenge his underlying tax liabilities. (United States' Opposition to Ralph Johansen's Petition in Intervention, page 5). Rather, Mr. Johansen seeks to intervene in this case to show the transaction at issue in this case was not fraudulent and to show that the federal tax lien is not valid against the subject property because,

as a result of the disputed transaction, Marlene Johansen qualifies as either a purchaser or a judgment lien creditor and therefore defeats the federal tax lien.

## I.  Ralph Johansen is Entitled to Intervene by Right Pursuant to F.R.C.P. Rule 24(a).

Pursuant to F.R.C.P. 24(a), in absence of statutory authority granting a right to intervene, an applicant is allowed to intervene by right if:

1. The applicant has an interest in the subject matter of the litigation;

2. Absent intervention, the applicant's interest will be impaired or impeded; and

3. The existing parties to the action inadequately represent the applicant's interest.

F.R.C.P. Rule 24(a). See also Moore's Federal Practice § 24.03 (3d ed. 1999). Courts have generally construed Rule 24 liberally and resolved doubts in favor of the proposed intervener. Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000); United States v. Union Elec. Co., 64 F.3d 1152, 1158 (8th Cir. 1995); See also Moore's Federal Practice § 24.03 (3d ed. 1999).

The United States does not dispute that absent intervention Ralph Johansen's interest will be impaired, which is the second requirement, or claim that the motion is untimely. Rather, the United States adopts a technical approach to contest the first and third requirements in attempting to exclude Ralph Johansen from this litigation. First, the United States asserts that to have a sufficient interest in this litigation Ralph Johansen must claim a presently held interest in the subject real estate. Second, the United States asserts that Ralph Johansen is adequately represented by his ex-wife, who has filed a complaint for contempt against him directly related to this matter. The United States' interpretation of both of these requirements is incorrect.

## A. Ralph Johansen has a Sufficient Interest in the Transaction at Issue

> Upon timely application anyone shall be permitted
> to intervene in an action: . . . (2) when the
> applicant claims an interest relating to the
> property **or transaction** which is the subject of
> the action . . .

> (emphasis added) F.R.C.P. Rule 24(a).

The instant litigation is about a transaction. Ralph Johansen transferred his half interest in his former marital home to plaintiff Marlene Johansen pursuant to an order from the Massachusetts Probate and Family Court. (See Exhibit 2 to Motion to Intervene). In exchange for that transfer, Marlene Johansen gave Ralph Johansen her interest in his retirement plan. (See Exhibit 2 to Motion to Intervene). This transaction occurred, and the deed evidencing the transaction was recorded, before the United States recorded its notice of federal tax lien against Ralph Johansen. (See Exhibits 6 and 7 to Complaint in Intervention). Because of this transaction, Ralph Johansen maintains that the federal tax lien is not valid against the subject property.

The United States maintains this transaction was fraudulent and that Ralph Johansen is the true owner of the property. On January 31, 2004 the United States filed a nominee lien against Marlene Johansen. (See Copy of Nominee lien attached hereto as Exhibit 1). By filing a nominee lien, the United States is asserting that Ralph Johansen is the true owner of the subject property. See United States v. Kattar, 81 F.Supp.2d. 262 (D.N.H. 1999); and Towe Antique Ford Foundation v. Internal Revenue Service, 791 F.Supp. 1450 (D. MT. 1992).

In its opposition, the United States asserts that Ralph Johansen must claim a presently held interest in the subject property to show he has a sufficient interest in the litigation to have a right to intervene. (Opposition at 4). It claims this requirement is supported by Shaw v. United States, 331 F.2d 493, 496-98 (9th Cir., 1964). Shaw does not support the United States' position because it did not involve a motion to intervene. Rather, it involved a determination of whether the United States waived its sovereign immunity to be sued pursuant to 28 U.S.C. § 2410. There is no authority that holds that Ralph Johansen must establish that the United States has waived its sovereign immunity in order to satisfy the sufficient interest requirement of F.R.C.P. Rule 24(a)(2). An independent basis for jurisdiction is not required for an intervention as of right under F.R.C.P. Rule 24(a)(2) because such jurisdiction falls under this Court's ancillary jurisdiction. Turner/Ozanne v. Hyman/Power, 111 F.3d 1312, 1319 (7th Cir. 1997).

