UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**MARLENE JOHANSEN**

**Plaintiff**

**v.**                                     Civil Action No. 04-11789-RCL

**UNITED STATES OF AMERICA**

**Defendant**

**THE COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM**

Now comes Timothy Burke pursuant to Rules 12(b)(6) to move this honorable Court to strike the Defendant's Counterclaims:

1. That the Defendant has styled its Answer to include Counterclaims against Timothy Burke. As is more extensively detailed in the Memorandum of Law which is filed in support of this motion there is "no reasonable application of law that would entitle" the Defendant to prevail against Mr. Burke.

WHEREFORE, Timothy Burke requests that the honorable Court:

   1. Dismiss the Defendant's counterclaims against Mr. Burke;
   2. Schedule a hearing on this Motion:
   3. Award reasonable attorney's fees and costs;  and
   4. Grant such further relief as deemed necessary by the Court.

                                          Timothy Burke
                                          by his attorney

                                          _/s/ James Everett_
                                          James Everett
                                          BBO# 654104
                                          400 Washington Street
                                          Braintree, MA   02184
Dated: January 26, 2005            (781) 380-0770

**Plaintiff's Certificate of Compliance with Local Rule 7.1.**
    Plaintiff's counsel hereby certifies that his office telephoned counsel for the Defendant, Stephen Turanchik, on Wednesday, January 25. No agreement can be reached on narrowing the issue before the Court.

**Certificate of Service**

I hereby certify that a true copy of the above document was served upon each attorney of record via first class mail, postage prepaid on January 26, 2005 to the following counsel of record:

    Richard Oetheimer
    Godwin Procter, LLP
    Exchange Place
    Boston, MA 02109

    Sean McMahon
    Meilman & Costa
    70 Wells Avenue
    Suite 200
    Newton, MA 02459

    Stephen Turanchik
    Trial Attorney, Tax Division
    Department of Justice
    P.O. Box 55
    Ben Franklin Station
    Washington, D.C.   20044

                                          _/s/ James Everett_
                                          James Everett

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

**MARLENE JOHANSEN**

**Plaintiff**

**v.**                                                   Civil Action No. 04-11789-RCL

**UNITED STATES OF AMERICA**

**Defendant**

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS
AND STRIKE COUNTERCLAIM**

I.   <u>Procedural History.</u>

The Plaintiff filed a quiet title action pursuant to 28 USCA Section 2410 on August 17, 2004. The United States answer to the complaint was filed with the Clerk's Office on or about on October 24, 2004. Mr. Burke was served by counsel for the Defendant at the Federal District Court on January 5, 2005.

II.   <u>Facts.</u>

The plaintiff, Marlene Johansen (hereinafter referred to as "Ms. Johansen") and Ralph Johansen were married on November 29, 1980.[1]

On or about March 27, 1984, Marlene and Ralph Johansen bought 71 Pleasant Street in Stoneham, Massachusetts taking title as Tenants by the Entirety (the "Home").

---

[1] The facts as stated herein are largely in the records provided from the Massachusetts Probate and Family Court and/or admitted by the Defendant.

Mr. Johansen filed for divorce on November 16, 1998.

On March 21, 2001 the Honorable Mary Anne Sahagian, Justice of the Massachusetts Probate and Family Court ruled (the "Ruling")(Please see Exhibit attached to the Plaintiff's Motion.) that the home had a value of $325,000. and was subject to encumbrances of a first mortgage with a balance of $144,648., as well as a second mortgage with a balance of $7,964.73.

The Ruling also found that Mr. Johansen had a liability to the Internal Revenue Service in the amount of $171,379. and the Massachusetts Department of Revenue of $28,333. (and an undetermined additional amount).

The Ruling held that:

> The only real asset that the parties have, other than the Husband's defined benefit pension plan, is the marital home which has equity of approximately $172,387.00."
> ...
> Unfortunately, the only asset available to the parties to address the enormous tax liability is the marital home. Accordingly, the home must be sold and proceeds used for this purpose.

Marlene Johansen filed a timely appeal of the Probate and Family Court's ruling and further filed a Motion for a Stay of the Divorce Judgment.

On June 7, 2001, Justice Dreben of the Massachusetts Appeals Court sitting as a single justice, issued an order stating:

> Paragraphs 3-7 of the divorce judgment dated March 21, 2001 are stayed pending determination of the defendant's appeal. Whether the defendant's interest may be reached by the IRS may involve additional issues not determined or determinable by the Probate Court.

Marlene and Ralph Johansen agreed to a judgment

1

being entered by the Probate Court on December 24, 2001 (the "Judgment")(Please see Exhibit attached to the Plaintiff's Motion).

The Judgment required Ralph Johansen to "forthwith execute a quitclaim deed transferring all of his interest in the former marital home located in Stoneham to the Wife.

