```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
_____
                              )
MARLENE JOHANSEN,             )
                              )
    Plaintiff,                )
    Counterclaim Defendant,   )
                              )   Case No. 04-11789-RCL
v.                            )
                              )
UNITED STATES OF AMERICA,     )
                              )
    Defendant,                )
    Counterclaim Plaintiff,   )
                              )
v.                            )
                              )
NATIONAL CITY MORTGAGE CO.,   )
and TIMOTHY BURKE,            )
                              )
    Counterclaim Defendants.  )
_____)
```

## UNITED STATES' OPPOSITION TO
## TIMOTHY BURKE'S MOTION TO DISMISS

The United States of America, through undersigned counsel, opposes Counterclaim Defendant Timothy Burke's Motion to Dismiss the United States' counterclaim against Timothy Burke ("Burke").

### Factual Background

Ralph Johansen did not timely file his 1995, 1996, 1997, 1998 and 1999 federal income tax returns. When he eventually did file those returns, tax assessments were made against him, and by law, federal tax liens arose Mr. Johansen's property and rights to property. See 26 U.S.C. §6321. In this case, the liens arose

1

on various dates in April, May and June 2001.  At that time, Ralph Johansen owned his marital home jointly with his wife of 20 years, Marlene Johansen.

On December 24, 2001, the Middlesex Probate and Family endorsed an agreement between Ralph and Marlene Johansen.  The agreement provided that Mrs. Johansen would receive Ralph Johansen's share of their residence and she would forego any right to his pension.

On January 31, 2004, the United States filed a Notice of Federal Tax with the Southern Middlesex Registry of Deeds that provides, "Marlene E. Johansen as Nominee of Ralph E. Johansen." (Complaint ¶19, Ex. 7 to Complaint).

At some point in time, Marlene Johansen gave a mortgage to Timothy Burke; that mortgage was recorded with the Middlesex County Registry of Deeds on August 13, 2004.

## Procedural Background

Marlene Johansen filed this action to quiet title to a piece of real property located at 71 Pleasant Street, Stoneham, Massachusetts ("the subject property").  The United States answered and counterclaimed by asserting that its federal tax liens attached to the property and that it should entitled to foreclose its federal tax liens. In its Counterclaim, the United

States named two mortgagees as Counterclaim Defendants, National City Mortgage Co. and Timothy Burke.[1]  In its Counterclaim, the United States alleged that (1) Marlene Johansen took title to the property subject to the federal tax liens, and/or (2) the transfer of Ralph Johansen's interest in the subject property was fraudulent as to the United States, and should therefore be set aside.

Burke now moves to have the United States' Counterclaim dismissed.[2]  Burke makes the following arguments for dismissal of the Counterclaim:

> 1. The United States referenced Susan M. Bertrand as the title holder to the property, rather than Marlene Johansen;
>
> 2. The allegation that Marlene Johansen is holding the subject property as a nominee for Ralph Johansen is devoid of rational thought; and
>
> 3. Timothy Burke holds a claim to the subject property that is superior to the United States.

The United States now opposes Burke's Motion to Dismiss.

---

[1] Timothy Burke is counsel for the Plaintiff in this action, but has been named because he holds a mortgage on the Subject Property.

[2] It is unclear from the motion whether Burke wants the entire counterclaim dismissed or just the counterclaim as it relates to him.  In the Motion, he asks that the Court dismiss the Counterclaim against him, and in the Memorandum of Law, he concludes with "[t]he Defendant's Counterclaim are [sic] properly dismissed."

3

Argument

Burke has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the United States' counter claim. Under Rule 12(b)(6), courts must not only "accept all well-pled factual averments as true," but also must "draw all reasonable inferences therefrom in [the pleader's] favor"). See Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir.1989). At the Rule 12(b)(6) stage, it is enough for a plaintiff to sketch a scenario which, if subsequently fleshed out by means of appropriate facts, could support an actionable claim. See Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002); Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir.1992).

1. Susan Bertrand Was Named Inadvertently in the Counterclaim

In its Counterclaim, the United States stated:

> COMES NOW the defendant, the United States of America, pursuant to 26 U.S.C. §§ 7401, 7403 at the request of the Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, and upon direction of the Attorney General of the United States of America, asserts the following claims against Marlene Johansen, National City Mortgage, Co. and Timothy Burke to: (a) foreclose by sale federal tax liens with respect to unpaid federal tax liabilities of Ralph Johansen (the "Taxpayer") against certain real property located at 71 Pleasant Street, Stoneham, Massachusetts ("the Property") and (b) adjudge

>   that Susan M. Bertrand holds title to the Property as the nominee of the Taxpayer for the purposes of satisfying federal tax liens with respect to the Taxpayer's unpaid federal tax liabilities.

