# United States District Court
# District of Massachusetts

MARLENE JOHANSEN,
    Plaintiff,

v.                                 CIVIL ACTION NO. 2004-11789-RCL

UNITED STATES OF AMERICA,
    Defendant,

v.

NATIONAL CITY MORTGAGE CO.,
TIMOTHY BURKE,
    Counterclaim Defendants.

# REPORT AND RECOMMENDATION ON MOTION TO INTERVENE AS A PLAINTIFF BY RALPH JOHANSEN (#17)

COLLINGS, U.S.M.J.

*I. Introduction*

This matter is before the Court on the motion to intervene (#17) of Ralph

Johansen ("Mr. Johansen"), the plaintiff's former husband. The plaintiff, Marlene Johansen ("Ms. Johansen"), filed this quiet title suit pursuant to 28 U.S.C. § 2410(a)(1) against the United States, challenging a federal tax lien on residential property located at 71 Pleasant Street, Stoneham, Massachusetts ("the Stoneham property.") The issue presently before the Court is whether Mr. Johansen, Ms. Johansen's former husband and the taxpayer against whom the lien is directed, is entitled to intervene in this action either as of right pursuant to Fed. R. Civ. P. 24(a) or permissively, pursuant to Fed. R. Civ. P. 24(b). Both Ms. Johansen and Mr. Johansen maintain that Mr. Johansen transferred his ownership interest in the Stoneham property to Ms. Johansen as part of a divorce agreement, that Ms. Johansen owns the Stoneham property free and clear of any federal tax liens, and that the Stoneham property is not available to satisfy Mr. Johansen's tax liability. Because the Court concludes that sovereign immunity bars Mr. Johansen's claims against the United States, the Court recommends denying Mr. Johansen's motion to intervene.

## II. *Factual Background*

The following facts are gleaned from the Complaint (#1) and other documents currently before the Court. Ms. Johansen is an individual who

currently resides at 71 Pleasant Street, Stoneham, Massachusetts. (#1 ¶ 1) Mr. Johansen filed for divorce on November 16, 1998. (#1 ¶ 5). The Judgment of Divorce Nisi issued by the Massachusetts Probate and Family Court dated March 21, 2001 found that Mr. Johansen had federal tax liability of $171,379.00, and ordered the Stoneham property to be sold to settle the federal tax liability. (#1, Exh. 2). Subsequently, on December 24, 2001, the Johansens submitted a modification of the divorce decree in which the Mr. Johansen agreed, among other things, to transfer his interest in the Stoneham property to Ms. Johansen by quitclaim deed, to assume sole responsibility for his tax liability and to hold Ms. Johansen harmless for his tax liability. (#1, Exh. 4). That modification was incorporated into the Judgment of Divorce Nisi. (#1, Exh. 4). On January 4, 2002, the Johansens executed a quitclaim deed. (#1, Exh. 5). The deed was recorded on December 11, 2002. (#1 ¶ 16). On December 18, 2002, a Notice of Federal Tax Lien was recorded on the Stoneham property against Mr. Johansen as taxpayer. (#1 ¶ 17; Exh. 6). On January 21, 2004, a Notice of Federal Tax Lien was recorded on the Stoneham property against Ms. Johansen as nominee for Mr. Johansen. (#1 ¶ 19; Exh. 7). On August 17, 2004, Ms. Johansen filed this action against the United States asserting that the tax lien is invalid, and seeking to quiet title on the Stoneham property.

### III. Discussion

In his complaint in intervention, (#17, Exh. 3), Mr. Johansen, relying on the "quiet title" provision of 28 U.S.C. § 2410(a)(1),[1] challenges the validity of the tax lien and "seeks a determination that the property is not available to the United States to satisfy [his] tax liability." (#17, Exh. 3 ¶ 3.) For purposes of Fed. R. Civ. P. 24(a), Mr. Johansen claims an interest in this action because the government asserts a tax lien against the Stoneham property in an effort to collect Mr. Johansen's federal income tax liability. He notes that he is currently subject to an order from the Massachusetts Probate and Family Court making him solely responsible for his tax liability and that Ms. Johansen has filed a contempt order against Mr. Johansen for failing to defend her from claims asserted by the IRS against her. Finally, Mr. Johansen asserts that his interest in qualifying for the government's Offer in Compromise program will be impeded as long as the IRS considers the subject property available to satisfy his tax liability.

