UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLENE JOHANSEN,<br>    Plaintiff,<br>    Counterclaim Defendant<br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant,<br>    Counterclaim Plaintiff<br>v.<br><br>NATIONAL CITY MORTGAGE CO.,<br>and TIMOTHY BURKE,<br>    Counterclaim Defendants | Case No. 04-11789-RCL |

**RALPH JOHANSEN'S OBJECTION TO REPORT AND RECOMMENDATION ON MOTION TO INTERVENE**

Ralph Johansen hereby objects to the Report and Recommendation on Motion to Intervene as a Plaintiff pursuant to F.R.C.P. Rule 72. The basis for this objection includes all arguments set forth in Ralph Johansen's Motion to Intervene as a Plaintiff (Docket #17), his Memorandum in Support of Motion to Intervene (Docket #18), and his Reply Memorandum in Support of His Motion to Intervene as a Plaintiff (Docket #25), all of which are incorporated herein by reference.

As further basis for his objection and specifically addressing the reasoning of the Report and Recommendation, Ralph Johansen objects to the recommended ruling that the United States has not waived sovereign immunity for Ralph

Johansen's Complaint in Intervention for the following reasons:

### I. Ralph Johansen is Entitled to Invoke the Waiver of Sovereign Immunity Contained in 28 U.S.C. § 2410

The United States is immune from suit unless it consents to be sued. <u>United States v. Sherwood</u>, 312 U.S. 584 (1941). Absent an express waiver of sovereign immunity, federal courts do not have jurisdiction over suits against the United States. <u>Limar Shipping Ltd. v. United States</u>, 324 F.3d 1 (1st Cir. 2003).

In regard to suits against the United States to quiet title to property in which the United States claims a lien, the United States has expressly consented to be sued pursuant to 28 U.S.C. § 2410, which states in relevant part:

> Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named as a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter – (a) to quiet title to, . . . real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a). Ralph Johansen's Complaint in Intervention falls squarely within the waiver contained in this statute. Mr. Johansen has named the United States as

2

a party in his claim in the District Court to quiet title to property in which the United States claims a lien.

The statute is silent as to who may bring claims to quiet title to real estate. Nevertheless, as noted in the Report and Recommendation, courts have interpreted a requirement that a person must have some interest in the property to have standing to bring a quiet title claim against the United States. See United States v. Woolley, 2003 WL 21790346, *1 (D. Neb. 2003). Courts have stated that such a requirement is consistent by the principle of common sense. See In the Matter of Coppola, 810 F.Supp. 429, 433 (E.D.N.Y. 1992). However, decisions imposing such a requirement have not set forth a clear test of what interest is required and no decision concerning such a requirement has concerned a dispute of ownership similar to the one in the present case.

The Report and Recommendation adopts the position that a claimant must assert an ownership interest in the property to have standing to bring a quite title action against the United States. Other cases that determined a party must claim a present interest in the subject property in order to have standing did not involve an actual dispute concerning the ownership of the property. See Progressive Consumers Federal Credit Union v. United States, 79 F.3d

3

1228 (1st Cir., 1996); E.J. Friedman Co., Inc. v. United States, 6 F.3d 1355 (9th Cir., 1993); and Raulerson v. United States, 786 F.2d 1090 (11th Cir., 1986). As demonstrated by the facts of this case, where there is an actual dispute concerning ownership, a requirement that a claimant is only permitted to bring a quiet title claim if he takes a certain position on the merits is not consistent with the principles of common sense.

The Report and Recommendation relies on In the Matter of Coppola, 810 F.Supp. 429 (E.D.N.Y. 1992) to support its contention that the waiver of sovereign immunity of 28 U.S.C. § 2410 only applies to claimants who assert an ownership interest in the property. This decision is distinguished from the present situation in three important ways. First, the court reached the merits of the case on other grounds and therefore its finding concerning 28 U.S.C. § 2410 was not controlling. The court noted that because it reached the merits on other grounds it only examined the quiet title claim briefly. Coppola at 432. Second, the issue in controversy was not a dispute over ownership. Rather, the disputed issue was whether a Writ of Entry was based on probable cause. Coppola at 432. The taxpayers apparently attempted to use a quiet title claim as one argument to gain standing to challenge the probable

4

cause finding. Third, the dispute as to which person or entity owned the subject property concerned a distinction without a difference because the property was either owned by the taxpayers or corporations they owned and controlled. Coppola at 432. Therefore, the dispute as to who owned the property was essentially irrelevant to the parties.

