UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                              )
MARLENE JOHANSEN,             )
                              )
     Plaintiff,               )
     Counterclaim Defendant,  )
                              )    Case No. 04-11789-RCL
v.                            )
                              )
UNITED STATES OF AMERICA,     )
                              )
     Defendant,               )
     Counterclaim Plaintiff,  )
                              )
v.                            )
                              )
NATIONAL CITY MORTGAGE CO.,   )
and TIMOTHY BURKE,            )
                              )
     Counterclaim Defendants. )
_____)
```

UNITED STATES' RESPONSE TO RALPH JOHANSEN'S
OBJECTION TO REPORT AND RECOMMENDATION ON MOTION TO INTERVENE

The United States of America, through undersigned counsel,
responds to Ralph Johansen's Objection to the Report and
Recommendation on his Motion to Intervene.

Background

On August 17, 2004, the Plaintiff, Marlene Johansen, filed
this action seeking to quiet title to real property located at 71
Pleasant Street, Stoneham, Massachusetts.  On October 18, 2004,
the United States filed an Answer and Counterclaim.  In that
pleading, the United States answered the Complaint by asserting
that its liens against Ralph Johansen, Marlene Johansen's former

436174.1

husband attached to the subject property and counterclaimed seeking to foreclose its federal tax liens.

On December 17, 2004, Ralph Johansen filed a Petition in Intervention, and enclosed a Complaint in Intervention in the event that his Petition is granted. Ralph Johansen sought to intervene because the United States intends to collect his tax liabilities in this proceeding.

On June 2, 2005, Magistrate Judge Collings issued a report and recommendation regarding Ralph Johansen's intervention. Magistrate Judge Collings recommended that the Petition to Intervene be denied because the United States has not waived its sovereign immunity to Ralph Johansen's Petition. Ralph Johansen has objected to the Report and Recommendation. The United States now responds to Ralph Johansen's objection. Because Magistrate Judge Collings correctly analyzed the law regarding the United States' waiver of sovereign immunity, the Report and Recommendation should be affirmed.


ARGUMENT

A.    THE REPORT AND RECOMMENDATION PROPERLY FOUND THAT THE UNITED
      STATES HAS NOT WAIVED ITS SOVEREIGN IMMUNITY

Under settled principles of sovereign immunity, "the United States, as sovereign, is immune from suit, save as it consents to be sued...and the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit." United

436174.1

States v. Dalm, 494 U.S. 596, 608 (1990).  The effect of this

doctrine is to allow suit against the United States only through

consents established by Congress.  Lehman v. Nakshian, 453 U.S.

156, 160 (1981).  Without the United States' consent to suit, the

District Court lacks subject matter jurisdiction. See United

States v. Mitchell, 463 U.S. 206, 215 (1983).  Waivers of the

government's sovereign immunity must be unequivocally expressed

and must be construed strictly in favor of the sovereign. See

United States v. Nordic Village, Inc., 112 S.Ct. 1011, 1014-15

(1992).

Under 28 U.S.C. §2410, the United States has waived its

sovereign immunity.  Section 2410 provides:

Actions affecting property on which United States has lien

> (a) Under the conditions prescribed in this section and
> section 1444 of this title for the protection of the
> United States, the United States may be named a party
> in any civil action or suit in any district court, or
> in any State court having jurisdiction of the subject
> matter--
>> (1) to quiet title to, . . . . .
>> real or personal property on which the United
>> States has or claims a mortgage or other lien.

In this case, Ralph Johansen does not claim an interest in the

real property.

In order to maintain an action under §2410, the claimant

must have some interest in the property to have standing.  The

Report and Recommendation correctly cited the law that a litigant

must assert an ownership interest in the subject property for a

436174.1

waiver of sovereign immunity under §2410.  As the First Circuit

has stated, the jurisdiction under §2410 "rests on the existence

of the traditional controversy in which a private party asserts

an ownership [interest] which is superior to the claimed lien of

the United States government."  Progressive Consumers Federal

Credit Union v. United States, 79 F.3d 1228, 1322 (1st Cir.

