# United States District Court
# District of Massachusetts

MARLENE JOHANSEN,
    Plaintiff,
    Defendant-in-Counterclaim,

    v.                             CIVIL ACTION NO. 2004-11789-RCL

UNITED STATES OF AMERICA,
    Defendant, Plaintiff-in-Counterclaim,

    v.

NATIONAL CITY MORTGAGE COMPANY,
TIMOTHY BURKE,
    Additional Defendants-in-Counterclaim.

## *REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO DISMISS AND STRIKE COUNTERCLAIMS (#9) AND ON THE COUNTERCLAIM DEFENDANT'S <u>MOTION TO DISMISS COUNTERCLAIM (#28)</u>*

Case 1:04-cv-11789-RCL    Document 46    Filed 07/14/2005    Page 2 of 17

COLLINGS, U.S.M.J.

## I. *Introduction*

This matter is before the Court on the plaintiff's motion to dismiss and strike counterclaims (#9) and the counterclaim defendant's motion to dismiss counterclaim (#28). The plaintiff, Marlene Johansen ("Ms. Johansen"), filed this quiet title suit pursuant to 28 U.S.C.§ 2410(a)(1) against the United States (the "defendant"), challenging a federal tax lien on residential property located at 71 Pleasant Street, Stoneham, Massachusetts ("the Stoneham property"). Both Ms. Johansen and the plaintiff's ex-husband, Ralph Johansen ("Mr. Johansen"), maintain that Mr. Johansen transferred his ownership interest in the Stoneham property to Ms. Johansen as part of a divorce agreement, that Ms. Johansen owns the Stoneham property free and clear of any federal tax liens, and that the Stoneham property is not available to satisfy Mr. Johansen's tax liability.

The motions currently before the Court involve the defendant's counterclaims against Ms. Johansen, Timothy Burke ("Burke"), Ms. Johansen's attorney, and National City Mortgage Company ("National City Mortgage"), a mortgage company that holds a lien on the Stoneham property. In its Answer (#7), the defendant purports to assert counterclaims against Ms. Johansen,

Burke and National Mortgage because they may all "claim an interest in the [Stoneham] property upon which the [defendant] seeks to foreclose liens." (#7 ¶¶ 27, 28)[1]. The Court shall recommend that the plaintiff's motion to strike and dismiss counterclaims and the counterclaim defendant's motion to dismiss both be denied.

## II. *Factual Background*

The following facts are gleaned from the Complaint (#1) and other documents currently before the Court. Ms. Johansen is an individual who currently resides at 71 Pleasant Street, Stoneham, Massachusetts. (#1 ¶ 1) Mr. Johansen filed for divorce on November 16, 1998. (#1 ¶ 5) The Judgment of Divorce Nisi issued by the Massachusetts Probate and Family Court dated March 21, 2001 found that Mr. Johansen had federal tax liability of $171,379.00, and ordered the Stoneham property to be sold to settle the federal tax liability. (#1, Exh. 2) Subsequently, on December 24, 2001, the Johansens submitted a modification of the divorce decree in which Mr. Johansen agreed, among other things, to transfer his interest in the Stoneham property to Ms. Johansen by quitclaim deed, to assume sole responsibility for his tax liability and to hold Ms.

---

[1] The counterclaims against Ms. Johansen are for foreclosure of tax liens and fraudulent conveyance and the counterclaims against Burke and National City Mortgage are for foreclosure of tax liens.

Johansen harmless for his tax liability. (#1, Exh. 4)  That modification was incorporated into the Judgment of Divorce Nisi. (#1, Exh. 4)

On January 4, 2002, the Johansens executed a quitclaim deed.  (#1, Exh. 5)  The deed was recorded on December 11, 2002.  (#1 ¶ 16)  On December 18, 2002, a Notice of Federal Tax Lien was recorded on the Stoneham property against Mr. Johansen as taxpayer.  (#1 ¶ 17; Exh. 6)  On January 21, 2004, a Notice of Federal Tax Lien was recorded on the Stoneham property against Ms. Johansen as nominee for Mr. Johansen. (#1 ¶ 19; Exh. 7)  On August 17, 2004, Ms. Johansen filed this action against the United States asserting that the tax lien is invalid, and seeking to quiet title on the Stoneham property.

