COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.  PROBATE AND FAMILY COURT DEPARTMENT
DOCKET NO. 98D-4536-DV1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RALPH JOHANSEN, \*
   Plaintiff  \*
                  \*
v.   \*
                  \*
MARLENE JOHANSEN, \*
   Defendant  \*
                  \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



GOVERNMENT EXHIBIT 4

## PLAINTIFF'S PRE-TRIAL MEMORANDUM

### BACKGROUND

Ralph Johansen (the "Husband") and Marlene Johansen (the "Wife") were married on November 29, 1980. It was the second marriage for the Wife and the first marriage for the Husband. No children were born of their marriage. The Husband is 52 and in good health; the Wife is 51 and in good health. The marriage was troubled for a number of years and the parties separated on October 13, 1997. The Husband filed a Complaint for Divorce on November 16, 1998. After his Constable had attempted eight (8) times to serve the Wife without success, the Husband was allowed to serve her by mail and delivery to her home.

The Husband is a manager of Leisure Product Development for the Canadian Tourism Bureau and earns $1,634.30 per week. The Wife, who had been a bank branch manager when the parties married, had not worked full-time for many years. She was working part-time for Weight Watchers when the parties separated. She is now employed by National Leisure Group as a travel agent and earns $462.00 per week.

BENJAMIN & BENSON
COUNSELLORS AT LAW
BULFINCH SQUARE
THORNDIKE STREET
CAMBRIDGE, MA 02141-1717
(617) 577-1515

Pursuant to a temporary order dated April 9, 1999 entered when the wife earned $303.00 per week, the Husband is paying alimony of $515.00 per week. She now earns $462.00 per week. The Wife also receives $92.00 per week rental income from the duplex.

The parties own a duplex in Stoneham valued at $375,000.00. The Husband has a pension plan from the Canadian Tourism Bureau which at its most recent valuation will pay the Husband $1,643.27 per month if he retires at age 62, with 50% to continue to the Wife upon the Husband's death. The parties also have significant liabilities. When they separated, they had not yet filed state or federal income taxes from 1993 onward. Commencing in 1998, the Wife filed her tax returns separately. The Husband has filed their 1993 and 1994 tax returns. He cashed in an IRA and used the proceeds to pay the IRS and DOR. Because the Husband is employed by the Canadian government, no withholdings are deducted from his salary, which compounded their tax problem. Although the Wife knew that no taxes were filed, and was supported by the Husband's income during these years, she takes the position that payment of the taxes is solely the Husband's responsibility. She takes the same position as to their credit card liabilities. The Husband has paid some of their joint debt since separation specifically the Discover and MBNA credit cards.

The parties held a four-way conference on September 28, 2000 but were unable to settle their differences. Part of the difficulty has been in obtaining the value of the former marital home and the value of the Husband's pension. Starting in April 2000, the Husband proposed a joint valuation of the real estate. Upon being informed that the Wife had no funds to share the cost, the Husband offered to pay for the appraisal. Since the Wife had canceled her home telephone, the appraiser could not reach her to set up an appointment. The Husband

NJAMIN & BENSON
JUNSELLORS AT LAW
BULFINCH SQUARE
THORNDIKE STREET
BRIDGE, MA 02141-1717
(617) 577-1515

2

scheduled a Motion to Compel real estate valuation, but the appraisal was not completed. For purposes of negotiation and pretrial, the Husband is prepared to accept the Wife's valuation.

On February 22, 2000, the Husband provided all the documents relative to his pension that he obtained from the Canadian Embassy, including a current statement of monthly benefits. Upon learning that the Wife had retained Alan Keith to value the pensions, the Husband requested the valuation in order that his expert, Frank Peters, review it. On May 2, 2000, the Husband again requested an update; on July 18, 2000 and again on August 10, 2000. To date, the pension has not been analyzed for its present value.

Also, at the four-way meeting, the Husband requested, not for the first time, that he have an opportunity to obtain personal papers, clothing and a desk from his den. The Wife informed him that she had given away or "burned" his things, and that she no longer had anything of his at her house. At that point the meeting concluded.

B.  A statement of contested issues of fact and law and progress of agreement on such, if any.

1. <u>Alimony</u>. The Husband wants to reduce alimony to $330.00 per week. The Wife will not accept any reduction.

2. <u>Asset Division</u>. The Husband wants the duplex sold and the net proceeds utilized in the first instance to pay their outstanding joint tax liabilities for prior years, with the Wife amending her 1998 and 1999 filing to joint returns and receiving credit for any taxes paid by her in those years. The remainder of the net proceeds should be shared equally by the parties. The Husband has offered to divide the coverture portion of his retirement pension, in which he is fully vested, 50% to the Wife on an if, as and when

NJAMIN & BENSON
DUNSELLORS AT LAW
BULFINCH SQUARE
I THORNDIKE STREET
IBRIDGE, MA 02141-1717
(617) 577-1515

3

retirement pension, in which he is fully vested, 50% to the Wife on an if, as and when basis. The Wife wants to offset the present value of the Husband's pension against the value of the home, keeping the home for herself.

<u>Liabilities</u>. The Husband believes that he and his wife both share responsibility for past due taxes and liabilities incurred prior to separation. It is his contention that the house proceeds are the only realistic source for payment of these liabilities. The Wife believes the responsibility for payment of these debts to be the Husband's solely.

C. Certification that all discovery has been completed; if discovery has not been completed, <u>list what remains to be done.</u>

The Husband reserves the right to supplement this list prior to trial.

D. <u>Copies of current financial statements and any other pertinent financial data.</u>

A copy of Husband's Financial Statement is attached hereto.

E. <u>A list of potential witnesses.</u>

The Husband
The Wife
Ed Miano, Atlantic Appraisal, Real Estate Appraiser
Steve Friedman, CPA, Accountant
The Husband reserves the right to supplement this list prior to trial.

F. <u>A list of all exhibits which counsel intend to introduce at the trial.</u>

Financial statements of both parties.
Husband's retirement plan documents
Real Estate Appraisal
Tax Returns for years 1993 through 1999 for the parties.
The Husband reserves the right to supplement this list prior to trial.

G. <u>Depositions proposed to be used as evidence to be read into the record. Use of depositions at the trial are subject to the provisions of Mass. R. Dom. Rel. P. 32.</u>

None. The Husband reserves the right to depose the Wife prior to trial.

NJAMIN & BENSON
DUNSELLORS AT LAW
BULFINCH SQUARE
THORNDIKE STREET
BRIDGE, MA 02141-1717
(617) 577-1515

H. <u>Stipulation of current value(s) and costs of all realty and personality in issue.</u>

See financial statement.

I. <u>A realistic time estimate of trial time.</u>

One and one-half days.

J. <u>If there are issues of alimony and the assignment of property under Chapter 208, Section 34, a written offer of proof setting forth the evidence each party intends to produce with respect to each of the factors enumerated under the statute should be filed.</u>

See Background.

                                        Respectfully submitted,
                                        RALPH JOHANSEN,
                                        By His Attorney,

                                        Phyllis K. Kolman
                                        Benjamin & Benson
                                        43 Thorndike Street
                                        Cambridge, MA 02141-1717
                                        (617) 577-1515

Dated:    October 2, 2000

BENJAMIN & BENSON
COUNSELLORS AT LAW
BULFINCH SQUARE
43 THORNDIKE STREET
CAMBRIDGE, MA 02141-1717
(617) 577-1515