# COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                                          PROBATE COURT

                                                        NO. 98D4536-DV1

Marlene Johansen _____, Plaintiff

v.

Ralph Johansen _____, Defendant

## MODIFICATION JUDGMENT

This action came on hearing before the Court, __at Cambridge__

__Beverly Weinger Boorstein__, J. presiding, and the issues having been heard and findings having been duly rendered,

It is Ordered and Adjudged:

The Judgment of Divorce Nisi dated March 21, 2001 be so modified in accordance with the terms of an Agreement dated December 24, 2001 filed, incorporated and not merged in this Judgment but nevertheless shall survive and have independent legal significance, except for alimony issues which shall merge. The parties are ordered to comply with the terms thereof. In all other respects the Judgment dated March 21, 2001 remains in full force and effect.

GOVERNMENT EXHIBIT 13

DEC 24 2001                              _____
_____                              _____
Date                                     Judge of Probate Court

# COMMONWEALTH OF MASSACHUSETTS

THE TRIAL COURT
PROBATE & FAMILY COURT

7.

MIDDLESEX ss                                    DOCKET NO. 98D-4536-DV1

Marlene Johansen _____ PLAINTIFF        ~~STIPULATION~~/AGREEMENT
                    vs                           OF PARTIES
Ralph Johansen _____ DEFENDANT

IT IS HEREBY AGREED/~~STIPULATED~~ THAT THE FOLLOWING SHALL BE MADE ~~AN ORDER~~ OF JUDGEMENT OF THIS COURT.

1. Marlene Johansen forthwith shall withdraw or request dismissal of her appeal of the Judgment Nisi of Divorce, Appeals Court No. 01-3-294; No. 98D-4536-DV1 in Middlesex Probate & Family Court. Neither party shall file any further appeals as to any aspect of the divorce judgment or this Agreement for Judgment dated December 24, 2001.

2. Ralph Johansen shall forthwith execute a quitclaim deed transferring all of his interest in the former marital home located in Stoneham to the Wife. His attorney shall hold the deed in escrow pending notification from the appellate court that the appeal is dismissed, at which time she shall immediately turn over the deed to Marlene Johansen's attorney. She continues to be responsible for all expenses of the property except the equity line.

3. Ralph Johansen shall forthwith ensure that said equity line is paid in full.

4. Commencing forthwith* Ralph Johansen shall commence paying Marlene Johansen the sum of $400.00 per week as alimony, taxable to her and deductible by him on their tax returns, payable until the earlier of the death of [illegible] or [illegible].

_____          _____
PLAINTIFF                           DEFENDANT

_____          Phyllis Kolman
PLAINTIFF'S ATTORNEY                DEFENDANT'S ATTORNEY

December 24, 2001                   December 24, 2001
DATE                                DATE

* Payment due Friday 12/28/01

7.

(Continued from the other side)

either party or remarriage of Marlene Johnson.

5. Marlene Johnson hereby waives her claim to any portion of the Husband's retirement, including any claims to all income/value Ralph Johnson shall derive therefrom in future and/or accrued post-divorce, in both segments (RPP & QPP) or any other future pension designation all of which has been disclosed

6. Ralph Johnson shall be solely responsible for payment of taxes, interest and penalties to the IRS and/or DOR due as a result of his non-filing of tax returns for the years set forth in the Divorce judgment, paragraph 2 and he shall hold harmless Marlene Johnson for any liability as a result of said returns.

7. This agreement supersedes paragraph 1 and deletes paragraphs 3, 4, 5, 6, and 7 and further eliminates paragraph 8 and 9, since the marital home is being transferred to Marlene Johnson and Ralph Johnson retains all benefits relative to his retirement. Paragraph 20 of the Judgment Nisi is also deleted by this Agreement.

8. Except as set forth herein, the parties reaffirm the Judgment Nisi of Divorce dated March 21, 2001.

9. This Agreement shall be entered for Judgment on Marlene Johnson's Complaint for Contempt but Ralph Johnson shall not be adjudged in Contempt.

10. Each party shall be solely responsible for his and her attorney's fees and neither shall seek payment from the other for said fees.

_____          _____
PLAINTIFF                        DEFENDANT

_____          _____
PLAINTIFF'S ATTORNEY             DEFENDANT'S ATTORNEY

December 24, 2001
DATE                             WITNESS