UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**MARLENE JOHANSEN**

**Plaintiff and Counterclaim Defendant**

**v.**

**UNITED STATES OF AMERICA**

**Defendant and Counterclaim Plaintiff**

**v.**

**TIMOTHY BURKE**

**Counterclaim Defendant**

Civil Action No. 04-11789-RCL

**MEMORANDUM IN SUPPORT OF TIMOTHY BURKE'S MOTION
FOR SUMMARY JUDGMENT**

I.   Procedural History.

The Plaintiff filed a quiet title action pursuant to 28 USCA Section 2410 on August 17, 2004. The United States filed counterclaims against the Plaintiff, her counsel ("Burke") and her mortgage holder. The claim against the mortgage holder was dismissed. Burke's Motion to Dismiss pursuant to Rule 12(b)(6) was referred to Magistrate Collings. Magistrate Collings found that the matter was not properly dismissed. Burke did not object to the Magistrate's Ruling and filed an Answer on August 1, 2005.

II.   Facts.

The Plaintiff, Marlene Johansen (hereinafter referred to as "Ms. Johansen") and Ralph Johansen (hereinafter referred to as "Mr. Johansen") were married on November 29, 1980. (Burke's Statement of

Undisputed Facts ("SUF") Number ("No.") 1.)

On or about March 27, 1984, Marlene and Ralph Johansen bought 71 Pleasant Street in Stoneham, Massachusetts taking title as Tenants by the Entirety (the "Home"). (SUF No. 2.)

Mr. Johansen filed for divorce on November 16, 1998. (SUF No. 3.)

On March 21, 2001 the Honorable Mary Anne Sahagian, Justice of the Massachusetts Probate and Family Court ruled (the "Ruling") that the Home had a value of $325,000. and was subject to encumbrances of a first mortgage with a balance of $144,648., as well as a second mortgage with a balance of $7,964.73.(SUF No. 4.)

The Ruling also found that Mr. Johansen had a liability to the Internal Revenue Service in the amount of $171,379. and the Massachusetts Department of Revenue of $28,333. (and an undetermined additional amount).(SUF No. 5.)

The Ruling held that:

> The only real asset that the parties have, other than the Husband's defined benefit pension plan, is the marital home which has equity of approximately $172,387.00.
> ...
> Unfortunately, the only asset available to the parties to address the enormous tax liability is the marital home. Accordingly, the home must be sold and proceeds used for this purpose. (SUF No. 6.)

Marlene Johansen filed a timely appeal of the Probate and Family Court's ruling and further filed a Motion for a Stay of the Divorce Judgment. (SUF No. 7.)

On June 7, 2001, Justice Dreben of the Massachusetts Appeals Court sitting as a single justice, issued an order stating:

    Paragraphs 3-7 of the divorce judgment dated March 21, 2001 are stayed pending determination of the defendant's appeal. Whether the defendant's interest may be reached by the IRS may involve additional issues not determined or determinable by the Probate Court. (SUF No. 8.)

    The Division of Mr. Johansen's pension was not stayed by Judge Dreben's order. (SUF No. 9.)

    On or about July 26, 2004, Mr. Johansen moved the Probate Court to Stay the division of his pension. (SUF No. 10.)

    On September 21, 2001, Mr. Johansen's Motion to Stay the Division of his Pension was denied. (SUF No. 11.)

    On or about October 31, 2001, Ms. Johansen filed a Complaint for Contempt with the Probate Court due to Mr. Johansen's failure to comply with the Probate Court's Judgment. (SUF No. 12.)

    On December 17, 2001, Mr. Johansen's counsel made a settlement offer to Ms. Johansen's counsel. (SUF No. 13.)

    On December 24, 2001 (the continued date of the Contempt Hearing) Mr. and Ms. Johansen, by way of their counsel, entered into extensive negotiations relative to resolving their dispute. (SUF No. 14.)

    On December 24, 2001 Ms. Johansen had a legal right to a portion of Mr. Johansen's pension. (SUF No. 15.)

    Mr. Johansen believed that his pension was a valuable asset. (SUF No. 16.)

    Ms. Johansen wished to receive the Home and believed she had an interest in Mr. Johansen's pension. (SUF No. 17.)

Mr. and Ms. Johansen negotiated an agreement whereby Ms. Johansen exchanged her court ordered right to Ralph's pension for title to the Home. (SUF No. 18.)

The Johansen's believed that the exchange was fair. (SUF No. 19.)

Marlene and Ralph Johansen agreed to a judgment being entered by the Probate Court on December 24, 2001 (the "Judgment").(SUF No. 20.)

