UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**MARLENE JOHANSEN**

**Plaintiff and Counterclaim Defendant**

**v.**

**UNITED STATES OF AMERICA**

**Defendant and Counterclaim Plaintiff**

**v.**

**TIMOTHY BURKE**

**Counterclaim Defendant**

Civil Action No. 04-11789-RCL

**PLAINTIFF'S STATEMENT OF FACTS NOT IN DISPUTE**

The Plaintiff, Marlene Johansen, makes the following Statement of Material Facts Not in Dispute Pursuant to Rule 56.1 of the Rules of the Court:

1.  Marlene Johansen (hereinafter referred to as "Ms. Johansen") and Ralph Johansen (hereinafter referred to as "Mr. Johansen") were married on November 29, 1980.  (Exhibit 1, p. 2 ¶F8.)

2.  On or about March 27, 1984, Marlene and Ralph Johansen bought 71 Pleasant Street in Stoneham, Massachusetts taking title as Tenants by the Entirety (the "Home").  (Exhibit 1, p. 3 ¶G24.)

3. Mr. Johansen filed for divorce on November 16, 1998. (Exhibit 1, p. 1 ¶E1.)

4. On March 21, 2001 the Honorable Mary Anne Sahagian, Justice of the Massachusetts Probate and Family Court ruled (the "Ruling") that the Home had a value of $325,000. and was subject to encumbrances of a first mortgage with a balance of $144,648., as well as a second mortgage with a balance of $7,964.73. (Exhibit 1, p.3 ¶G24.)

5. The Ruling also found that Mr. Johansen had a liability to the Internal Revenue Service in the amount of $171,379. and the Massachusetts Department of Revenue of $28,333. (and an undetermined additional amount). (Exhibit 1, p. 4 ¶H31.)

6. The Ruling held that:

> The only real asset that the parties have, other than the Husband's defined benefit pension plan, is the marital home which has equity of approximately $172,387.00."
>
> ...
>
> Unfortunately, the only asset available to the parties to address the enormous tax liability is the marital home. Accordingly, the home must be sold and proceeds used for this purpose. (Exhibit 1, p. 7 ¶M.)

7. Marlene Johansen filed a timely appeal of the Probate and Family Court's ruling and further filed a Motion for a Stay of the Divorce Judgment. (Exhibits 2 and 3 respectively.)

8. On June 7, 2001, Justice Dreben of the Massachusetts Appeals Court sitting as a single justice, issued an order stating:

>Paragraphs 3-7 of the divorce judgment dated March 21, 2001 are stayed pending determination of the defendant's appeal. Whether the defendant's interest may be reached by the IRS may involve additional issues not determined or determinable by the Probate Court. (Exhibit 4.)

9. The Division of Mr. Johansen's pension was not stayed by Judge Dreben's order. (Exhibits 4 and 5.)

10. On or about July 26, 2004, Mr. Johansen moved the Probate Court to Stay the division of his pension. (Exhibit 6.)

11. On September 21, 2001, Mr. Johansen's Motion to Stay the Division of his Pension was denied. (Exhibit 7.)

12. On or about October 31, 2001, Ms. Johansen filed a Complaint for Contempt with the Probate Court due to Mr. Johansen's failure to comply with the Probate Court's Judgment. (Exhibit 8.)

13. On December 17, 2001, Mr. Johansen's counsel made a settlement offer to Ms. Johansen's counsel. (Exhibit 9.)

14. On December 24, 2001 (the continued date of the Contempt Hearing) Mr. and Ms. Johansen, by way of their counsel, entered into extensive negotiations relative to resolving their dispute. (Exhibit 10, Ralph Deposition Transcript ("Ralph Tr.") p. 62, lines 20-25; p. 63, lines 1 & 2; p. 65, lines 17-25; and p. 66, lines 4-12.)

15. On December 24, 2001 Ms. Johansen had a legal right to a portion of Mr. Johansen's pension. (Ralph Tr. p. 67, lines 16-21.)

16. Mr. Johansen believed that his pension was a valuable asset. (Ralph Tr. p. 105, lines 9-21.)

17. Ms. Johansen wished to receive the Home and believed she had an interest in Mr. Johansen's pension. (Exhibit 11, Marlene Deposition Transcript ("Marlene Tr.") p. 89, lines 1-18.)

18. Mr. and Ms. Johansen negotiated an agreement whereby Ms. Johansen exchanged her court ordered right in Ralph's pension for title to the Home. (Ralph Tr. p. 108, lines 20-25.)

19. The Johansen's believed that the exchange was fair. (Ralph Tr. p. 109, lines 2-9.)

20. Marlene and Ralph Johansen agreed to a judgment being entered by the Probate Court on December 24, 2001 (the "Judgment"). (Exhibit 12; and Ralph Tr. p. 109 lines 2-9.)

21. The Judgment required Ralph Johansen to "forthwith execute a quitclaim deed transferring all of his interest in the former marital home located in Stoneham to the Wife. (Exhibit 12; and Ralph Tr. p. 83 lines 3-8.)

22. The Judgment required Mrs. Johansen to release all claims that she had to her former spouses' pension plan assets. (Exhibit 12.)

23. In its Judgment the Probate and Family Court of the Commonwealth of Massachusetts found that its:

> Judgment of Divorce Nisi dated March 21, 2001 be modified in accordance with the terms of an Agreement dated December 24,

    2001, filed, incorporated and not merged in this Judgment but nevertheless shall survive and have independent legal significance .... (Exhibit 12.)

24. On January 4th, 2002 Mr. and Ms. Johansen executed a deed to Ms. Johansen (the "Deed"). (Exhibit 13.)

25. On December 9, 2002, the Deed was recorded by the Commonwealth of Massachusetts' Registry of Deeds for Middlesex County. (Exhibit 13.)

26. On December 18, 2002, a Notice of Federal Tax Lien on the Home of Ralph Johansen was recorded by the Commonwealth of Massachusetts' Registry of Deeds for Middlesex County. (Exhibit 14.)

27. On January 31, 2004 a Notice of Federal Tax Lien stating that Marlene Johansen was a Nominee of Ralph Johansen was recorded by the Commonwealth of Massachusetts' Registry of Deeds for Middlesex County (the "Nominee Lien"). (Exhibit 15.)

28. Ralph Johansen did not retain any interest in the Home after its transfer. (Ralph Tr. p. 109, lines 17-25; p. 110, lines 1-2.)

29. Ralph Johansen did not exercise of dominion or control over the Home after its transfer. (Ralph Tr. p. 109, lines 17-25; p. 110, lines 1-2.)

30. Ralph Johansen did not pay any expenses of the Home after its transfer.

```
                                        Marlene Johansen
                                        by her attorney


                                        /s/ Timothy J. Burke
                                        Timothy J. Burke
                                        BBO# 543837
                                        400 Washington Street
                                        Braintree, MA   02184
Dated: August 1, 2005                   (781) 380-0770
```

**Certificate of Service**

I hereby certify that a true copy of the above document was served upon each attorney of record via first class mail, postage prepaid on August 1, 2005 to the following counsel of record:

```
    Stephen Turanchik
    Trial Attorney, Tax Division
    Department of Justice
    P.O. Box 55
    Ben Franklin Station
    Washington, D.C.   20044
```

```
                                        /s/ Timothy J. Burke
                                        Timothy J. Burke
```