EXHIBIT 5

MICHOFIL RECORDED

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX, SS.                                                            NO. 98D4536-DV1

MARLENE JOHANSEN,       Plaintiff-in-Counterclaim

v.

RALPH JOHANSEN,         Defendant-in-Counterclaim

## JUDGMENT OF DIVORCE NISI

All persons interested having been notified in accordance with law and after hearing it is adjudged nisi that a divorce from the bond of matrimony be granted the said plaintiff-in-counterclaim for the cause of irretrievable breakdown of marriage as provided by c. 208, sec. 1B and that upon the expiration of ninety days from entry of this judgment it shall become and be absolute unless, upon the application of any person within such period, the Court shall otherwise order, and it is further ordered that:

1. The defendant-in-counterclaim shall pay to the plaintiff-in-counterclaim the sum of $350.00 per week as alimony. Payments hereunder shall be paid until the death of either party, the plaintiff-in-counterclaim's remarriage or until modified by the Court, whichever event is the first to occur.

2. The defendant-in-counterclaim shall forthwith file with the appropriate taxing authorities Federal income tax returns for calendar years 1995 through 1998 and Massachusetts income tax returns for calendar years 1993 through 1998 and shall, as soon as possible, enter into negotiations with both taxing authorities to obtain a settlement due each. He shall provide the plaintiff-in-counterclaim with documentation as to the agreement, if any, reached with both taxing authorities.

3. The parties shall immediately list the former marital home, located at 71 Pleasant Street, Stoneham, Massachusetts, for sale with a mutually agreed to broker, at a listing price suggested by the broker. Both parties will cooperate promptly with all necessary requirements to effectuate a prompt sale, including executing documents such as listing agreements, offer and acceptance and purchase and sale agreements. They will adjust the asking price as necessary, based on the recommendations of the broker and will accept any reasonable offer.

4. Upon sale, the net proceeds will be paid to Phyllis K. Kolman, as attorney for the defendant-in-counterclaim, to be held by her in an escrow account for the purpose of paying the parties' outstanding Federal and State income tax liability for the years 1993 through 1998. Any interest earned shall be added to the escrow account with each party responsible for any income taxes due on their respective fifty percent (50%) share of any interest income reported in that year. Net proceeds are defined as follows: sales price less broker's commission, first mortgage balance, equity loan balance and the usual and necessary costs of closing.

5. Once the net proceeds are deposited into the escrow account, counsel for each party shall receive a distribution for counsel fees in the amount of $8,000.00 each. Each party shall be solely responsible for payment of any legal fees each has incurred in excess of that amount. The defendant-in-counterclaim's accountant shall estimate the amount of capital gains tax due on account of deductions taken on the rental half of the marital home and that amount shall also be held by defendant-in-counterclaim's counsel and utilized to pay said capital gains tax in the year the house is sold. The remainder of the escrow account shall be held by defendant-in-counterclaim's counsel pending acceptance by the Internal Revenue Service and the Massachusetts Department of Revenue of a settlement offer.

6. If the Offer in Compromise for both Federal and State income taxes for the years 1993 through 1998 is less than the available remaining proceeds, any funds remaining shall be divided equally between the parties and distributed to them once the Offer in Compromise is accepted.

7. If the Offer in Compromise accepted by the taxing authorities is more than the amount in the escrow account, the defendant-in-counterclaim shall enter into a payment plan with the taxing authorities for any additional amount(s) they require. Once that amount has been determined, the defendant-in-counterclaim shall be entitled to a weekly reduction in the amount of alimony paid to the plaintiff-in-counterclaim until such time as he has recouped one-half (½) of the additional amount(s) required to satisfy the taxing authorities. The amount of said deduction shall be the lesser of $50.00 per week or one-half (½) of the amount paid by the defendant-in-counterclaim per week under the payment plan.

