**EXHIBIT 11**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Vol. I, Pg. 1-122

---

MARLENE JOHANSON,                              )
   Plaintiff/Counterclaim Defendant,)
                                      )
      -vs-                                 )
                                      )
UNITED STATES OF AMERICA,                      )
   Defendant/Counterclaim Plaintiff,)
                                      )
      -vs-                                 )
                                      )
NATIONAL CITY MORTGAGE CO.,                    )
and TIMOTHY BURKE,                             )
   Counterclaim Defendants                     )

---

The **DEPOSITION OF MARLENE E. JOHANSEN**, taken on behalf of the Defendant/Counterclaim Plaintiff, pursuant to the Massachusetts Rules of Civil Procedure before Mary K. Corcoran, a Professional Shorthand Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the offices of TIMOTHY J. BURKE & ASSOCIATES, 400 Washington Street, Suite 303, Braintree, MA, on Friday, May 6, 2005, commencing at 10:02 a.m.

ELLEN M. FRITCH & ASSOCIATES
373 Silver Street
South Boston, MA 02127
(617) 269-5448

everything fifty-fifty. I would have agreed to the original that's in Exhibit 2 of selling the house -- not selling the house, of splitting the house fifty-fifty. Ralph -- me buying Ralph out, and him paying his taxes.

I was not in agreement with me having to sell the house and take my half and also pay his taxes. I believed everything should have been fifty-fifty, but not me paying what he owes to the government. These are his responsibilities, not mine.

Q. But with regard to the pension?

A. Pension? As far as the pension, I'm thinking in my brain the same thing as I lived with Ralph for -- well, we were married 21 years. We were together since '76.

I'm looking as I'm getting older, that I did an awful lot for Ralph in the years we were married, and I believe that that's compensation.

Q. Did you see the pension as kind of an asset of your marriage?

A. Yes, yes.

Q. And you didn't claim an interest in the pension for the time period that he earned the pension before you were married?

DEPOSITION OF MARLENE E. JOHANSEN

**EXHIBIT 12**



# COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

PROBATE COURT

NO. 98D4536-DV1

Marlene Johansen, Plaintiff

v.

Ralph Johansen, Defendant

### MODIFICATION JUDGMENT

This action came on hearing before the Court, at Cambridge Beverly Weinger Boorstein, J. presiding, and the issues having been heard and findings having been duly rendered,

It is Ordered and Adjudged:

The Judgment of Divorce Nisi dated March 21, 2001 be so modified in accordance with the terms of an Agreement dated December 24, 2001 filed, incorporated and not merged in this Judgment but nevertheless shall survive and have independent legal significance, except for alimony issues which shall merge. The parties are ordered to comply with the terms thereof. In all other respects the Judgment dated March 21, 2001 remains in full force and effect.

DEC 24 2001

Date

_____
Judge of Probate Court

# COMMONWEALTH OF MASSACHUSETTS

THE TRIAL COURT
PROBATE & FAMILY COURT

7.

MIDDLESEX ss                                                DOCKET NO 98D-4536-DV1.

Marlene Johansen _____ PLAINTIFF

vs                                                          ~~STIPULATION~~/AGREEMENT
                                                            OF PARTIES
Ralph Johansen _____ DEFENDANT

IT IS HEREBY AGREED/~~STIPULATED~~ THAT THE FOLLOWING SHALL BE MADE ~~AN ORDER~~ OF JUDGEMENT OF THIS COURT

1. Marlene Johansen forthwith shall withdraw or request dismissal of her Appeal of the Judgment Nisi of Divorce, Appeals Court No. 01-3-294; No 98D-4536-DV1 in Middlesex Probate & Family Court. Neither party shall file any further appeals as to any aspect of the divorce judgement or this Agreement for Judgment dated December 24, 2001.

