UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARLENE JOHANSEN,<br>    Plaintiff,<br>    Counterclaim Defendant<br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant,<br>    Counterclaim Plaintiff<br>v.<br><br>NATIONAL CITY MORTGAGE CO.,<br>And TIMOTHY BURKE,<br>    Counterclaim Defendants | Case No. 04-11789-RCL |

**MEMORANDUM IN SUPPORT OF MOTION FOR STAY PENDING APPEAL**

**I.     Preliminary Statement**

Pursuant to Fed. R. App. P. Rule 8(a), Applicant for Intervention, Ralph Johansen ("Mr. Johansen"), respectfully requests that this Court grant a stay of the proceedings in this case pending appeal of this Court's Order of July 22, 2005 denying Mr. Johansen's Motion to Intervene.

This case concerns the United States' attempts to collect Mr. Johansen's tax liability from real estate that the United States claims Mr. Johansen fraudulently conveyed to his ex-wife pursuant to an Order from the Massachusetts Family and Probate Court. This Court denied Mr. Johansen's

Motion to Intervene on the basis that the United States has not waived sovereign immunity.

## II. Relevant Procedural History

On December 15, 2004, Mr. Johansen filed a Motion to Intervene as a Plaintiff ("motion").

On December 22, 2004, the Court referred Mr. Johansen's motion to Magistrate Judge Collings.

On June 2, 2005, Magistrate Judge Collings issued his Report and Recommendation on the motion and recommended that the motion be denied.

On June 13, 2005, Mr. Johansen filed his objection to the Report and Recommendation.

On July 22, 2005, this Court adopted Magistrate Judge Collings Report and Recommendation and denied Mr. Johansen's motion.

On August 5, 2005, Mr. Johansen timely filed a Notice of Appeal with this Court and timely served such notice on all parties.

## III. Argument

Mr. Johansen seeks a stay of proceedings pursuant to Fed. R. App. P. 8(a), which requires Mr. Johansen to first seek such relief in the District Court. The test for

2

determining whether the issuance of a stay is appropriate mirrors the standard for a preliminary injunction and consists of four factors:

1. Whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

2. Whether the applicant will be irreparably injured absent a stay;

3. Whether issuance of a stay will substantially injure the other parties interested in the proceeding; and

4. Where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16-17 (1st Cir., 2002).

### A. Mr. Johansen has a Strong Likelihood to Succeed on the Merits of an Appeal

The United States cannot be permitted to simultaneously claim that Ralph Johansen currently owns the subject real estate for tax collection purposes and that he does not own the property for sovereign immunity purposes. The government's inconsistent positions on this issue deny Ralph Johansen his due process right to challenge the government's allegations against him.

The issue of whether the United States has waived sovereign immunity for a quiet title action brought by a taxpayer from whom it is attempting to collect a tax from real estate that the government also claims the taxpayer fraudulently conveyed is one of first impression in this Court and this Circuit. The statute by which the United States expressly waives sovereign immunity concerning quiet title actions is silent as to who has standing to make such claims. As set forth in detail in Ralph Johansen's Objection to Report and recommendation on Motion to Intervene, other judicial decisions relied on in the Report and Recommendation that set forth restrictions on who may bring such claims have not previously addressed a situation similar to the present case in which there is an actual dispute of ownership of the subject property.

For a more detailed analysis of Ralph Johansen's likelihood of success, see Ralph Johansen's Objection to Report and recommendation on Motion to Intervene, attached hereto as Exhibit 1.

### B. Ralph Johansen Will Be Irreparably Harmed Absent a Stay

If such stay is not granted, a judgment will most likely be entered before Ralph Johansen can obtain a

determination from the First Circuit Court of Appeals. Cross motions for summary judgment were filed on July 29, 2005 and August 1, 2005. The determination of these motions will most likely determine this case. Ralph Johansen asserts that he has a right to be heard when this Court is determining this case. Without a stay, Mr. Johansen will effectively be denied his appellate rights.

### C. A Stay Will Not Substantially Injure the Other Parties Interested in the Proceeding

The United States is seeking to collect Mr. Johansen's tax. Therefore, any delay in collecting such tax caused by such a stay would mean additional interest charged to Mr. Johansen on his tax liability. Ms. Johansen will not be harmed because she would remain in the property during such stay. The United States would also not be harmed because its interest in the real estate, if it has any, is secured by its lien on the real estate.

### D. Public Interest

Because this is a case of first impression concerning a taxpayer's right to contest the government's allegations against him, public interest weighs heavily in favor of preserving the status quo so that an individual will not be

5

irreparably harmed while he exercises his rights in seeking an appellate determination of his due process rights.

WHEREFORE, Mr. Johansen, for the reasons stated above, respectfully requests that this Court grant the Motion for Stay Pending Appeal and any other relief deemed appropriate by this Honorable Court.

