**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

**MARLENE JOHANSEN**

**Plaintiff and Counterclaim**
**Defendant**

                                    **Civil Action No. 04-11789-RCL**

**v.**

**UNITED STATES OF AMERICA**

**Defendant and Counterclaim**
**Plaintiff**

**v.**

**TIMOTHY BURKE**

**Counterclaim Defendant**

---

**PLAINTIFF'S REPLY BRIEF**

1.   <u>Judgment Should Enter on the Plaintiff's Complaint as
     the United States Agrees that Ms. Johansen is Not a
     Nominee of Mr. Johansen.</u>

In the United States' Response to Marlene's Substantive
Legal Claims, Section C, paragraph 1, at page 5, it admits that
the Plaintiff is not the nominee of her former husband. If a
party against whom a motion for summary judgment has been
requested "fails to make a showing sufficient to establish the
existence of an element essential to that party's case, and on
which that party will bear the burden of proof at trial, . . .
[t]he moving party is 'entitled to judgment as a matter of law.'"
<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986) (quoting
Fed. R. Civ. P. 56(c)); <u>Whitman v. Miles</u>, 387 F.3d 68, 75 (1st
Cir. 2004).

Summary Judgment properly issues against the United States

on the Plaintiff's Complaint.

    2.    <u>Ms. Johansen was a Purchaser of the Home for the</u>

        <u>Purposes of IRC § 6323.</u>

The brief of the Defendant states as follows:

Marlene does not make a frontal assault upon the validity of
Treas. Reg.§301.6323(h)-l(a)(3), but rather contends that
"it is debatable" and "without weight in this matter." There
is no merit to her contention. It is well settled that
Treasury Regulations must be sustained unless "unreasonable
and plainly inconsistent" with the statute. <u>UNUM Life Ins.
Co. v. United States</u>, 897 F.2d 599, 610 (Pt Cir. 1990).
Treasury regulations and interpretations long continued
without substantial change, applying to unamended or
substantially reenacted statutes, are deemed to have
received congressional approval and have the effect of law.
See <u>United States v. Cleveland Indians Baseball Co.</u>, 532
U.S. 200, 217 (2001).


IRC § 6323(h)(6) states:

The term "purchaser" means a person who, for adequate and
full consideration in money or money's worth, acquires an
interest (other than a lien or security interest) in
property which is valid under local law against subsequent
purchasers without actual notice...

The statute at no place mentions the term "marital rights",

it simply requires the acquisition of property for adequate and

full consideration for money or money's worth.

Regulation Section 301.6323(h)-1(3) in defining money or

money's worth states as follows:

the term "money or money's worth" includes money, a
security (as defined in paragraph (d) of this section),
tangible or intangible property, services, and other
consideration reducible to a money value. Money or money's
worth also includes any consideration which otherwise would
constitute money or money's worth under the preceding
sentence which was parted with before the security interest
would otherwise exist if, under local law, past
consideration is sufficient to support an agreement giving

> rise to a security interest. A relinquishing or promised
> relinquishment of dower, curtesy, or of a statutory estate
> created in lieu of dower or curtesy, or of other marital
> rights is not a consideration in money or money's worth.
> Nor is love and affection, promise of marriage, or any
> other consideration not reducible to a money value a
> consideration in money or money's worth.

The United States makes no apparent argument, nor could it, that Ms. Johansen's interest in Mr. Johansen's pension does not meet the statute's and the regulation's requirement for being money or money's worth. Its characterization of Ms. Johansen's interest in Mr. Johansen's pension as a "marital right" fails as this interest is "reducible to a money value."

The United States implicitly argues that Ms. Johansen's interest in the pension is disqualified from being money or money's worth as her right to the pension is a "marital right" as it arose due to her marriage to Mr. Johansen.

