UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLENE JOHANSEN, | ) |
| | ) |
| Plaintiff, | ) |
| Counterclaim Defendant, | ) |
| | ) Case No. 04-11789-RCL |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant, | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL CITY MORTGAGE CO., | ) |
| and TIMOTHY BURKE, | ) |
| | ) |
| Counterclaim Defendants. | ) |

MEMORANDUM OF LAW IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS FOR MOOTNESS

The United States of America, no longer asserts an interest in the property at issue in this case and includes this memorandum of law in support of its motion to dismiss for mootness.

Background

On August 17, 2004, Marlene Johansen ("Marlene") filed this Complaint seeking to quiet title to 71 Pleasant Street, Stoneham, Massachusetts ("the Subject Property"). On October 18, 2004, the United States answered the Complaint and filed a Counterclaim seeking to foreclose its federal tax liens against the Subject Property. The federal tax liens arose because of unpaid

federal income tax liabilities of Ralph Johansen ("Ralph"), Marlene's ex-husband. At issue in this case was whether the federal tax liens attached to the Subject Property.

On August 22, 2005, the United States received payment in full satisfaction of Ralph Johansen's outstanding federal tax liabilities. The United States will release all liens against Ralph Johansen, including those liens naming Marlene Johansen as the nominee of Ralph Johansen. The United States, therefore, claims no interest in the Subject Property, and moves to dismiss this action because there is no controversy to adjudicate.

ARGUMENT

The federal judicial power extends only to "cases or controversies." U.S. Const. art. III, sec. 2; See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701-02, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). In general, a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). The mootness doctrine ensures that "a party's interest in the outcome continues to exist throughout the life of the lawsuit ...." Cook v. Colgate, 992 F.2d 17, 19 (2d Cir.1993) (citations omitted). The mootness doctrine derives from the constitutional requirement that federal courts may decide only actual cases or controversies. See Courtemanche v. General Services Admin., 172 F.Supp.2d 251, 263 (D.Mass. 2001). Thus, in order properly to invoke federal jurisdiction, an actual case or controversy must exist at all stages of the proceeding and not simply at the date the action is initiated. See Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

In this case, the United States no longer has an interest in the subject matter of this

lawsuit.  The United States asserted that its federal tax liens against Ralph Johansen attached to the subject property.  Marlene Johansen contended that she owned the subject property free and clear of all federal tax liens against Ralph Johanen.  The parties filed cross-motions for summary judgment.  After the filing of the summary judgment motions, payment was made in full satisfaction of Ralph Johansen's federal income tax liabilities for 1995-2000.  After application of the funds, the United States no longer has a federal tax lien against Ralph Johansen.  Consequently, there are no federal tax liens against Ralph Johansen that attach to the Subject Property.  Because the United States no longer claims an interest in the Subject Property, there is no live controversy for this Court to adjudicate.  Thus, this case must be dismissed for mootness.

Furthermore, to the extent that Marlene argues that this Court should retain jurisdiction to award her judgment and then counsel fees under 26 U.S.C. §7430, that contention is without merit.  The prospect of a favorable judgment creating such an entitlement does not affect the court's determination that the merits of the underlying action are moot.  I.D. v. Westmoreland School Dist., 1994 WL 470568 (D.N.H. 1994).  Plaintiff's interest in recovering attorneys fees and costs is insufficient to prevent mootness. See Lewis v. Continental Bank Corp., 494 U.S. 472, 480, 110 S.Ct. 1249, 1255, 108 L.Ed.2d 400 (1990).  Therefore, there is no justiciable question upon which this Court would render a decision.

CONCLUSION

Because Ralph Johansen's federal tax liabilities have been fully satisfied, there are no federal tax liens against Ralph Johansen, and therefore, the United States claims no interest in the Subject Property. As such, there is no live controversy for this Court to decide and, thus, this case should be dismissed for mootness.

        MICHAEL J. SULLIVAN
        United States Attorney

        /s/ Stephen J. Turanchik

        STEPHEN J. TURANCHIK
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 55
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-6565
        stephen.j.turanchik@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Motion to Dismiss for Mootness and Supporting Memorandum of Law has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 20th day of September, 2005:

>Timothy J. Burke
>400 Washington Street, Suite 303
>Braintree, MA 02184
>
>D. Sean McMahon
>Meilman & Costa
>70 Wells Avenue, Suite 200
>Newton, MA 02459

>/s/ Stephen J. Turanchik
>_____
>STEPHEN J. TURANCHIK
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C.  20044
>Telephone: (202) 307-6565
>stephen.j.turanchik@usdoj.gov