Whether an applicant for intervention claims an interest relating to the property or transaction which is the subject of the litigation can sometimes be a difficult question to answer because clear boundaries for this requirement have not been established. Cotter v. MAMLEO,

219 F.3d 31, 34-35 (1st Cir. 2000); Daggett v. Commission on Governmental Ethics and Election Practices, 172 F.3d 104, 110-11 (1st Cir. 1999). However, an applicant who claims a direct interest in a transaction that is at the heart of the dispute falls squarely within language of the rule.

In Cotter, the proposed intervenors were two black police officers who were promoted to sergeant. The plaintiffs were eight white police officers who were not promoted to sergeant, but scored the same on the promotional examination as the proposed intervenors. The plaintiffs claimed their constitutional rights had been violated because the police department impermissibly used race as a criteria for deciding which police officers to promote. Based on those facts, the Court stated the question of whether the proposed intervenors claimed a sufficient interest in the litigation was easy to answer. "[T]o say that an officer has no interest in defending his own promotion would be to defy common sense." Cotter at 35.

Similarly, to say that Ralph Johansen has no interest in defending against the United States' allegations that his transaction was fraudulent also defies common sense. Just as with the intervenors in Cotter, Ralph Johansen has an interest in defending the disputed transaction that is at the heart of litigation, even though he did not commence

the litigation.    Ralph Johansen was in the process of disputing the IRS lien administratively with the IRS in connection with his offer in compromise when he learned of this litigation.    The IRS stated the validity of the lien would be decided by this litigation and therefore it would not entertain Ralph Johansen's arguments outside of litigation. (See Affidavit of Steven Friedman attached hereto as Exhibit 2).    When Marlene Johansen filed the instant case, she effectively prohibited Ralph Johansen from disputing the validity of the lien with the IRS outside of this litigation.    This has effectively put on hold Ralph Johansen's offer in compromise, which would have completely resolved his tax liability and the tax lien at issue.    Because the payment of his tax liability is solely his responsibility and because intervening in this case is the only way Ralph Johansen can dispute the tax lien, Ralph Johansen has a sufficient interest in this case to justify intervention.

**B.    Marlene Johansen Does Not Adequately Represent Ralph Johansen's Interests**

The third requirement for intervention under F.R.C.P. Rule 24(a)(2) is that the interest of the applicant for

intervention is not adequately represented by the existing parties.    To satisfy this requirement, an applicant for intervention is only required to make a minimal showing that the existing parties are not likely to adequately represent the intervenor's interest.    See <u>Trbovich v. United Mine Workers</u>, 404 U.S. 528, 538, n.10 (1972).    If a proposed intervenor satisfies the first two requirements of Rule 24(a)(2) by establishing that he has a sufficient interest in the litigation and that the disposition of the litigation will impair or impede his interest, the burden of persuasion shifts to the opposing party to show that the intervenor's interest is adequately protected.    <u>Nuesse v. Camp</u>, 385 F.2d 694, 702 (C.A.D.C. 1967); see also Wright & Miller, Fed. Prac & Proc.2d § 1909.

The United States argues Marlene Johansen adequately represents Ralph Johansen because they seek the same relief. (Opposition at 8).    However, Marlene Johansen does not adequately represent Ralph Johansen because Ralph Johansen bears the ultimate responsibility for payment of his tax liability and he must indemnify Marlene Johansen if the lien is determined to be valid against the real estate. This adverse interest is not merely possible or theoretical.    Marlene Johansen has already filed a complaint for contempt against Ralph Johansen in the

Massachusetts Probate and Family Court for his alleged failure to resolve the tax lien issue. (See Exhibit 3 to Motion to Intervene). A hearing is scheduled in that court for January 24, 2005.

Although the United States acknowledges this difference of interests in an attempt to show that Ralph Johansen does not have an adequate interest in the litigation, it does not discuss this conflict in regard to the issue of whether Marlene Johansen adequately represents Ralph Johansen's interest. (Opposition at 6). Marlene Johansen is ultimately protected against an adverse determination in this action because she does not bear the ultimate responsibility for Ralph Johansen's tax liability and has already instituted proceedings against him based on the issue in dispute in this litigation.

Other Federal Courts have held that an intervenor's interest was not adequately represented by another party seeking a similar determination on an issue where the parties' interests differed. See Commercial Union Ins. Co. v. City of St. Louis, 497 F.2d 957 (8th Cir. 1974); Ford Motor Co. v. Bisanz Bros., Inc., 249 F.2d 22 (8th Cir. 1957); and In the Matter of Oceana Int'l, 49 F.R.D. 329 (D.C.N.Y. 1969).