The Judgment required Mrs. Johansen to release all claims that she had to her former spouses' pension plan assets.

In its Judgment the Probate and Family court of the Commonwealth of Massachusetts found that its:

> Judgment of Divorce Nisi dated March 21, 2001 be modified in accordance with the terms of an Agreement dated December 24, 2001, filed, incorporated and not merged in this Judgment but nevertheless shall survive and have independent legal significance ....

On January 4th, 2002 Mr. and Ms. Johansen executed a deed to Ms. Johansen (the "Deed").

On December 11, 2002, the Deed was recorded by the Commonwealth of Massachusetts' Registry of Deeds for Middlesex County.

On December 18, 2002, a Notice of Federal Tax Lien on the property of Ralph Johansen was recorded by the Commonwealth of Massachusetts' Registry of Deeds for Middlesex County.

On January 31, 2004 a Notice of Federal Tax Lien stating that Marlene Johansen was a Nominee of Ralph Johansen was recorded by the Commonwealth of Massachusetts' Registry of Deeds for Middlesex County (the "Nominee Lien").

2

II.     <u>Law and Argument.</u>

   1.   <u>Standard for Dismissal.</u>

Dismissal of the Defendant's Counterclaims is appropriate only "[if] a trial court accepts plaintiff's facts and can envision no reasonable application of law that would entitle plaintiff to relief." <u>Finnern v. Sunday River Skiway Corp.</u>, 984 F.2d 530, 534 (1st Cir. 1993).

   2.   <u>The Counterclaim is Unsupportable as a Matter of Law.</u>

   A.   <u>The Defendant's Allegation that Susan M. Bertrand Holds Title is Unsupportable.</u>

The Defendant in response to the allegations of paragraphs 15 and 16 of the Plaintiff's Complaint admits that the subject property was transferred to the Plaintiff. There is no apparent connection to a Susan M. Bertrand in the chain of title. Presumably, the appearance of Ms. Bertrand in this matter is the result of a recycled counterclaim. The Defendant's request for relief is unsupportable. Further, even if one were to assume that the Defendant's intended to state that the Plaintiff is holding the property as a nominee, the Defendant's allegation that the Plaintiff is holding property as a nominee for her ex-husband is devoid of rational thought. The Plaintiff was involved in a very contentious divorce with her ex-husband. Her ownership of the property occurred only after the Appeals Court for the Commonwealth of Massachusetts placed a stay on the Probate and Family Court's initial ruling and after a modified judgment was entered by the Probate and Family Court.

A nominee is one who holds bare legal title to property for

3

the benefit of another. Black's Law Dictionary (7th ed. 1999). United States v. Webb, 595 F.2d 203 (4th Cir. 1979).

The factors which have been considered in making the determination that a person is holding property for another are:

> (1) no consideration or inadequate consideration paid by the nominee;
> (2) property placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property;
> (3) close relationship between transferor and the nominee;
> (4) failure to record conveyance;
> (5) retention of possession by the transferor;
> (6) exercise of dominion or control by the taxpayer; and,
> (7) expenses of the property paid by the taxpayer.

Please see United States v. Miller Brothers Construction Co., 505 F.2d 1031 (10th Cir. 1974); Towe Antique Ford Foundation v. Internal Revenue Service, 791 F. Supp. 1450 (D. Mont. 1992), aff'd without opinion, 768 F.2d 686 (5th Cir. 1985).

There is "no reasonable application of law" which would support the contention that the Plaintiff is holding the property as a nominee.

The United States alleges that it is a superior lien holder on the property to the counterclaim Defendant Timothy Burke by virtue of the nominee lien.  However, the United States claim fails as it has improperly identified the plaintiff on the Notice of Federal Tax Lien . A release of lien is warranted pursuant to IRC §6325 as the Plaintiff has improperly been identified on the Notice of a Federal Tax Lien. Accordingly, The United States' Counterclaim against Mr. Burke is properly dismissed.

4

III. <u>Conclusion.</u>

The Defendant's Counterclaim are properly dismissed.

                                    Marlene Johansen
                                    by her attorney

                                    <u>/s/ James Everett</u>
                                    James Everett
                                    BBO# 654104
                                    400 Washington Street
                                    Braintree, MA   02184
Dated: January 26, 2005             (781) 380-0770

## Certificate of Service

I hereby certify that a true copy of the above document was served upon each attorney of record via first class mail, postage prepaid on January 26, 2005 to the following counsel of record:

Stephen Turanchik
Trial Attorney, Tax Division
Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C.   20044

Richard Oetheimer
Godwin Procter, LLP
Exchange Place
Boston, MA 02109

Sean McMahon
Meilman & Costa
70 Wells Avenue
Suite 200
Newton, MA 02459

                                    <u>/s/ James Everett</u>
                                    James Everett