The United States referenced Susan M. Bertrand in this precatory language to the numbered paragraphs of the Counterclaim. This was a scrivener's error as Susan Bertrand is not involved in this case in any fashion, nor does her name appear anywhere else in the Counterclaim or the United States' prayer for relief. As set forth in the prayer for relief, the Court should adjudge that the federal tax liens against Ralph Johansen attach to property presently held titled in Marlene Johansen's name.

   2.  <u>Whether Marlene Johansen is the Nominee of Ralph Johansen is a Question of Fact</u>

Burke contends that because Marlene Johansen had a contentious divorce with her husband she cannot be his nominee. Such an argument is premature. Marlene Johansen may eventually prevail on her claim that she is not the nominee of Ralph Johansen. However, prior to that determination the Court must examine the following factors:

   1)   whether inadequate or no consideration was paid by the transferee;

   2)   whether the property was placed in the transferee's name in anticipation of a lawsuit or other liability while the transferor remains in control of the property;

   3)   whether there is a close relationship between the transferee and the transferor;

    4)    whether they failed to record the conveyance;

    5)    whether the transferor retained possession; and

    6)    whether the transferor continues to enjoy the benefits of the transferred property.

    See <u>Spotts v. United States</u>, 335 F.Supp.2d 761, 766 (E.D.Ky. 2004).

Discovery is ongoing in this case and there appear to be at least two factors present in this case: (1) the transfer was made in anticipation of a lawsuit as Ralph Johansen had just been assessed more than $175,000 in back taxes and (2) Marlene and Ralph Johansen had a close relationship.

Even if the Court determined that Marlene Johansen was not the nominee of Ralph Johansen, the United States would be still entitled to foreclose on the subject property if the Court found that either Marlene Johansen took the subject property encumbered with federal tax liens, or if the subject property was fraudulently conveyed to her.  The United States has alleged both of those theories in the Counterclaim.  Because Burke has moved under Rule 12(b)(6), the Courts must not only "accept all well-pled factual averments as true," but also must "draw all reasonable inferences therefrom in [the pleader's] favor"). See <u>Dartmouth Rev. v. Dartmouth Coll.</u>, 889 F.2d 13, 16 (1st Cir. 1989).  Even if Burke were successful in his argument that Marlene was not Ralph's nominee, the United States has set forth a claim upon which it would entitled to foreclose it prevailed on

its other two theories.

   3.   Whether Burke Has a Superior Claim to the United States is Irrelevant for His Joinder in this Action

Pursuant to Internal Revenue Code §7403(b) the United States was required to name Burke as a party. Section 7403(b) provides, "All persons having liens or claiming an interest in the property involved in [an action foreclose federal tax liens] shall be made parties thereto." See also United States v. Big Value Supermarkets, Inc., 898 F.2d 493 (6th Cir. 1990). Once the sale is made, the government must distribute the proceeds according to the "first in time, first in right" theory. See United States v. Wingfield, 822 F.2d 1466, 1473 (10th Cir.1987). Only those persons that do not claim an interest should be excluded. If Burke wants to be dismissed because he claims no interest in subject property, then he should be permitted to be dismissed on that ground.

Burke also contends that "the United States claim fails as it has improperly identified the plaintiff on the Notice of Federal Tax Lien." He suggests that the lien should be released because the Plaintiff has been improperly identified. The Notice filed on January 31, 2004, states: "Marlene E. Johansen as Nominee of Ralph E. Johansen." The Plaintiff makes such an allegation in paragraph 19. The object of the notice of tax lien

is to give constructive notice to mortgagees, pledgees, purchasers, and other potential creditors.  <u>See</u> <u>In the Matter of Hugues J. de la Vergne, II, Ducote, Trustee v. United States</u>, 156 B.R. 773, 777 (Bankr.E.D.La.1993) (in proceeding to avoid tax lien under § 545 because debtor-taxpayer's name misspelled, court applied following test: "whether there was substantial compliance sufficient to give constructive notice and to alert one of the government's claims.")  It is not entirely clear what comprises Burke's objection to this notice.  In this case, the Plaintiff's first and last name are both properly spelled and her address is identified properly.

<u>Conclusion</u>

So long as Timothy Burke is claiming an interest in the subject property, he should remain a party to this action.  If Mr. Burke does not claim an interest in the subject property, he should be permitted to be dismissed.

 

MICHAEL J. SULLIVAN
United States Attorney

/s/ Stephen J. Turanchik
_____
STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Opposition to Timothy Burke's Motion to Dismiss has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 2nd day of February:

>Timothy J. Burke
>400 Washington Street, Suite 303
>Braintree, MA 02184
>
>D. Sean McMahon
>Meilman & Costa
>70 Wells Avenue, Suite 200
>Newton, MA 02459
>
>Richard Oetheimer
>Goodwin Proctor LLP
>Exchange Place
>Boston, MA 02109

>/s/ Stephen J. Turanchik

>STEPHEN J. TURANCHIK
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C.  20044
>Telephone: (202) 307-6565