The threshold question here is whether the United States has waived its

---

[1] That provision states in relevant part: "[T]he United states may be named a party in any civil action or suit in any district court . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." Title 28 U.S.C. § 2410(a)(1).

sovereign immunity to the "quiet title" claim that Mr. Johansen seeks to assert under 28 U.S.C. § 2410(a)(1). It is fundamental that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941) (citations omitted). Thus, "[a]bsent express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over suits against the United States." *Limar Shipping Ltd. v. United States*, 324 F.3d 1, 6 (1st Cir. 2003) (citation omitted).

Mr. Johansen makes essentially two arguments to overcome the obstacle imposed by sovereign immunity. First, he argues that no independent jurisdictional basis is required to intervene as of right pursuant to Fed. R. Civ. P. 24(a). Second, he argues that he is entitled to invoke the waiver of sovereign immunity under the quiet title provision of 28 U.S.C. § 2410(a)(1). Both of these arguments fail.

"To maintain a viable claim against the United States in federal court, a party must satisfy two requirements. In particular, the plaintiff not only must identify a statute that confers subject matter jurisdiction on the district court but also a federal law that waives the sovereign immunity of the United States to

the cause of action. . . . Failure to satisfy either requirement mandates the dismissal of the plaintiff's claim." *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002) (internal citations omitted). *See also Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 3-4 (1st Cir. 1989) (noting distinction between statutes that define "subject matter that is within the competence of federal courts to entertain" and statutes that waive sovereign immunity).

Mr. Johansen argues that an independent basis for jurisdiction is not required in order to intervene as of right under Fed. R. Civ. P. 24(a) because jurisdiction falls under the Court's ancillary jurisdiction. (#25 at 5.) Mr. Johansen has conflated two distinct inquiries. Although *prima facie* **jurisdiction** exists arguably under 28 U.S.C. §1340, *see Progressive Consumers Federal Credit Union v. United States*, 79 F.3d 1228, 1230 n.1 (1st Cir. 1996), the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), does not waive **sovereign immunity.** *McLellan Highway Corp. v. U.S.*, 95 F. Supp.2d 1, 15 (D. Mass. 2000) (citing *Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 4 (1st 1989)). *See also United States v. Certain Land Situated in the City of Detroit*, 361 F.3d 305, 307 (6th Cir. 2004) (denying motion to intervene where intervenor had not independently established a waiver of sovereign immunity), *cert. denied sub nom Detroit Intern.*

*Bridge Co. v. U.S.*, –U.S.–, 125 S.Ct. 1115 (2005).

Thus, if Mr. Johansen could not have asserted a "quiet title" claim against the government *ab initio*, he may not avoid the doctrine of sovereign immunity by asserting his claim as an intervenor. *See, e.g.,* 4 *Moore's Federal Practice*, § 20.06[1] (Matthew Bender 3d ed.) (stating that "absent waiver, sovereign immunity protects the United States from claims against it in any form–whether asserted as an independent action, counterclaim, cross-claim, third-party claim, or claim in intervention."); 14 *Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d* § 3654 (noting that various immunity statutes may permit demands against the government and third-party claims, but only to the extent that they could have been brought as original actions).

Mr. Johansen argues, in any event, that he is entitled to invoke the waiver of sovereign immunity contained in 28 U.S.C. § 2410(a)(1). To be sure, 28 U.S.C. § 2410(a)(1) waives sovereign immunity in suits to "quiet title" to property on which the United States claims a lien. But the purpose of 28 U.S.C. § 2410 is to address the "practical problems facing owners whose property [is] encumbered by government liens." *Progressive Consumers Federal Credit Union,* 79 F.3d at 1231-1232. Section 2410(a)(1) thus waives the government's

sovereign immunity for a private party who has title to property, or asserts an ownership interest in property, *id*. at 1232-1233, and a party invoking section 2410 must assert an ownership interest in that property. *See, e.g., Progressive Consumers Federal Credit Union,* 79 F.3d at 1232 (jurisdiction under section 2410 "rests on the existence of the traditional controversy in which a private party asserts an ownership [interest] which is superior to the claimed lien of the United States government")(internal quotations and citations omitted); *In the Matter of Coppola,* 810 F. Supp. 429, 433 (E.D.N.Y. 1992)(stating that "consistent with the principle of common sense, actions under these provisions may be maintained only by claimants seeking to enforce their own rights in the property at issue."); *E.J. Friedman Co., Inc. v. United States*, 6 F.3d 1355, 1357-1358 (9 Cir., 1993) (party must allege property interest of his or her own to bring quiet title action under Section 2410); *United States v. Woolley*, 2003 WL 21790346, *1 (D. Neb. 2003) (collecting cases).