The Report and Recommendation also relies on Progressive Consumers Federal Credit Union v. United States, 79 F.3d 1228 (1st Cir., 1996). Contrary to the Report and Recommendation, this decision supports Ralph Johansen's claim concerning the Congressional intent behind 28 U.S.C. § 2410. In Progressive, there was no dispute over who owned the subject property. Rather, the dispute solely concerned lien priority. The relevant issue facing the court was whether the scope of 28 U.S.C. § 2410 encompassed lien priority disputes. The United States argued lien priority disputes did not fall within the coverage of 28 U.S.C. § 2410. Progressive at 1231. In examining the scope of 28 U.S.C. § 2410, the Court discussed generally the types of disputes Congress intended to address. As noted in the Report and Recommendation, the Court stated that Congress intended 28 U.S.C. § 2410 to cover "practical problems facing owners whose property was encumbered by government liens." Progressive at 1232.

Ralph Johansen is nothing if not a person facing serious, practical problems as a result of the assertion of the United States that he fraudulently conveyed property encumbered by a government lien. Mr. Johansen is caught between the Massachusetts Probate and Family Court, which ordered him to transfer the property to his ex-wife, and the IRS, which alleges that the transfer was fraudulent. The outcome of this case will affect Mr. Johansen's tax liability, his obligation to his ex-wife, his obligation to the Massachusetts Probate and Family Court, and the Offer in Compromise he filed with the IRS. These are precisely the type of "practical problems" facing people disputing government liens. Whether he is an owner of the property is at the heart of this dispute and his voice should be heard when this Court renders a decision on that issue that will directly and substantially affect his interests. Indeed, this is the purpose of the statute.

II. **Ralph Johansen's Complaint in Intervention Should Not Be *de facto* Dismissed For Lack of Jurisdiction When There is A Material Jurisdictional Fact In Dispute**

It is obvious that 28 U.S.C. § 2410 waives sovereign immunity for claims made by a property owner. If the United States prevails on the merits of its claims, Ralph Johansen will be found to have a present interest in the property. Therefore, Ralph Johansen could then avail

6

himself of the waiver of sovereign immunity of 28 U.S.C. § 2410. Unfortunately, this would also mean he lost on the merits of this case. If the Report and Recommendation is adopted, Ralph Johansen could be bound by a determination he was prohibited from participating in when, in hindsight, it is established that his voice should have been heard.

The potential for this unjust situation to occur results from two procedural factors: first, the jurisdictional dispute is intertwined with the merits, as illustrated above, and second, the United States' Opposition to Ralph Johansen's Motion to Intervene is equivalent to a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Had Ralph Johansen asserted a quiet title action *ab initio*, the United States' would have filed a motion pursuant to Rule 12(b)(1) to challenge jurisdiction based on sovereign immunity.

Where resolution of the jurisdictional question is intertwined with the merits of the action, a court is required to treat a motion to dismiss for lack of subject matter jurisdiction as either a motion for dismissal under Rule 12(b)(6) or as one for summary judgment. See <u>Holt v. United States</u>, 46 F.3d 1000, 1003 (10th Cir., 1995); <u>Jones-</u>

Booker v. United States, 16 F.Supp.2d 52, 58 (D.Mass. 1998). The Holt Court stated:

> [W]hen ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment. [] Under this standard, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

(citations omitted) Holt v. United States, 46 F.3d 1000, 1003 (10th Cir., 1995) citing Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). In the present case, there is a dispute as to a material jurisdictional fact concerning whether Ralph Johansen owns the subject property. Ralph Johansen's Complaint in Intervention should not be essentially dismissed for lack of subject matter jurisdiction where there is a dispute as to a material jurisdictional fact.

> Applicant for Intervention,
> Ralph Johansen,
> By his Attorney,
>
> _____
> D. Sean McMahon, Esq.
> BBO# 567542
> Law Office of Meilman & Costa, P.C.
> 70 Wells Ave., Suite 200
> Newton, MA  02459
> Phone: (617) 969-9500
> Fax: (617) 969-0030

## CERTIFICATE OF SERVICE

I, D. Sean McMahon, Esq., hereby certify that on June 13, 2005 I served a copy of the foregoing document by first class mail, addressed as indicated below, upon the following:

>Timothy J. Burke, Esq.
>Burke & Associates
>400 Washington Street, Suite 303
>Braintree, MA 02184
>
>Stephen J. Turanchik, Esq.
>Trial Attorney, tax Division
>U.S. Department of Justice
>P.O. Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>
>Michelle C. Davenport, Esq.
>Harmon Law Offices, P.C.
>150 California Street
>Newton, MA 02458
>
>Richard A. Oetheimer, Esq.
>Goodwin Proctor, LLP
>Exchange Place
>Boston, MA 02109

_____
D. Sean McMahon, Esq.

9