1996).  See also Shaw v. United States, 331 F.2d 493, 496-98 (9th

Cir. 1964) (dismissing quiet title action brought by the wife of

a taxpayer against whom the IRS had filed a notice of tax lien

because wife's complaint asserted no invasion of any property

interest of her own and therefore failed to state a claim under §

2410); Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 178 (8th Cir.

1978) (plaintiff could not seek reinstatement of lien under §

2410 because plaintiff no longer held a valid and subsisting lien

upon which to foreclose); E.J. Friedman Co., Inc. v. United

States, 6 F.3d 1355, 1358 (9th Cir.1993) (absent holding an

interest in the property, § 2410 does not permit plaintiff to

bring an action to quiet title to the property); Raulerson v.

United States, 786 F.2d 1090, 1091 (11th Cir.1986) (an action to

quiet title under § 2410 cannot be brought by a party that has

forfeited its rights in the property). "Standing under [§ 2410]

is based on the presumption that the petitioner himself is making

a claim of ownership to the property for which title is to be

quieted ..." Matter of Coppola, 810 F.Supp. 429, 432

436174.1

(E.D.N.Y.1992).

Ralph Johansen contends that the case of Progressive Consumers Federal Credit Union v. United States, 79 F.3d 1228, 1322 (1st Cir. 1996) supports his position that he need not have a claim to the property to have standing to bring a quiet title action under §2410.  In Progressive, the Plaintiff sought a determination of lien priority vis-a-vis a federal tax lien.  The First Circuit found that the Plaintiff, a competing creditor of the United States, had standing to bring the quiet title action. In that case, the Plaintiff asserted an interest in the property; that is, Progressive asserted that its mortgage was superior to the federal tax lien and thus claimed a current interest in the property.  In this case, Ralph Johansen asserts no interest in the property and therefore, the United States has not waived its sovereign immunity to his claim.


B.    RALPH JOHANSEN CANNOT ASSERT THAT THERE ARE JURISDICTIONAL
      FACTS IN DISPUTE

In his objection to the Report and Recommendation, Ralph Johansen contends that there is a question of fact that will determine whether the United States has waived its sovereign immunity.  Ralph Johansen further contends that the Court is required to treat a motion to dismiss for lack of subject matter jurisdiction as either a motion to dismiss under Fed.R.Civ.P. 12(b)(6) or as a motion for summary judgment.

436174.1

When ruling on a motion to dismiss under Rule 12(b)(6) a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. See Pejepscot Indus. Park v. Maine Cent. R.R., 215 F.3d 195, 197 (1st Cir. 2000). In this case, Ralph Johansen has pled that he does not have an interest in the property and does not claim an interest. Accepting these facts as true (for purposes of the motion to dismiss) then the United States has not waived its sovereign immunity. Thus, even accepting all of Ralph Johansen's allegations as true, he has still not set forth that the United States has waived its sovereign immunity.

As the Report and Recommendation properly concluded:

> Mr. Johansen's argument collapses of its own weight: where he maintains that he has no property rights in the Stoneham property, he may not adjust his stance for purposes of invoking the waiver contained in section 2410.

436174.1

Conclusion

Because the Report and Recommendation properly determined that the United States has not waived its sovereign immunity to Ralph Johansen's claim, the Report and Recommendation should be affirmed.


/s/ Stephen J. Turanchik

STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565
stephen.j.turanchik@usdoj.gov

436174.1

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Response to Ralph Johansen's Objection to Report and Recommendation on Motion to Intervene has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 21st day of June, 2005:


Timothy J. Burke
400 Washington Street, Suite 303
Braintree, MA 02184

D. Sean McMahon
Meilman & Costa
70 Wells Avenue, Suite 200
Newton, MA 02459



/s/ Stephen J. Turanchik


STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565