### III. Discussion

#### A. Burke and National City Mortgage

In its Answer and Counterclaim, the defendant answers the complaint filed by Ms. Johansen and asserts counterclaims against Burke and National City Mortgage.  According to the defendant, the basis of these counterclaims is that both Burke and National City Mortgage may claim an interest in the Stoneham property, the property which is the subject of the underlying action, because Ms. Johansen gave mortgages on the Stoneham property to both Burke and National City Mortgage. (#7 ¶¶ 39, 40) In response, both Ms. Johansen and Burke filed

the instant motions to dismiss with supporting memoranda of law; Ms. Johansen asserts that the counterclaims must be dismissed because Burke and National City Mortgage are not parties to this action and because there is no "reasonable application of law" which would support the counterclaims and, similarly, Burke posits that the defendant's counterclaim against him should be dismissed because the defendant could not prevail on its counterclaim. (##9, 28)[2]

Ms. Johansen argues that the defendant's counterclaims against Burke and National City Mortgage must be dismissed because a party cannot assert a counterclaim against an entity that is not a party to the action. However, Burke and National City Mortgage actually have been made parties to the instant action, although proof service on them has not yet been filed with the Court.[3]

It is a fairly basic premise that counterclaims can be lodged only against

---

[2] The Memorandum in Support of Plaintiff's Motion to Dismiss and Strike Counterclaims is docket entry #10 and Burke's supporting memorandum, mistakenly entitled "Memorandum in Support of Plaintiff's Motion to Dismiss and Strike Counterclaim," is docket entry #29. National City Mortgage did not file any motion regarding the counterclaims.

[3] On July 7, 2005, Mr. Turanchik, attorney for the defendant, informed the Court by telephone that he has served Burke and National City Mortgage with process and that he would file proof of service forthwith. Additionally, he informed the Court that the defendant and National City Mortgage had entered into a stipulation in which both parties agreed that National City Mortgage's mortgage on the Stoneham property had priority over the defendant's lien. *See* Stipulation and Order #39. The Court (Lindsay, J.) endorsed the stipulation and order on May 20, 2005 (#41).

those entities which are already parties to the action. "[A] counterclaim or cross-claim may not be directed...against persons who are not already parties to the original action...." Wright & Miller, 6 Fed. Prac. & Procedure Civ. 2d § 1435 (2005); *see also* Wright & Miller, 6 Fed. Prac. & Procedure Civ. 2d § 1404 (2005)("[T]he first sentence of [Federal] Rule 13(b) allows...a pleader to state a counterclaim that he has against an 'opposing party' at the time he serves his pleading."); *Operating Engineers Pension Trust v. Cecil Backhoe Service, Inc.*, 795 F.2d 1501, 1504, n. 1 (9 Cir., 1986)("Although styled a 'counterclaim', ...the claim against Local 12 and Joseph Chaves was in fact a third party claim because Local 12 and Chaves were not already parties to the action."); *UMLIC VP LLC v. Belardo*, No. Civ. 2003/0037, 2003 WL 23218497, * 1 (D. Virgin Islands, May 8, 2003)("Rule 13 of the Fed.R.Civ.P. allows persons who are already parties to an action to assert counterclaims against an opposing party."); *Bank of Vermont v. Lyndonville Sav. Bank & Trust Co.*, 906 F. Supp. 221, 228 (D. Vt., 1995)(holding that counterclaim could not be stated against a nonparty to the lawsuit who had not been served with a summons as a third party).

However, Fed. R. Civ. P. 13(h) provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or

cross-claim in accordance with the provisions of Rules 19 and 20 [the joinder rules]." Thus, Burke and National City Mortgage have been made parties to the defendant's counterclaim against Ms. Johansen pursuant to Fed. R. Civ. P. 19(a) which explains that:

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

In the case at bar, it seems that complete relief could not properly be accorded without the presence of Burke and National City Mortgage. Ms. Johansen sued the defendant to "quiet title" on the Stoneham property and the defendant counterclaimed against Ms. Johansen in order to foreclose its tax liens on that property. Both Burke and Johansen hold liens on that same property. Thus, in order for a proper determination to be made in this case-- that is, who has valid liens on the Stoneham property and which liens take

priority--Burke and National City Mortgage should be parties to the counterclaim asserted by the defendant against Ms. Johansen.[4]