The Judgment required Ralph Johansen to "forthwith execute a quitclaim deed transferring all of his interest in the former marital home located in Stoneham to the Wife."(SUF No. 21.)

The Judgment required Ms. Johansen to release all claims that she had to her former spouses' pension plan assets.(SUF No. 22.)

In its Judgment the Probate and Family Court of the Commonwealth of Massachusetts found that its:

> Judgment of Divorce Nisi dated March 21, 2001 be modified in accordance with the terms of an Agreement dated December 24, 2001, filed, incorporated and not merged in this Judgment but nevertheless shall survive and have independent legal significance ....(SUF No. 23.)

On January 4th, 2002 Mr. and Ms. Johansen executed a deed to Ms. Johansen (the "Deed").(SUF No. 24.)

On December 9, 2002, the Deed was recorded by the Commonwealth of Massachusetts' Registry of Deeds for Middlesex County. (SUF No. 25.)

On December 18, 2002, a Notice of Federal Tax Lien on the property of Ralph Johansen was recorded by the Commonwealth of

Massachusetts' Registry of Deeds for Middlesex County.(SUF No. 26.)

On January 31, 2004 a Notice of Federal Tax Lien stating that Marlene Johansen was a Nominee of Ralph Johansen was recorded by the Commonwealth of Massachusetts' Registry of Deeds for Middlesex County (the "Nominee Lien").(SUF No. 27.)

Ralph Johansen did not retain any interest in the Home after its transfer.  (SUF No. 28.)

Ralph Johansen did not exercise dominion or control over the Home after its transfer. (SUF No. 29.)

Ralph Johansen did not pay any expenses of the Home after its transfer. (SUF No. 30.)

Burke reviewed the nominee lien filed by the United States against Ms. Johansen prior to entering into an agreement with her.(SUF No. 31.)

The nominee lien was in error as it was unsupported by any facts.(SUF No. 32.)

Burke relied on the legal infirmities of the nominee lien in entering into an agreement and mortgage with Ms. Johansen.(SUF No. 33.)

On or about August 18, 2004 a mortgage was filed with the Middlesex County Registry of Deeds wherein Burke was the mortgagee and Ms. Johansen was the mortgagor.(SUF No. 34.)

   III. <u>Law and Argument.</u>

Rule 56 of the Federal Rules of Civil Procedure provides that a motion for summary judgment will be granted if (1) there is no genuine issue of material fact and (2) the moving party is

entitled to judgment as a matter of law.

A party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates that a party opposing the motion has no reasonable expectation of proving an essential element of that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 328 (1986).

Here the United States will be unable to prove that Ms. Johansen is holding the Home as a nominee of any person.

    1.    <u>The United States' Claim that Ms. Johansen is a Nominee of Mr. Johansen is Entirely Unsupported by Fact or Law.</u>

The United States' allegation that Ms. Johansen is holding property as a nominee for her ex-husband is unsupported by any evidence. The Plaintiff was involved in a very contentious divorce with her ex-husband. Her ownership of the Home occurred only after the Appeals Court for the Commonwealth of Massachusetts placed a stay on the Probate and Family Court's initial ruling and after a modified judgment was entered by the Probate and Family Court. Ms. Johansen pays all of the expenses for the Home. Both Mr. and Ms. Johansen testified at their depositions that Ms. Johansen was not holding the Home for Mr. Johansen. There is not a single fact that the United States can rely on to support the proposition that Ms. Johansen is holding the Home as a nominee for Mr. Johansen.

A nominee is one who holds bare legal title to property for the benefit of another. Black's Law Dictionary (7th ed. 1999).

<u>United States v. Webb</u>, 595 F.2d 203 (4th Cir. 1979).

The factors which have been considered in making the determination that a person is holding property for another are:

(1) no consideration or inadequate consideration paid by the nominee;

(2) property placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property;

(3) close relationship between transferor and the nominee;

(4) failure to record conveyance;

(5) retention of possession by the transferor;

(6) exercise of dominion or control by the taxpayer; and,

(7) expenses of the property paid by the taxpayer.

Please see <u>United States v. Miller Brothers Construction Co.</u>, 505 F.2d 1031 (10th Cir. 1974); <u>Towe Antique Ford Foundation v. Internal Revenue Service</u>, 791 F. Supp. 1450 (D. Mont. 1992), aff'd without opinion, 768 F.2d 686 (5th Cir. 1985).