8. Until the house is sold, the plaintiff-in-counterclaim shall continue to be responsible for all payments associated with the property, including but not limited to mortgage payments, both principal and interest, real estate taxes, utilities, insurance and routine maintenance and repairs. If any of these payments are in arrears at the closing date for sale of the property, the defendant-in-counterclaim shall be entitled to reimbursement from the plaintiff-in-counterclaim for any arrears deducted from the net proceeds, it being the plaintiff-in-counterclaim's responsibility to keep these liabilities current. The parties shall attempt to agree on the plaintiff-in-counterclaim's repayment schedule; failing such an agreement, the defendant-in-counterclaim shall be entitled to file a Complaint for Contempt to obtain the amount due him. Until sale of the property, the plaintiff-in-counterclaim shall continue to receive the rental income derived from the property.

9. The defendant-in-counterclaim shall cause to be prepared a Qualified Domestic Relations Order or other appropriate document as required by the Canadian government to equally divide the coverture portion of the defendant-in-counterclaim's defined benefit pension plan as of the date of trial. Additionally, the defendant-in-counterclaim shall elect the joint and survivor annuity option under said pension plan.

10. The defendant-in-counterclaim shall provide health insurance for the plaintiff-in-counterclaim for so long as he can keep her on his present family plan. When he can no longer do so, the plaintiff-in-counterclaim may elect COBRA benefits or obtain her own health insurance either directly or though her employment. In either case, the plaintiff-in-counterclaim shall be responsible for this expense.

11. Each party shall pay his or her own uninsured medical and dental expenses.

12. For so long as he has an alimony obligation to the plaintiff-in-counterclaim, the defendant-in-counterclaim shall name the plaintiff-in-counterclaim as beneficiary of life insurance on his life in an amount not less than $200,000.00.

13. The defendant-in-counterclaim shall be entitled to retain as his sole property his whole life insurance policy, the cash surrender value of which is $2,510.00.

14. The defendant-in-counterclaim shall retain as his sole property his Dodge Caravan motor vehicle and shall continue to be responsible for all costs associated with said motor vehicle.

15. The plaintiff-in-counterclaim shall have sole use of the Mazda Miata motor vehicle which she currently leases and shall continue to be responsible for all costs associated with said motor vehicle.

16. The plaintiff-in-counterclaim shall retain as her sole property her John Hancock IRA valued at $2,400.00.

17. The plaintiff-in-counterclaim is hereby awarded $6,200.00 from the defendant-in-counterclaim's John Hancock IRA which is valued at $14,883.73. The defendant-in-counterclaim shall take all steps necessary to effectuate a tax-free transfer of said sum to the plaintiff-in-counterclaim. The balance of the funds in the defendant-in-counterclaim's John Hancock IRA shall be retained by him as his sole property.

18. The parties shall each retain their respective bank accounts as their sole property.

19. The plaintiff-in-counterclaim shall retain her jewelry as her sole property.

20. The defendant-in-counterclaim shall have the right, within two (2) weeks of this Judgment, to go through the former marital home, accompanied by his counsel or an individual associated with said counsel's law firm, on a date and time convenient to the plaintiff-in-counterclaim, and designate those items of his personal papers and possessions, household furniture and furnishings and all other contents of the home which he would like to remove and retain as his property. If the parties cannot agree as to any of the items which the defendant-in-counterclaim wishes to remove, the parties shall confer with Myra S. Lyons, Esquire of Melrose, Massachusetts who is appointed Special Master for the purpose of mediating any dispute involving personal property. The Special Master shall be paid equally by the parties at her usual and customary hourly rate. In the event that the Special Master is unable to resolve the matter, either party may bring the matter back to Court. If the Court finds that either party has acted arbitrarily, capriciously or in bad faith, the entire cost of such subsequent proceedings, including the fees of the Special Master, shall be borne by that party. Once the parties have agreed as to which items shall be removed by the defendant-in-counterclaim, he shall remove those items within two (2) weeks on a mutually convenient date and time. The remainder of the household contents shall be the sole property of the plaintiff-in-counterclaim.