2. Ralph Johansen shall forthwith execute a quitclaim deed transferring all of his interest in the former marital home located in Stoneham to the Wife. His attorney shall hold the deed in escrow pending notification from the appellate court that the appeal is dismissed, at which time she shall immediately turn over the deed to Marlene Johansen's attorney. She continues to be responsible for all expenses of the property except the equity line. [as mcj]

3. Ralph Johansen shall forthwith ensure that said equity line is paid in full.

4. Commencing forthwith* Ralph Johansen shall commence paying Marlene Johansen the sum of $400.00 per week as alimony, ~~tax deductible by him on their tax returns~~, payable until the earlier of the death of [illegible]

_____ PLAINTIFF          _____ DEFENDANT

_____ PLAINTIFF'S ATTORNEY   Phyllis Kolman  DEFENDANT'S ATTORNEY

December 24 2001                            December 24 2001
DATE                                        DATE

* Payment due Friday 12/28/01 xf.

7

(Continued from the other side)

either party or remarriage of Marlene Johansen.

5. Marlene Johansen hereby waives her claim to any portion of the Husband's retirement, including any claim to all income Ralph Johansen shall derive therefrom in future and/or accrued post-divorce, in value, in both segments (RPP & QPP) or any other future pension designation all of which has been disclosed

6. Ralph Johansen shall be solely responsible for payment of taxes, interest and penalties to the IRS and/or DOR due as a result of his non-filing of tax returns for the years set forth in the divorce judgment, paragraph 2 and, he shall hold harmless Marlene Johansen for any liability as a result of said returns.

7. This agreement supersedes paragraph 1 and deletes paragraphs 3, 4, 5, 6, and 7 and further eliminates paragraph 8 and 9 since the marital home is being transferred to the Marlene Johansen and Ralph Johansen retains all benefits relative to his retirement. Paragraph 22 of the Judgment Nisi is also deleted by this Agreement.

8. Except as set forth herein, the parties reaffirm the Judgment Nisi of Divorce dated March 21, 2001.

9. This Agreement shall be entered for Judgment on Marlene Johansen's Complaint for Contempt but Ralph Johansen shall not be adjudged in contempt.

10. Each party shall be solely responsible for his and her attorney's fees and neither shall seek payment from the other for said fees.

PLAINTIFF _____   DEFENDANT _____

PLAINTIFF'S ATTORNEY _____   DEFENDANT'S ATTORNEY _____

DATE: December 4, 2001                 WITNESS _____

**EXHIBIT 13**

## QUITCLAIM DEED

Bk: 37309 Pg: 409
Recorded: 12/09/2002
Document: 00001461 Page: 1 of 2

71 Pleasant Street, Stoneham, Massachusetts

RALPH E. JOHANSEN and MARLENE E. JOHANSEN, husband and wife, as tenants by the entirety, for $1.00 and other nominal consideration, pursuant to a Modification Agreement dated December 24, 2001, Docket No. 98D-4536-DV1) grant to MARLENE E. JOHANSEN, individually, 71 Pleasant Street, Stoneham, Middlesex County, Massachusetts with quitclaim covenants:

The land in Stoneham, Middlesex County, Massachusetts, with the buildings thereon standing, situated on the Westerly side of Pleasant Street, bounded and described as follows:

Being shown as Lot number 1 on a "Plan of Lots in Stoneham, Mass., surveyed for Daniel S. Davis, June 1919, Parker Holbrook, Surveyor", recorded with Middlesex South District Deeds Plan Book 279, Plan 48.

Said granted premises contain 7,886 square feet, more or less, and are bounded:

| | |
|---|---|
| EASTERLY | by said Pleasant Street, 87 feet; |
| SOUTHERLY | by Lot E as shown in Plan Book 282, Plan 16, land formerly of Peffers, 137.23 Feet; |
| WESTERLY | by Pleasant Street Terrace, so-called, 92 feet; and |
| NORTHERLY | slightly Northeasterly, by land now or formerly of Newcomb, being Lot numbered 2 on the first above mentioned Plan, 108.48 feet. |

Being Parcel number 4 as described in deed of Florence A. Pike to Peffers, et al, dated January 5, 1945, recorded with said Deeds in Book 6837, Page 118; this conveyance being subject to water and sewer rights for the benefit of Lots 3 and 4 on said first mentioned Plan, as fully described, Book 4341, Pages 38 and 42, said Registry of Deeds.

For Grantors' title see Deed recorded Book 15494, Page 428 with said Registry.