                              Ralph Johansen,
                              By his Attorney,

                              D. Sean McMahon, Esq.
                              BBO# 567542
                              Law Office of Meilman &
                              Costa, P.C.
                              70 Wells Ave., Suite 200
                              Newton, MA  02459
                              Phone: (617) 969-9500
                              Fax: (617) 969-0030

August 5, 2005

**CERTIFICATE OF SERVICE**

I, D. Sean McMahon, Esq. hereby certify that on August 5, 2005 I served a true copy of the foregoing document upon each attorney of record via first class mail, postage paid to the following:

| | |
|---|---|
| Timothy J. Burke, Esq.<br>Burke & Associates<br>400 Washington Street,<br>Suite 303<br>Braintree, MA  02184 | Stephen J. Turanchik, Esq.<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 55<br>Ben Franklin Station<br>Washington, DC  20044 |
| Richard A. Oetheimer<br>Goodwin Procter, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109-2881 | |

_____
D. Sean McMahon, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLENE JOHANSEN,<br>    Plaintiff,<br>    Counterclaim Defendant<br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant,<br>    Counterclaim Plaintiff<br>v.<br><br>NATIONAL CITY MORTGAGE CO.,<br>and TIMOTHY BURKE,<br>    Counterclaim Defendants | Case No. 04-11789-RCL |

### RALPH JOHANSEN'S OBJECTION TO REPORT AND RECOMMENDATION ON MOTION TO INTERVENE

Ralph Johansen hereby objects to the Report and Recommendation on Motion to Intervene as a Plaintiff pursuant to F.R.C.P. Rule 72. The basis for this objection includes all arguments set forth in Ralph Johansen's Motion to Intervene as a Plaintiff (Docket #17), his Memorandum in Support of Motion to Intervene (Docket #18), and his Reply Memorandum in Support of His Motion to Intervene as a Plaintiff (Docket #25), all of which are incorporated herein by reference.

As further basis for his objection and specifically addressing the reasoning of the Report and Recommendation, Ralph Johansen objects to the recommended ruling that the United States has not waived sovereign immunity for Ralph

Johansen's Complaint in Intervention for the following reasons:

## I. Ralph Johansen is Entitled to Invoke the Waiver of Sovereign Immunity Contained in 28 U.S.C. § 2410

The United States is immune from suit unless it consents to be sued. United States v. Sherwood, 312 U.S. 584 (1941). Absent an express waiver of sovereign immunity, federal courts do not have jurisdiction over suits against the United States. Limar Shipping Ltd. v. United States, 324 F.3d 1 (1st Cir. 2003).

In regard to suits against the United States to quiet title to property in which the United States claims a lien, the United States has expressly consented to be sued pursuant to 28 U.S.C. § 2410, which states in relevant part:

> Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named as a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter – (a) to quiet title to, . . . real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a). Ralph Johansen's Complaint in Intervention falls squarely within the waiver contained in this statute. Mr. Johansen has named the United States as

2

a party in his claim in the District Court to quiet title to property in which the United States claims a lien.

The statute is silent as to who may bring claims to quiet title to real estate. Nevertheless, as noted in the Report and Recommendation, courts have interpreted a requirement that a person must have some interest in the property to have standing to bring a quiet title claim against the United States. See <u>United States v. Woolley</u>, 2003 WL 21790346, *1 (D. Neb. 2003). Courts have stated that such a requirement is consistent by the principle of common sense. See <u>In the Matter of Coppola</u>, 810 F.Supp. 429, 433 (E.D.N.Y. 1992). However, decisions imposing such a requirement have not set forth a clear test of what interest is required and no decision concerning such a requirement has concerned a dispute of ownership similar to the one in the present case.

The Report and Recommendation adopts the position that a claimant must assert an ownership interest in the property to have standing to bring a quite title action against the United States. Other cases that determined a party must claim a present interest in the subject property in order to have standing did not involve an actual dispute concerning the ownership of the property. See <u>Progressive Consumers Federal Credit Union v. United States</u>, 79 F.3d

3

1228 (1st Cir., 1996); E.J. Friedman Co., Inc. v. United States, 6 F.3d 1355 (9th Cir., 1993); and Raulerson v. United States, 786 F.2d 1090 (11th Cir., 1986). As demonstrated by the facts of this case, where there is an actual dispute concerning ownership, a requirement that a claimant is only permitted to bring a quiet title claim if he takes a certain position on the merits is not consistent with the principles of common sense.

The Report and Recommendation relies on In the Matter of Coppola, 810 F.Supp. 429 (E.D.N.Y. 1992) to support its contention that the waiver of sovereign immunity of 28 U.S.C. § 2410 only applies to claimants who assert an ownership interest in the property. This decision is distinguished from the present situation in three important ways. First, the court reached the merits of the case on other grounds and therefore its finding concerning 28 U.S.C. § 2410 was not controlling. The court noted that because it reached the merits on other grounds it only examined the quiet title claim briefly. Coppola at 432. Second, the issue in controversy was not a dispute over ownership. Rather, the disputed issue was whether a Writ of Entry was based on probable cause. Coppola at 432. The taxpayers apparently attempted to use a quiet title claim as one argument to gain standing to challenge the probable

4

cause finding. Third, the dispute as to which person or entity owned the subject property concerned a distinction without a difference because the property was either owned by the taxpayers or corporations they owned and controlled. Coppola at 432. Therefore, the dispute as to who owned the property was essentially irrelevant to the parties.