The government's argument fails for two reasons, the first being that the terms of the regulation do not include an exchange of assets as happened here. Secondly, if those terms of the regulation are as broad as the United States maintains then the regulation would fail as being inconsistent with Congressional intent.

    i.   <u>The Regulation Does Not Address Transactions as Occurred Here.</u>

The last two sentences of Regulation 301.6323(h)-1(3) state as follows:

> A relinquishing or promised relinquishment of dower,
> curtesy, or of a statutory estate created in lieu of dower
> or curtesy, or of other marital rights is not a

3

consideration in money or money's worth. Nor is love and
affection, promise of marriage, or any other consideration
not reducible to a money value a consideration in money or
money's worth.

There is no apparent reason to believe that the last two
sentences of Regulation 301-6323(h)-1(3) were intended to address
transactions such as Mr. and Ms. Johansen where a bargained for
exchange occurred. Here there was no exchange of dower, curtesy,
love, affection, promise of marriage or any other consideration
not reducible to a money value. The United States apparent
reliance on the terms "or of other marital rights" is misplaced.
These terms are fairly seen as including companionship and
consortium but not economic assets. Additionally, the terms are
properly considered in the context of that portion of the
regulation where they were placed by the United States. The
subject provisions were placed where rights which arise from
personal relationships are discussed and not where rights which
are reducible to money or money's worth are elucidated.

The government's argument that a bargained for exchange of
assets which meets the requirement the exchange of assets
reducible to money or money's worth is disqualified by a vague[1]
and invalid phrase which is intended to address personal
consideration and not financial consideration is simply
unsupportable.

---

[1] Please see Big Mam Rag, Inc. v. United States, 631 F.2d
1030 (D.C. Cir.1980).

ii.   The Regulation is Invalid if the Government's Position
      is Correct.

In United States v. Vogel Fertilizer Co., 455 U.S.

16, 26 (1982) the Supreme Court stated as follows:

> This Court has firmly rejected the suggestion that a
> regulation is to be sustained simply because it is not
> "technically inconsistent" with the statutory language, when
> that regulation is fundamentally at odds with the manifest
> congressional design. *United States v. Cartwright*, supra, at
> 557. The challenged Regulation is not a reasonable statutory
> interpretation unless it harmonizes with the statute's
> "origin and purpose." *National Muffler Dealers Assn., Inc.*
> *v. United States*, supra, at 477.

In McGee v. Commissioner, 123 T.C. 19 (2004) the United

States Tax Court invalidated a section of a Revenue Procedure by

stating:

> Respondent's administrative interpretations are given little
> weight when inconsistent with a statutory scheme. *United*
> *States v. Vogel Fertilizer Co.*, 455 U.S. 16, 26 (1982); *FEC*
> *v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 30
> (1981). Rev. Proc. 2000-15, sec. 5, should not be applied in
> a manner which frustrates the legislative intent of section
> 6015 and the related public law.

Congress' enacted Section 6323 with the clear intent of

exempting transactions where assets are exchanged for fair

consideration. Since the terms of the statute do not contain a

mention of the term "marital rights", there is no support for the

proposition that Congress intended to exclude transactions as

happened here.

The obvious basis for the United States' unhappiness is that

IRC § 6323 leaves it in a position where the collection of Mr.

Johansen's tax has been complicated by the statute's intended

operation.

In its brief, at page 6, it states:

> The regulation's approach plainly is a reasonable
> construction of § 6323. Were the rule otherwise, it would
> encourage couples, only one of whom owes back taxes, to
> place property beyond the reach of the federal tax lien by
> conveying it to the nondelinquent spouse, in return for a
> relinquishment of some type of marital rights. The
> nondelinquent spouse would then be positioned to claim that
> she was a "purchaser" with an interest superior to that of
> an unfiled federal tax lien. The rule of Treas. Reg. §
> 301.6323(h)-1(a)(3) is a reasonable interpretation of the
> statute and prevents abuse. The regulation may also prevent
> divorces for the purpose of protecting assets.