Therefore, despite seeking a similar determination, Ralph Johansen's interest in this litigation is substantially different from Marlene Johansen's interest. This difference in interests is why Marlene Johansen is not likely to adequately represent Ralph Johansen's interest. The United States has made no showing to rebut this showing of a likelihood of inadequate representation resulting from the difference of interests and therefore has not met its burden of persuasion on this issue.

## II.  Permissive Intervention can also be Granted Pursuant to F.R.C.P. Rule 24(b)

### A.    Intervention as a Plaintiff

Ralph Johansen's Motion to Intervene sought to intervene as of right pursuant to F.R.C.P. Rule 24(a)(2). The United States has opposed intervention based not only on Rule 24(a)(2), but also based on permissive intervention based on Rule 24(b).  If the Court deems it appropriate, Ralph Johansen is also willing to be granted permissive intervention pursuant to F.R.C.P. Rule 24(b).  Contrary to the position of the United States, this Court has the

discretion to permit Ralph Johansen to intervene in this action pursuant to F.R.C.P. Rule 24(b).

Upon a timely application, Rule 24(b) grants the Court discretion to grant intervention to an applicant whose claim or defense and the main action have a question of law or fact in common. F.R.C.P. Rule 24(b). It is not disputed that Ralph Johansen's claim contains questions of both law and fact in common with this case. Ralph Johansen's claims concern the same transaction and the validity of the same lien. It is also not disputed that his application for intervention is timely. Further, this Court has subject matter jurisdiction over this quiet title action pursuant to 28 U.S.C. § 1340.

The United States, however, argues against permissive intervention based on an asserted limitation not stated in Rule 24(b). It asserts that the United States has not waived its sovereign immunity pursuant to 28 U.S.C. § 2410 as to Ralph Johansen's claims because Ralph Johansen does not claim a present interest in the subject real estate. This Court has discretion to grant intervention to a party who would not have been a proper party when the subject litigation began. Usery v. Brandel, 87 F.R.D. 670, 677 (Mich. D.C. 1980).

11

However, the United States ignores its own position that Ralph Johansen has a present interest in the subject real estate. (See copy of nominee lien attached hereto as Exhibit 1). The United States waived its sovereign immunity for Ralph Johansen to participate in an action to quiet title to real estate when the United States created the question of whether Ralph Johansen has a present interest in the real estate by filing the nominee lien. The United States should not be allowed to claim Ralph Johansen presently holds an interest in the subject property because the transaction in dispute was fraudulent, while simultaneously denying him an opportunity to show that the transaction was not fraudulent unless he claims he still holds an interest in the real estate.

**B.    Intervention as a Counterclaim Defendant**

This Court also has discretion to allow Ralph Johansen to participate in this action as a defendant to the United States' counterclaim for foreclosure of the lien. Ralph Johansen would agree to file a counterclaim answer in intervention, if this Court deems such action is appropriate.

As part of its counterclaim, the United States named every party that may have a present interest in the real estate and could therefore be affected by a foreclosure except Ralph Johansen. Since the United States claims that Ralph Johansen has a present interest in the subject real estate, it should have named Ralph Johansen as a defendant to its counterclaim. See 26 U.S.C. § 7403(b). Since the claim for foreclosure arises from the disputed lien, Ralph Johansen would have the opportunity to challenge the United States' assertion that the lien is valid against the real estate as a counterclaim defendant. By not naming Ralph Johansen as a counterclaim defendant and opposing his motion to intervene, the United States is attempting to exclude the individual with the most at stake in this litigation from being able to contest the United States' allegation against him.

                          Applicant for Intervention,
                          Ralph Johansen,
                          By his Attorney,


                          D. Sean McMahon, Esq.
                          BBO# 567542
                          Law Office of Meilman &
                          Costa, P.C.
                          70 Wells Ave., Suite 200
                          Newton, MA 02459
                          Phone: (617) 969-9500
                          Fax: (617) 969-0030

## CERTIFICATE OF SERVICE

I, D. Sean McMahon, Esq. hereby certify that on January 6, 2005 I served a copy of the foregoing document by first class mail, addressed as indicated below, upon the following:

Timothy J. Burke, Esq.
Burke & Associates
400 Washington Street, Suite 303
Braintree, MA  02184

Stephen J. Turanchik, Esq.
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC  20044

Michelle C. Davenport, Esq.
Harmon Law Offices, P.C.
150 California Street
Newton, MA  02458

Richard A. Oetheimer, Esq.
Goodwin Proctor, LLP
Exchange Place
Boston, MA  02109

D. Sean McMahon, Esq.

Bk: 41923 Pg: 104

| Form 668 (Y)(c) (Rev. October 2000) | 2261 | Department of the Treasury - Internal Revenue Service **Notice of Federal Tax Lien** |
|---|---|---|