In this case, Johansen does not allege that he has an ownership interest in the Stoneham property. On the contrary, he vigorously disputes his ownership interest in the Stoneham property here, arguing that he conveyed the Stoneham property to Ms. Johansen as part of their divorce agreement. Instead,

he argues that the United States must be deemed to have waived its immunity to his claims because the United States itself presses the theory that Mr. Johansen has an ownership interest in the Stoneham property and that Ms. Johansen is a nominee of Mr. Johansen. In other words, the argument goes, the United States ought not be able to argue that Mr. Johansen has no ownership interest in the Stoneham property for sovereign immunity purposes while simultaneously maintaining for substantive purposes that Mr. Johansen is the true owner of the Stoneham property. (#25 at 12.) A similar argument has been rejected elsewhere, *see In the Matter of Coppola*, 810 F. Supp. 429, 432-433 (E.D.N.Y. 1992), and for the reasons that follow the Court rejects it here, particularly in light of the overwhelming judicial authority, *supra,* requiring an ownership interest as a prerequisite to a "quiet title" action.

The court in *Coppola, supra,* noted that standing under the quiet title provisions of 28 U.S.C. § 2140(a)(1) "is based on the presumption that the petitioner himself is making a claim of ownership to the property for which title is to be quieted . . . ," *id.* at 432, and that "actions under these provisions may be maintained only by claimants seeking to enforce their own rights in the property at issue." *Id.* at 433. In *Coppola*, however, as here, "the taxpayers' stance . . . and, indeed, their posture throughout th[e] litigation, has been at

odds with that requirement. Simply put, in each challenge that the taxpayers have interposed they have maintained that they have no property rights whatsoever in [the disputed property.]" *Id.* Because the taxpayers in *Coppola* disavowed any ownership interest in the property at issue, the *Coppola* court concluded that they could not rely on the quiet title provision of Section 2410 to pursue their claims. *Id. Accord United States v. Woolley,* 2003 WL 21790346, at *1-2.

Similarly, Mr. Johansen's argument collapses of its own weight: where he maintains that he has no property rights in the Stoneham property, he may not adjust his stance for purposes of invoking the waiver contained in section 2410. *Accord In the Matter of Coppola*, 810 F. Supp. at 433. The Court notes this result is not anomolous in the tax laws. For example, under the wrongful levy statute, 26 U.S.C. § 7426, the federal government waives its immunity to suit for those whose property was wrongfully seized to satisfy the tax liability of someone else; the statute, however, expressly prohibits the taxpayer from

invoking the remedy or the waiver of immunity.[2]

Finally, well-established principles of sovereign immunity dispose of Mr. Johansen's argument. A waiver of the government's sovereign immunity may not be implied, and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). For these reasons, the Court cannot deem the government to have waived its sovereign immunity simply because it argues that Mr. Johansen fraudulently conveyed the Stoneham property.

The Court need not reach Mr. Johansen's arguments in favor of intervention,[3] and recommends, for all the reasons set forth above, denying Mr. Johansen's petition to intervene.

### IV. Conclusion and Recommendation

---

[2] Though taxpayers who do claim an ownership interest in property are permitted to bring actions to quiet title on that property pursuant to § 2410(a)(1), they may only challenge procedural irregularities in the lien and not the underlying assessment. *See, e.g., McMillen v. United States Dep't of Treasury*, 960 F.2d 187, 189 (1st Cir. 1991).

[3] The Court notes, however, that Mr. Johansen's interests under a Rule 24(a) analysis are adequately represented by Ms. Johansen in this matter. When an existing party shares "the same ultimate goal" as a party who seeks to intervene, the adequacy of representation is presumed. *Moosehead Sanitary Dist. v. S.G. Phillips Corp.*, 610 F.2d 49, 54 (1st Cir. 1979). In order to overcome that presumption, a party must ordinarily demonstrate "adversity of interest, collusion, or nonfeasance." *Id.* (citations omitted). Here, although Ms. Johansen has filed a contempt order against Mr. Johansen for failing to hold her harmless for his tax liability, the Johansens' interests in this matter are in lock-step: Mr. Johansen concedes that Ms. Johansen "is only interested in establishing that the subject property is not available to satisfy Mr. Johansen's liability . . . ." (#15 at 6.) That presumably is also Mr. Johansen's goal.

In sum, Mr. Johansen's claims against the United States are barred by the doctrine of sovereign immunity. For that reason, I RECOMMEND that the Motion to Intervene as a Plaintiff by Ralph Johannsen (#17) be DENIED.

### V. *Review by the District Judge*

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

June 2, 2005.