Because the defendant has made Burke and National City Mortgage parties to the counterclaim against Ms. Johansen, the Court shall recommend that the Motion to Dismiss and Strike Counterclaims and the Counterclaim Defendant's Motion to Dismiss Counterclaim be denied.[5]

### B.  Ms. Johansen

Ms. Johansen moved to dismiss or strike the two counterclaims against her on the grounds that they are unsupportable as a matter of law. (#10, pp. 5, 11) First, she argues that there is "no reasonable application of law which would support the contention that [she] is holding the property as a nominee" for her ex-husband (#10, p. 5) and next, she contends that the Stoneham property could not have been fraudulently conveyed to her because it was done at the behest of the probate court. (#10, p. 11)[6] The defendant responds by

---

[4] As will be discussed in detail below, the Court shall recommend that the counterclaims asserted by the defendant against Ms. Johansen remain in the case.

[5] Burke argues that the counterclaim against him should be dismissed because, in essence, it failed to state a claim. However, because Burke is necessary for proper resolution of this matter and for the reasons discussed below in the section addressing the counterclaim for foreclosure of a tax lien against Ms. Johansen, the Court finds that the defendant did sufficiently state a claim against Burke.

[6] Both Burke and Ms. Johansen also posited that the defendant's counterclaims cannot stand because the defendant makes reference to one Susan Bertrand as holding title to the Stoneham property. Clearly,

asserting that it has set forth sufficient facts to entitle it to relief. Specifically, it argues that in Count I it properly alleged that assessments were made and notice and demand were made on the taxpayer (#13, p. 7) and that in Count II it was sufficient to allege that the conveyance of the Stoneham property to Ms. Johansen was not made for adequate consideration and that Mr. Johansen was insolvent at the time of the transfer. (#13, pp. 13-14)

Although not specifically styled as such, Ms. Johansen's motion to dismiss the claims against her is a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The motion to dismiss standard is familiar. The party filing the 12(b)(6) motion asserts that one or more of an opponent's claims fail because the underlying allegations, even if true, fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Accordingly, the appropriate inquiry on a motion to dismiss is whether, based on the allegations of the complaint, the plaintiffs are "entitled to offer evidence to support their claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, in reviewing a motion to dismiss, a court should accept as true "all well-pleaded

---

the inclusion of the name Susan Bertrand was a typographical error, probably the result of the defendant's careless "cutting and pasting" of another pleading. It is obvious from the rest of the pleading that the defendant meant to refer to Ms. Johansen when it used the name "Susan Bertrand." The Court, therefore, does not address the "Susan Bertrand" argument.

factual allegations and draw all reasonable inferences as favorable to the non-movant." *Carroll v. Xerox Corp.*, 294 F.3d 231, 241 (1 Cir., 2002). "If, under any theory, the complaint is 'sufficient to state a cause of action in accordance with the law, a motion to dismiss the complaint must be denied.'" *Duncan v. Santaniello*, 900 F. Supp. 547, 549 (D. Mass., 1995) *(citing Knight v. Mills*, 836 F.2d 659, 664 (1 Cir., 1987)).

Thus, in order to decide whether the defendant's counterclaims against Ms. Johansen–for foreclosure of federal tax liens (Count I) and for fraudulent conveyance (Count II)--should remain in the case, the Court, viewing the factual allegations in light most favorable to the defendant, must determine whether the defendant has set forth claims upon which relief could be granted.

1.   *Foreclosure of Federal Tax Lien*

Ms. Johansen contends that the defendant's claim for foreclosure of a tax lien should be dismissed because the transfer of the Stoneham property was equitable given that it was made for adequate and full consideration. (#10, pp. 6-11) Apparently, Ms. Johansen misapprehends the meaning of a motion to

dismiss for failure to state a claim. That is, she puts forth arguments requiring an in-depth legal analysis and while it may eventually bear out that Ms. Johansen is entitled to judgment as a matter of law, at this point in the case, the issue before the Court is merely whether the defendant sufficiently has stated a claim for foreclosure of a federal tax lien.