The property was received in a settlement, not in anticipation of any suit, the parties to the transfer had terminated their relationship, Mr. Johansen did not exercise dominion or control over the Home and Ms. Johansen paid the Home's expenses.

Ms. Johansen is not a nominee of Mr. Johansen. The "nominee lien" is properly invalidated and the United States' claim dismissed.

It is believed that a reason for the United States' action against Burke is to establish priority over his mortgage.

The mortgage which Burke holds is superior in right to that of the United States.

In <u>United States v. McCombs</u>, 30 F.3d 310(2d Cir. 1994) the Second Circuit Court of Appeals stated as follows:

> Federal tax liens are creatures of federal law. Section 6321 of Title 21 "authorizes the imposition by the Government of a tax lien upon property of the taxpayer when [she] is in default." <u>United States v. 110-118 Riverside Tenants Corp.</u>, 886 F.2d 514, 518 (2d Cir. 1989), cert. denied, 495 U.S. 956 (1990). A lien imposed pursuant to section 6321, moreover, is deemed to arise at the time that the assessment is made and continues until the amount of liability set forth in the assessment is satisfied. <u>26 U.S.C. Section 6322</u>. By the same token, the relative priority of a federal tax lien is governed by federal law. <u>United States v. Equitable Life Assurance Soc'y</u>, 384 U.S. 323, 328, 330 (1966); see also <u>Hartford Provision Co. v. United States,</u> 579 F.2d 7, 9 (2d Cir. 1978) ("[p]riority of liens under 26 U.S.C. section 6323 is a matter of federal law"); <u>PPG Indus. v. Hartford Fire Ins. Co.</u>, 531 F.2d 58, 61 (2d Cir. 1976). In general, "priority as a lienor is determined by the . . . rule of 'first in time is the first in right.'" <u>Don King Prods. v. Thomas</u>, 945 F.2d 529, 533 (2d Cir. 1991) (quoting <u>United States v. City of New Britain</u>, 347 U.S. 81, 87-88 (1954)). Where the priority of the federal tax lien is challenged by a subsequent purchaser of and/or the holder of a security interest in the encumbered property, however, the relative priority of the interests is controlled by 26 U.S.C. section 6323.
>
> Section 6323(a) provides that a federal tax lien "shall not be valid as against any purchaser [or] holder of a security interest . . . until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." With respect to real property, the notice requirement under the statute requires proper filing of the tax lien pursuant to the laws of the state "in which the property subject to lien is situated." 26 U.S.C. section 6323(f)(1)A(i). Where, as here, the property is situated in a state that invalidates a deed against a bona fide purchaser unless the filing of that deed has been recorded, a race-notice state, see <u>Goldstein v. Gold</u>, 106 A.D.2d 100, 101-02, 483 N.Y.S.2d 375, 377 (2d Dep't 1984) (New York is a race-notice state requiring that a subsequent purchaser have no notice of prior purchase or lien and "win the race to the recording office"), affd in part, 66 N.Y.2d 624, 485 N.E.2d 239, 495 N.Y.S.2d 32 (1985), notice of the federal tax lien "shall not be treated as meeting the . . . requirements"

with respect to such a purchaser "unless the fact of filing [the tax lien] is entered and recorded in [an] index . . . in such a manner that a reasonable inspection of the index will reveal the existence of the lien." 26 U.S.C. section 6323(f)(4).

<u>IRC Section 6323(a)</u> states:

The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

There is no dispute that Mr. Burke is a holder of a security interest. The choice of the United States to name Ms. Johansen as a nominee and not a transferee is fatal to its position. Any creditor is allowed to rely on the filed documents of a potentially superior creditor in making a determination as to whether to allow someone to accrue debt. The law governing nominees makes it clear that Ms. Johansen is not a nominee. The United States' nominee lien fails. Burke's lien is therefore superior to that of the United States.

    III. <u>Conclusion.</u>

The United States' Counterclaims are properly dismissed.

```
                                        Timothy Burke,
                                        by his Attorney

                                        /s/ Melissa Halbig
                                        Melissa Halbig
                                        BBO#655826
                                        400 Washington Street
                                        Braintree, MA   02184
Dated: August 1, 2005                   (781) 380-0770
```

**Certificate of Service**

I hereby certify that a true copy of the above document was served upon each attorney of record via first class mail, postage prepaid on August 1, 2005 to the following counsel of record:

    Stephen Turanchik
    Trial Attorney, Tax Division
    Department of Justice
    P.O. Box 55
    Ben Franklin Station
    Washington, D.C.   20044

                                                        /s/ Melissa Halbig
Dated: August 1, 2005                              Melissa Halbig