March 21, 2001
Date

Mary Anne Sahagian, Justice
Probate and Family Court

-4-



I also certify that on June 20, 2001
90 days from date of said decree nisi having expired, and the Court not having

**EXHIBIT 6**

Case 1:04-cv-11789-RCL   Document 52-4   Filed 08/01/2005   Page 6 of 15

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.   PROBATE AND FAMILY COURT DEPARTMENT
DOCKET NO. 98D-4536-DV1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RALPH JOHANSEN,    \*
   Plaintiff    \*
   v.    \*
    \*
MARLENE JOHANSEN,    \*
   Defendant    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SEP 2 1 2001
Middlesex, SS _____
The Above Motion Is Hereby
( ) Allowed - Denied  per Order
_____ (8)
Justice of Probate

## MOTION FOR STAY OF PENSION DIVISION

Now comes plaintiff Ralph Johansen and moves this honorable court stay that portion of its judgment dated March 21, 2001 relating to division of plaintiff's Canadian defined benefit plan and as reason therefore states that:

1. Defendant has obtained a stay of sale of the former marital home from the Appeals Court, Dreben, J., the proceeds of which were to be used to satisfy the parties' liability to the IRS and DOR;

2. The judgment as to an equal division of the pension was dependent on the equal division of the marital debt and equity in the former marital home; and

3. It is equitable that said division be stayed so long as sale of the house is stayed.

WHEREFORE, plaintiff Ralph Johansen respectfully requests this court enter an order staying division of his Canadian pension.

RESPECTFULLY SUBMITTED,
Ralph Johansen
By His Attorney,

_____
Phyllis K. Kolman
BENJAMIN & BENSON
43 Thorndike Street
Cambridge, MA 02141
(617) 577-1515
BBO No. 547976

BENJAMIN & BENSON
COUNSELLORS AT LAW
BULFINCH SQUARE
43 THORNDIKE STREET
CAMBRIDGE, MA 02141-1717
(617) 577-1515

Dated: July 26, 2001

nd 9-26-01 em

**EXHIBIT 7**

**EXHIBIT 7**

Commonwealth of Massachusetts
The Trial Court
Probate and Family Court Department

Middlesex Division

Docket No. 98D4536-DV1

Ralph Johansen,    Plaintiff

v.

Marlene Johansen,    Defendant

## ORDER ON MOTION FOR STAY OF PENSION DIVISION

This matter came on for hearing on Plaintiff's Motion for Stay of Pension Division. By way of background, the Judgment of Divorce Nisi was entered by this Court on March 21, 2001. On April 30, 2001, the Court denied the Defendant's Motion for Stay. Thereafter, on June 7, 2001, Dreben, J. acting in her capacity as a Single Justice of the Appeals Court, entered an Order which stayed paragraphs 3-7 of the Judgment of Divorce Nisi. The paragraphs which were stayed involved the sale of the marital home. Before the Single Justice of the Appeals Court at that time was Defendant's Motion for Stay of <u>all</u> of the property division aspects of the Judgment of Divorce Nisi as well as the alimony provision. Although a stay of all property division provisions was sought, Dreben, J. stayed only those provisions relating to the sale of the home. While this Court is of the opinion that its Judgment was crafted as a whole, taking into account all of the relevant and credible evidence and if the provisions relative to the sale of the marital home are stayed, so too should the provision relative to the pension division be stayed, it appears that this Court is without authority to do so since the matter has already been put before a Single Justice of the Appeals Court and an Order entered. For this reason, the Court is of the opinion that it cannot now grant the relief sought by the Plaintiff.

September 26, 2001
Date

Mary Anne Sahagian, Justice
Probate and Family Court

nd 9-26-01

**EXHIBIT 8**

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX DIVISION                                        DOCKET NO. 98d-4536 DV1

MARLENE JOHANSEN,
        Plaintiff

VS.                                                                        COMPLAINT FOR CONTEMPT
RALPH JOHANSEN,
        Defendant

1. Plaintiff, who resides at 71 Pleasant Street, Stoneham, Middlesex County, Massachusetts was the spouse of the defendant, who now resides at 3 Snakebrook Road, Wayland, Middlesex County, Massachusetts..

2. By Judgment of this Court dated March 21, 2001 defendant was ordered: prepare a Qualified Domestic Relations Order or other appropriate document to equally divide the coverture portion of the plaintiff's defined benefit pension plan as of the date of trial; and to elect the joint and survivor annuity option under said pension plan, to prepare a tax free transfer of $6,200 from his John Hancock IRA, to provide the $200,000 of life insurance with the plaintiff as beneficiary and said Judgment is still in force.