WITNESS OUR HANDS AND SEALS THIS 4th JANUARY, 2002.

_____
RALPH E. JOHANSEN

_____
MARLENE E. JOHANSEN

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

January 4, 2002

Then personally appeared the within named RALPH E. JOHANSEN and acknowledged that he signed the foregoing instrument of his free act and deed for the purposes therein set forth, before me,

_Patricia H. Lockhart_
Notary Public
My Commission expires:

PATRICIA H. LOCKHART
NOTARY PUBLIC
MY COMMISSION EXPIRES MAY 1, 2003


COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

January 31, 2002

Then personally appeared the within named MARLENE E. JOHANSEN and acknowledged that she signed the foregoing instrument of her free act and deed for the purposes therein set forth, before me,

Notary Public
My Commission expires: 2-8-2002

EXHIBIT 14

| Form 668 (Y)(c) (Rev. October 2000) | 2212 | Department of the Treasury - Internal Revenue Service **Notice of Federal Tax Lien** | | |
|---|---|---|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED AREA #1 Lien Unit Phone: (617) 316-2575 | | Serial Number 40215883 | | For Optional Use by Recording Office |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  RALPH E JOHANSEN

Residence  71 PLEASANT STREET
STONEHAM, MA 02180

Bk: 37407 Pg: 522
Recorded: 12/18/2002
Document: 00000765 Page: 1 of 1

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1995 | | 05/14/2001 | 06/13/2011 | 32866.16 |
| 1040 | 12/31/1996 | | 06/04/2001 | 07/04/2011 | 29435.22 |
| 1040 | 12/31/1997 | | 05/21/2001 | 06/20/2011 | 36820.51 |
| 1040 | 12/31/1998 | | 04/30/2001 | 05/30/2011 | 51836.15 |
| 1040 | 12/31/1999 | | 04/30/2001 | 05/30/2011 | 19286.58 |
| 1040 | 12/31/2000 | | 05/28/2001 | 06/27/2011 | 14559.02 |

Place of Filing
Registry of Deeds
Southern Middlesex County
E. Cambridge, MA  02141

Total $ 184803.64

This notice was prepared and signed at  Boston, MA , on this, the  21st  day of  November , 2002 .

Signature  for KELLY DIAZ

Title  REVENUE OFFICER (781) 835-4207    21-04-3925

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 2 - Internal Revenue Service TDA Copy     Form 668(Y)(c) (Rev. 10-00) CAT. NO 60025X

**EXHIBIT 15**

Bk: 41923 Pg: 104

| Form 668 (Y)(c) (Rev. October 2000) | 2261 | Department of the Treasury - Internal Revenue Service **Notice of Federal Tax Lien** | |
|---|---|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED AREA #1 Lien Unit Phone: (617) 316-2575 | | Serial Number 183799904 | For Optional Use by Recording Office |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.


Bk: 41923 Pg: 104   Doc: FTAX
Page: 1 of 1   01/31/2004 09:42 AM

S1

Name of Taxpayer: MARLENE E JOHANSEN AS NOMINEE OF RALPH E JOHANSEN

Residence: 71 PLEASANT STREET STONEHAM, MA 02180

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1995 | 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 | 05/14/2001 | 06/13/2011 | 32866.16 |
| 1040 | 12/31/1996 | 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 | 06/04/2001 | 07/04/2011 | 29435.22 |
| 1040 | 12/31/1997 | 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 | 05/21/2001 | 06/20/2011 | 36820.51 |
| 1040 | 12/31/1998 | 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 | 04/30/2001 | 05/30/2011 | 51836.15 |
| 1040 | 12/31/1999 | 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 | 04/30/2001 | 05/30/2011 | 19286.58 |
| 1040 | 12/31/2000 | 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 | 05/28/2001 | 06/27/2011 | 14559.02 |

Place of Filing: Registry of Deeds Southern Middlesex County E. Cambridge, MA 02141

Total $ 184803.64

This notice was prepared and signed at BOSTON, MA, on this, the 27th day of January, 2004.

Signature: Jan Finnegan for KELLY DIAZ

Title: REVENUE OFFICER (781) 835-4207

21-04-3925

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00) CAT. NO 60025X