The Report and Recommendation also relies on Progressive Consumers Federal Credit Union v. United States, 79 F.3d 1228 (1st Cir., 1996). Contrary to the Report and Recommendation, this decision supports Ralph Johansen's claim concerning the Congressional intent behind 28 U.S.C. § 2410. In Progressive, there was no dispute over who owned the subject property. Rather, the dispute solely concerned lien priority. The relevant issue facing the court was whether the scope of 28 U.S.C. § 2410 encompassed lien priority disputes. The United States argued lien priority disputes did not fall within the coverage of 28 U.S.C. § 2410. Progressive at 1231. In examining the scope of 28 U.S.C. § 2410, the Court discussed generally the types of disputes Congress intended to address. As noted in the Report and Recommendation, the Court stated that Congress intended 28 U.S.C. § 2410 to cover "practical problems facing owners whose property was encumbered by government liens." Progressive at 1232.

5

Ralph Johansen is nothing if not a person facing serious, practical problems as a result of the assertion of the United States that he fraudulently conveyed property encumbered by a government lien. Mr. Johansen is caught between the Massachusetts Probate and Family Court, which ordered him to transfer the property to his ex-wife, and the IRS, which alleges that the transfer was fraudulent. The outcome of this case will affect Mr. Johansen's tax liability, his obligation to his ex-wife, his obligation to the Massachusetts Probate and Family Court, and the Offer in Compromise he filed with the IRS. These are precisely the type of "practical problems" facing people disputing government liens. Whether he is an owner of the property is at the heart of this dispute and his voice should be heard when this Court renders a decision on that issue that will directly and substantially affect his interests. Indeed, this is the purpose of the statute.

II.  **Ralph Johansen's Complaint in Intervention Should Not Be *de facto* Dismissed For Lack of Jurisdiction When There is A Material Jurisdictional Fact In Dispute**

It is obvious that 28 U.S.C. § 2410 waives sovereign immunity for claims made by a property owner. If the United States prevails on the merits of its claims, Ralph Johansen will be found to have a present interest in the property. Therefore, Ralph Johansen could then avail

6

himself of the waiver of sovereign immunity of 28 U.S.C. § 2410. Unfortunately, this would also mean he lost on the merits of this case. If the Report and Recommendation is adopted, Ralph Johansen could be bound by a determination he was prohibited from participating in when, in hindsight, it is established that his voice should have been heard.

The potential for this unjust situation to occur results from two procedural factors: first, the jurisdictional dispute is intertwined with the merits, as illustrated above, and second, the United States' Opposition to Ralph Johansen's Motion to Intervene is equivalent to a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Had Ralph Johansen asserted a quiet title action *ab initio*, the United States' would have filed a motion pursuant to Rule 12(b)(1) to challenge jurisdiction based on sovereign immunity.

Where resolution of the jurisdictional question is intertwined with the merits of the action, a court is required to treat a motion to dismiss for lack of subject matter jurisdiction as either a motion for dismissal under Rule 12(b)(6) or as one for summary judgment. See Holt v. United States, 46 F.3d 1000, 1003 (10th Cir., 1995); Jones-

Booker v. United States, 16 F.Supp.2d 52, 58 (D.Mass. 1998). The Holt Court stated:

> [W]hen ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment. [] Under this standard, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

(citations omitted) Holt v. United States, 46 F.3d 1000, 1003 (10th Cir., 1995) citing Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). In the present case, there is a dispute as to a material jurisdictional fact concerning whether Ralph Johansen owns the subject property. Ralph Johansen's Complaint in Intervention should not be essentially dismissed for lack of subject matter jurisdiction where there is a dispute as to a material jurisdictional fact.

Applicant for Intervention,<br>
Ralph Johansen,<br>
By his Attorney,<br>
<br>
_____<br>
D. Sean McMahon, Esq.<br>
BBO# 567542<br>
Law Office of Meilman & Costa, P.C.<br>
70 Wells Ave., Suite 200<br>
Newton, MA  02459<br>
Phone: (617) 969-9500<br>
Fax: (617) 969-0030

**CERTIFICATE OF SERVICE**

I, D. Sean McMahon, Esq., hereby certify that on June 13, 2005 I served a copy of the foregoing document by first class mail, addressed as indicated below, upon the following:

>Timothy J. Burke, Esq.
>Burke & Associates
>400 Washington Street, Suite 303
>Braintree, MA 02184
>
>Stephen J. Turanchik, Esq.
>Trial Attorney, tax Division
>U.S. Department of Justice
>P.O. Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>
>Michelle C. Davenport, Esq.
>Harmon Law Offices, P.C.
>150 California Street
>Newton, MA 02458
>
>Richard A, Oetheimer, Esq.
>Goodwin Proctor, LLP
>Exchange Place
>Boston, MA 02109

_____
D. Sean McMahon, Esq.

9