> This rationale is illustrated in the facts of this case.
> Ralph Johansen was indebted to the Internal Revenue Service
> in an amount of more than $170,000 in December 2001, while
> Marlene was not. The two primary assets of the marital
> estate were: (1) the marital residence and (2) Ralph's right
> to received payments from his pension in the future. Marlene
> and Ralph divided the assets whereby Marlene receives the
> residence and Ralph will obtain the right to the entire
> pension fund. If Marlene's relinquishment of her marital
> rights in Ralph's pension qualified as "consideration in
> money or money's worth" the IRS would be prejudiced because
> it would lose the right to immediately seize and collect
> from the proceeds of the sale of the house and instead have
> to wait until Ralph had the right to receive payments under
> his pension fund to collect. *Allowing for the expeditious
> collection of federal income taxes provides a rational basis
> for the IRS to have issued the regulation.*[Italics added]

In the last sentence of the above paragraph, the United

States discloses that the terms of the statute did not provide

for the interpretation that it advances in this matter. Rather it

argues that an expansive view of the regulation is required so as

to allow for the expedited collection of taxes. Its position is

in direct contravention of a statute which exempts from the

United States secret lien exchanges for fair consideration. The

United States' argument here is fairly seen as reflective of its

unhappiness that a transaction which meets the terms of the statute have left it in a position where its collection efforts are complicated as a result of the statute's terms. The statute does not exclude transfers which impede an expedited collection action. The United States does not and cannot provide support for the proposition that it is to be allowed to override a longstanding statutory scheme when it forms the opinion that it would be easier to remove somebody from her home than it would be to take other lawful collection efforts. The United States' position is without merit.

      3.    <u>The Precedents Relied upon by the United States to Support the Proposition That Adequate Consideration Was Not Given Are Distinguishable.</u>

The United States principally relies on two holdings <u>Herzog v. United States</u>, 201 F.3d 444(9th Cir.1999) and <u>Harris v. United States</u>, 588 F. Supp. 835, 838 (N.D. Tex. 1984), aff'd, 764 F.2d 1126 (5th Cir. 1985) to support the proposition that adequate consideration was not given by Ms. Johansen.

In <u>Herzog v. United States</u>, 201 F.3d 444(9th Cir.1999) the Appellant maintained that he was a purchaser of property for the purposes of IRC § 6323. The facts as provided by the Court do not show what if any property was transferred between the spouses. Additionally, the Court in its review of California law found that since Mr. Herzog's failure to make a request for reimbursement under that state's community property law was the basis upon which the subject property could be attached. While the Ninth Circuit was clear in its conclusion that IRC § 2516,

which relates to the taxation of gifts between spouses, did not provide Mr. Herzog with a basis for maintaining that adequate consideration had not been given for the subject transfer, its rationale for finding that adequate consideration had not been given, other than a reference to Regulation 301.6323(h)-1(a)(3), is uncertain.

In <u>Harris v. United States</u>, 588 F. Supp. 835, 838 (N.D. Tex. 1984), aff'd, 764 F.2d 1126 (5th Cir. 1985), the spouse who received the subject property did so without exchanging any apparent consideration. Accordingly, her failure to provide consideration did not provide her with a claim under the statute. Her release of marital rights, in whatever shape or form, did not constitute an exchange of assets as occurred with Mr. and Mrs. Johansen. While the United States' position that the exchange of "marital rights" which cannot be sold or transferred may be supported under the statute, there is no support for the proposition that the exchange of valuable and ascertainable rights does not constitute adequate consideration.

4. <u>The United States Offers No Support for the Proposition That Ms. Johansen's "Judgment Rights" Are the Same as Her Marital Rights"</u>

The Plaintiff respectfully wishes that the Court note that the United States did not provide any legal support for the proposition that the rights which Ms. Johansen received in her ex-husband's pension as a result of the Probate Court's judgment were not the same rights that any party to litigation secures when a judgment is issued on his or her behalf.

5.    <u>The Transfer was for Adequate and Full Consideration.</u>

The United States argues that there is insufficient information upon which to find that the exchange of Ms. Johansen's judgment granting rights to Mr. Johansen's pension for sole ownership of the property was for full and adequate consideration. The United States also states that Ms. Johnasen has not placed a value on the judgment rights. The United States' argument fails in that the exchange was accepted by the Probate Court which has and had an obligation to act fairly. Secondly, there is no requirement that the exchange be made with mathematical precision. What is required is that the values exchanged be reasonably equivalent. Here there was certainty as to the equity in the home. The parties and the Probate Court found that the exchange was acceptable. Notably, Ms. Johansen, as noted by the United States, wished for a greater return on her exchange. This type of post transactional dissonance is common in business transactions. Ms. Johansen's desire for a greater return and her acceptance of what she received does not undermine the position advanced by the Plaintiff, rather it supports the proposition that the transfer was the result of a bargained for exchange.