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #1 Lien Unit Phone: (617) 316-2575 | Serial Number 163799904 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Bk: 41923 Pg: 104    Doc: FTAX
Page: 1 of 1    01/31/2004 09:42 AM

S1

Name of Taxpayer MARLENE E JOHANSEN AS NOMINEE OF RALPH E JOHANSEN

Residence    71 PLEASANT STREET
STONEHAM, MA 02180

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1995 | 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 | 05/14/2001 | 06/13/2011 | 32866.16 |
| 1040 | 12/31/1996 | 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 | 06/04/2001 | 07/04/2011 | 29435.22 |
| 1040 | 12/31/1997 | 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 | 05/21/2001 | 06/20/2011 | 36820.51 |
| 1040 | 12/31/1998 | 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 | 04/30/2001 | 05/30/2011 | 51836.15 |
| 1040 | 12/31/1999 | 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 | 04/30/2001 | 05/30/2011 | 19286.58 |
| 1040 | 12/31/2000 | 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 | 05/28/2001 | 06/27/2011 | 14559.02 |

| Place of Filing | Registry of Deeds Southern Middlesex County E. Cambridge, MA 02141 | Total | $ 184803.64 |
|---|---|---|---|

This notice was prepared and signed at    BOSTON, MA    , on this,

the    27th    day of    January    2004

Attest: Middlesex S. Register

| Signature    for KELLY DIAZ | Title REVENUE OFFICER (781) 835-4207 | 21-04-3925 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60026X

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

```
                              )
MARLENE JOHANSEN,             )
     Plaintiff,               )
     Counterclaim Defendant   )
                              )
v.                            )
                              )
UNITED STATES OF AMERICA,     )
     Defendant,               )    Case No. 04-11789-RCL
     Counterclaim Plaintiff   )
                              )
v.                            )
                              )
NATIONAL CITY MORTGAGE CO.,   )
And TIMOTHY BURKE,            )
     Counterclaim Defendants  )
                              )
```

## AFFIDAVIT OF STEVEN L. FRIEDMAN

I, Steve L. Friedman, hereby state and depose as follows:

1.  I am a duly licensed Certified Public Accountant in the Commonwealth of Massachusetts.

2.  At all times relevant hereto, I was employed by Ralph Johansen to assist him in filing his federal income tax returns and negotiating an offer in compromise for his federal income tax liability.

3.  On June 15, 2004, I was informed by letter that the IRS had rejected Ralph Johansen's offer in compromise because the IRS claimed it had a valid lien against real estate Ralph Johansen had transferred to his ex-wife.

4.  On June 30, 2004, I wrote a letter to contest the determination that Ralph Johansen's offer in compromise was not adequate because the lien was valid against the subject real estate. A true and accurate copy of that letter is attached hereto.

1 OF 2

5.   On or about October 7, 2004, I spoke with Appeals
     Officer Paul Reska of the IRS who informed me
     that he would not seriously discuss my
     contentions regarding the validity of the lien
     because that matter was being litigated by
     Marlene Johansen and the United States.

6.   Ralph Johansen's offer in compromise is currently
     on hold with the IRS pending resolution of the
     instant litigation concerning the tax lien.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 6th DAY OF
                JANUARY 2005.


                         _____
                         STEVEN L. FRIEDMAN

**CLIENT COPY**

FRIEDMAN

SUVALLE & SALOMON PC

STEVEN L. FRIEDMAN
ALAN J. SUVALLE
ROBERT S. SALOMON

STEVEN B. SCHWARTZ
KENNETH A. BLOOM
JASON S. NUTTALL

*Certified Public Accountants and Business Consultants*

June 30, 2004

Kelly Diaz and
Richard LaRochelle
Internal Revenue Service
OIC Group 39
JFK Building, STOP 21175
PO Box 9112
Boston, MA 02203

RE:        Ralph Johansen
SSN:       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
Offer #:   1000127048
Tax Years: 1995 through 2000

Dear Ms Diaz and Mr. LaRochelle,

In response to your letter dated June 15, 2004 (copy enclosed), we hereby notify you that
we continue to disagree with your determination in this matter and we therefore request
an APPEAL of your findings to the Appeals Office. In addition, we request assignment
to the Fast Track Mediation process as well, if necessary.