In *U.S. v. Blakeman,* 997 F.2d 1084, 1089 (5 Cir., 1992), *cert. denied,* 510 U.S. 1042 (1994), the court held that the government had stated a claim based on a federal tax lien under 26 U.S.C. § 6321 because the complaint "(i) sets forth...the date the government assessed the estate tax against the estate; (ii) contains allegations that the government gave notice of the assessment, demanded payment, and filed notice of the lien...; and (iii) states that the government was 'seek[ing] foreclosure of its federal tax lien.'"[7] The *Blakeman* court found that the complaint's "allegations were sufficient to put defendants on notice that the government was seeking foreclosure under the general

---

[7] Although this case was ultimately superseded by statute, that statute is irrelevant for purposes of analyzing the case at bar.

federal tax lien statute."

Similarly, in the case at bar, the defendant adequately has stated a claim for foreclosure of a tax lien. Specifically, the defendant set out the dates of the assessments (#7 ¶ 29); alleged that it had given notice of the assessments, demanded payment and filed notice of its lien (#7 ¶¶ 30, 38); and stated that it was seeking foreclosure of its tax lien (#7 pp. 7, 14).[8] Thus, Ms. Johansen's motion to dismiss Count I of the counterclaim should be denied.

2.  *Fraudulent Conveyance*

In its counterclaim, the defendant does not set forth a statutory section pursuant to which it is pursuing its fraudulent conveyance claim. However, in general under Massachusetts law, a fraudulent conveyance action must include claims that the transferor was "insolvent at the time of the conveyance (or rendered insolvent by it)" and that "the conveyance [was made] without fair consideration." *Federal Refinance Co., Inc. v. Klock*, 352 F.3d 16, 24 (1 Cir.,

---

[8] Additionally, the defendant in the instant case made specific reference to the federal statutes pursuant to which it was bringing suit (#7 ¶¶ 41, 43), something that was missing in the complaint in the *Blakeman* case. 997 F.2d at 1089.

13

2003); *see also* Mass. Gen. L. c. 109A, § 5(a)("A transfer made...by a debtor is fraudulent...if the debtor made the transfer (2) without receiving a reasonably equivalent value in exchange for the transfer...and (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay...."). In the instant case, the defendant has pled adequately a claim for fraudulent conveyance at least as against Mr. Johansen–it alleges that the transfer of the Stoneham property was made for $1.00, less than equivalent value (#7 ¶¶ 35, 42, 46), and that when Mr. Johansen made the conveyance, he was insolvent. (#7 ¶ 48)

However, the remaining issue is whether the defendant has pled sufficiently a claim for fraudulent conveyance as against *Ms. Johansen.* Since the defendant alleged that Ms. Johansen did not pay adequate consideration for the Stoneham property, it need not allege that she shared in Mr. Johansen's purported fraudulent intent. *See Cushman v. Noe*, 242 Mass. 496, 502, 136 N.E. 567, 568 (1922). Thus, the defendant has alleged enough to state a claim

14

against Ms. Johansen for fraudulent conveyance.[9]

Ms. Johansen, in lodging her motion to dismiss the counterclaims, argues that the conveyance of the Stoneham property was for fair value and that the conveyance could not have been fraudulent because it was done pursuant to a judgment of the probate court. (#10, pp. 11-12) While those arguments eventually may prove to be correct, that is best determined at a later stage of this case. At this juncture, the Court only need decide whether the defendant has stated a claim for fraudulent conveyance, and the Court finds that the defendant has done so. Therefore, Ms. Johansen's motion to dismiss Count II of the counterclaim should be denied.

---

[9] The Court notes that the defendant, even though it was not required to, likely has set forth enough to support the allegation that Ms. Johansen was aware of Mr. Johansen's supposed fraud. *See* #7 ¶ 49 (When Mr. Johansen "purportedly transferred his legal title in the [Stoneham] Property to Marlene Johansen, both [Mr. Johansen] and Marlene Johansen knew that [Mr. Johansen] had unpaid federal tax liabilities.").

15

## IV. *Conclusion and Recommendation*

In sum, the defendant sufficiently has stated counterclaims against Ms. Johansen for foreclosure of tax liens and for fraudulent conveyance. Moreover, the defendant properly has joined Burke and National City Mortgage as parties to the counterclaim against Ms. Johansen. For those reasons, I RECOMMEND that the Plaintiff's Motion to Dismiss and Strike Counterclaims (#9) be DENIED and that the Counterclaim Defendant's Motion to Dismiss Counterclaim (#28) be DENIED.

## V. *Review by the District Judge*

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further

advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

July 14, 2005.