3. Defendant has not obeyed that Judgment and violated it by not preparing a QDRO of his defined benefit pension plan a ordered; not preparing a transfer of $6,200 from his John Hancock IRA as ordered and not providing evidence of $200,000 of life insurance with plaintiff as beneficiary as ordered.

5. Wherefore, plaintiff requests that defendant be required to appear before this Court to show cause why said defendant should not be adjudged in contempt of Court and for such other relief as to said Court may seem meet and just, including the payment of the plaintiff's attorney fees and costs incurred in the bringing of this complaint.

                                                  Edward M. Mahlowitz
                                                  385 Concord Avenue, Suite 101
                                                  Belmont, MA  02478
Dated: October 29, 2001                       (617) 489-0909

**Commonwealth of Massachusetts**
**The Trial Court**
**Probate and Family Court Department**

__MIDDLESEX__ Division

Docket No. 98D4536DV1

## Contempt Summons

__Marlene Johansen__, Plaintiff

v.

__Ralph Johansen__, Defendant

To the above named Defendant:

You are ordered to appear at a Probate and Family Court to be held at ___Cambridge___ in said County of ___Middlesex___ on ___November 26___, 20_01_, at ___9:00___ in the forenoon to show cause why you should not be held in civil and/or criminal contempt, the penalty for which may be a jail sentence.

You are hereby summoned and required to serve upon ___Edward M. Mahlowitz___ plaintiff's attorney whose address is ___385 Concord Avenue, Suite 101, Belmont, MA 02478___ your answer, if any, to the complaint which is herewith served upon you, within 7 days after service of this summons upon you, exclusive of the day of service. You are also required to file your answer, if any, to the complaint in the office of the Register of this Court at ___Cambridge___ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Failure to appear on this date may result in the issuance of an order for your arrest.

Witness ___Sheila E. McGovern___, Esquire, First Justice of said Court at ___Cambridge___ this ___31st___ day of ___October___, 20_01_.

_____
Register of Probate

CJ-D 113 (3/95)

EXHIBIT 9

**Benjamin & Benson**
Counsellors at Law
BULFINCH SQUARE
43 THORNDIKE STREET
CAMBRIDGE, MASSACHUSETTS 02141-1717

ROBERTA F. BENJAMIN
JON BENSON

PHYLLIS K. KOLMAN

TEL: (617) 577-1515
FAX: (617) 577-0595

CLIENT'S COPY

December 17, 2001

*Via Fax 617-484-0501 and First Class Mail*

Edward M. Mahlowitz, Esq.
385 Concord Avenue, Suite 101
Belmont, Massachusetts 02478

*Re: Johansen*

Dear Ed:

I apologize for the delay in getting back to you but it was difficult to connect with Ralph given his travels and we had a lot to discuss and contemplate.

In full settlement of all outstanding issues, we propose the following for purposes of negotiation only:

1. Ralph will quitclaim deed his interest in the marital home to Marlene.

2. Marlene will waive any claim she may have to Ralph's retirement, including both the Canadian and U.S. pensions, and any income derived therefrom.

3. Marlene will be solely responsible pursuant to the parties' divorce judgment for all costs connected with the former marital home and will receive any proceeds of same upon sale.

4. Each party will be responsible for payment of his or her own legal fees both in connection with the divorce and any post divorce activities.

5. Ralph as set forth in the divorce judgment shall be solely responsible for payment of federal and state taxes that have accrued to due his not having filed federal and state tax returns and Marlene shall have no responsibility for said tax payments.

Edward M. Mahlowitz, Esq.
December 17, 2001
Page Two

6. Each party shall be solely responsible for those liabilities as filed on their Financial Statements and/or accrued since the divorce judgment.

7. The parties will do all necessary to dismiss Marlene's pending appeal and any post judgment motions.

If this agreement is acceptable to you, would you please let me know. I will immediately draw up an agreement for modification and any paperwork necessary to dismiss the appeal.

I look forward to hearing from you.

Sincerely,

Phyllis K. Kolman

PKK:sca

cc: Ralph Johansen