6.    <u>The United States' Arguments Relative to Mr. Johansen's Status a Judgment Lien Creditor are Not Predicated Upon the Statute but are an Obvious Attempt to Deflect the Court's Consideration of the Terms of the Statute.</u>

The United States argues that the term "judgment lien creditor" is to be interpreted without reference to the statutory definition but by reference to Black's Law Dictionary and its

definition of a lien. In her memorandum, Ms. Johansen extensively

discussed the interplay of the IRC § 6323 and Massachusetts' Law.

Accordingly, that discussion will not be repeated herein.

At no point in its (approximately) five page argument does

the United States discuss the interpretation of IRC § 6323 as it

relates to parties who receive title to real estate in a court

proceeding. The reason for its failure to do so is obvious. IRC §

6323 holds that Ms. Johansen is entitled to an exemption from

IRC § 6321.

7.    The Transfer of the Home was Not a Fraudulent
      Conveyance.

At page 16 of its brief the United States states:

Among the more common badges of fraudulent intent at the
time of a transfer are: (1) actual or threatened litigation
against the debtor; (2) a purported transfer of all or
substantially all of the debtor's property; (3) insolvency
or other unmanageable indebtedness on the part of the
debtor; (4) a special relationship between the debtor and
the transferee; and (5) retention by the debtor of the
property involved in the putative transfer." *Federal Deposit
Ins. Corp. v. Anchor Properties, Inc.*, 13 F.3d 27, 32 (1st
Cir.1994). "The presence of a single badge of fraud may spur
mere suspicion, the confluence of several can constitute
conclusive evidence of an actual intent to defraud, absent
'significantly clear' evidence of a legitimate supervening
purpose." *Max Sugarman Funeral Home, Inc.* , 926 F.2d at
1254-55.

In this case, the following factors support a finding that
the conveyance was made with the intent to hinder, defraud
or delay the collection of his federal tax liabilities: *(1)
the conveyance was made to his wife, (2) before the transfer
was made, the debtor was threatened with suit,4/ (3) from
the perspective of the Internal Revenue Code, the value of
the assets received by Ralph was not equivalent to the value
of the assets exchanged, (4) the transfer occurred shortly
after a substantial debt was incurred, and (5) Ralph was
insolvent before and after the transfer*. [Italics added]5/
By transferring his interest in the Subject Property to
Marlene, he has, at the very least delayed his creditors.

The United States misstates the facts that it relies upon. The transfer was to Mr. Johansen's **ex-wife**, there was no suit threatened (nor does the United States reference one), the value exchanged was equivalent, the transfer occurred long after Mr. Johansen had accrued debts (the debts accrue when the tax is to be paid not only after they are assessed) and there is no proof that Ralph was insolvent.

The transfer was approved by the Probate Court as equitable. The United States' argument is bereft of merit.

III. <u>Conclusion.</u>

The Plaintiff's Request that title be cleared and the nominee lien be invalidated are entirely supported by fact and law. The Defendant's Counterclaims cannot stand as a matter of law and are properly dismissed.

<div style="margin-left:50%">

Marlene Johansen
by her attorney

/s/ Timothy J. Burke
Timothy J. Burke
BBO# 543837
400 Washington Street
Braintree, MA    02184
(781) 380-0770
</div>

Dated: August 19, 2005

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon each attorney of record via first class mail, postage prepaid on August 19, 2005 to the following counsel of record:


    Stephen Turanchik
    Trial Attorney, Tax Division
    Department of Justice
    P.O. Box 55
    Ben Franklin Station
    Washington, D.C.    20044


    Sean McMahon
    Meilman & Costa
    70 Wells Avenue
    Suite 200
    Newton, MA    02459


                           /s/ Timothy J. Burke
                           Timothy J. Burke