On March 7, 2004 the taxpayer modified his original Offer in Compromise per
discussions with Kelly Diaz. The original Offer (dated 8/9/02) was for $15,000. That
offer was modified to $45,000 and subsequently to $48,750. Each modification was due
to continued review and discussions with Ms Diaz. At this time we continue our offer of
$48,750.

We disagree with the determination by your office that the minimum offer should be
$131,186 on the following grounds:

> The inclusion of the real estate (the previous marital home at 71 Pleasant St.,
> Stoneham, MA) is in error for three separate reasons:
>
> a. A federal tax lien placed on the property can only attach to the one-half
>    interest of Mr. Johansen – I.R.B. 2003-39, Notice 2003-60. This notice is the

result of the Supreme Court case of *U.S. v Craft*, 535 U.S. 274 (2002) which held that where only one spouse is liable for the outstanding taxes and a lien is placed on property he owns jointly with his non-liable spouse as tenants-by-the-entirety then the liable spouse's equity is deemed to be one-half. Further, in the case of divorce, as a general rule, if the transfer occurred before *Craft*, then the Service will treat the transfer as one for value and will not assert its lien against the property in the hands of the ex-spouse of the taxpayer.

b. Under the principles of equity, if the IRS deems that the lien does attach to one-half of the equity in the real estate for purposes of computing an acceptable Offer in Compromise, then the Service should also consider the liability for alimony that the taxpayer would have been obligated to pay, but for the transfer pursuant to the divorce decree. Mr. Johansen received relief from this liability as consideration for his one-half interest in the real estate that he transferred to his ex-wife.

   i. The original divorce decree awarded his ex-wife, Marlene Johansen, $400 per week in alimony ($1,733/month);
   ii. This would be an allowable expense on the Form 433-A and thus reduce the Future Income Value to *zero*; and
   iii. This would result in a Minimum Value of approximately $53,000.

c. The Service's lien is **NOT VALID** because it was not recorded before Mr. Johansen transferred his interest in the real estate to his ex-wife. Marlene Johansen is a bone fide purchaser of the real estate pursuant to IRC § 6323. She took *delivery* of the deed from Mr. Johansen in exchange for valid consideration resulting from the divorce decree before the Service filed its notice of federal tax lien.

   i. A Quitclaim Deed from Ralph Johansen to Marlene Johansen was executed on 1/4/02 and notarized on that date;
   ii. The Quitclaim Deed was delivered to Ms Johansen's attorney on 1/8/02;
   iii. The Quitclaim Deed was held for filing at the Registry until notice was received from the Appeals Court dismissing with prejudice Ms. Johansen's appeal of the original divorce decree;
   iv. The Quitclaim Deed was recorded at the Middlesex Registry of Deeds on 12/11/02 (see enclosed copy of the customer receipt); and
   v. The IRS lien was *prepared* on 11/21/02 but *recorded* on 12/18/02 – 7 days after the Quitclaim Deed was recorded and 11 months after the quitclaim deed was delivered (see attached copy).

A Federal tax lien is not valid against a purchaser of a taxpayer's property unless notice of the tax lien is filed which meets the requirements of IRC § 6323(f) per IRC § 6323(a). Whether a taxpayer has an interest in property or rights to property when the notice of federal tax lien is recorded is determined by state law. *Aquilino v. United States*, 363 US

509 (1960). Massachusetts law holds that a properly executed deed transferring a person's interest in real property takes effect upon *delivery* of the deed. MGL c. 183 §§ 1, 5; *Smigliani v Smigliani*, 358 Mass 84 (1970) and *Harrison v. The Trustees of Phillips Academy*, 12 Mass 456 (1815).

In our case, the deed was delivered to Ms Johansen on 1/4/02 and was recorded on 12/11/02. The IRS did not record its lien against Mr. Johansen until 12/18/02, after Mr. Johansen had transferred his interest in the real estate and properly delivered and recorded a deed evidencing that transfer. Therefore, the Service's lien did not attach to the real estate and it should not be considered in calculating the amount of an acceptable Offer in compromise.

We believe our Offer in Compromise was proper and appropriate under all existing laws and regulations. We respectfully request your immediate acceptance of our offer or an Appeals Hearing ASAP.

I, Steven L. Friedman, CPA, submit this protest and accompanying documents and believe that the above information, facts and accompanying documents are true and correct to the best of my knowledge.

Sincerely,


Steven L. Friedman, CPA

cc: Ralph Johansen
     Phyllis Kolman, Esquire



FRIEDMAN
SUVALLE ⟨⟩ SALOMON ᴘᴄ
Certified Public Accountants and Business Consultants