UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

MARLENE JOHANSEN

Plaintiff and Counterclaim
Defendant

v.

UNITED STATES OF AMERICA

Defendant and Counterclaim
Plaintiff

v.

TIMOTHY BURKE

Counterclaim Defendant

Civil Action No. 04-11789-RCL

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS FOR MOOTNESS**

**I.   Facts.**

On August 17, 2004, the Plaintiff filed her Complaint against the United States.

The dispute is with the United States' filing of a Notice of Federal Tax Lien which stated that the Plaintiff was the nominee of her former husband (the "Lien").

Ms. Johansen had received title to her marital home pursuant to a judgment of the Massachusetts Probate and Family Court. Thereafter the Internal Revenue Service filed a Notice of Tax Lien against her husband, which was followed by the filing of the subject Lien. (Please see paragraphs numbered 1 through 17 of the

1

Plaintiff's Complaint.)

Ms. Johansen's Complaint, in relevant part, included the following allegations[1]:

>   19. On January 31, 2004 a Notice of Federal Tax Lien stating that Marlene Johansen was a Nominee of Ralph Johansen was recorded by the Commonwealth of Massachuset's Registry of Deeds for Middlesex County (the "Nominee Lien") (Please see Exhibit 7.)
>
>   20. The Nominee Lien creates a cloud on the title of the Home.
>
>   21. The Nominee Lien effects a detriment to Marlene's creditworthiness.[2]
>
>   22. Marlene Johansen has been damaged by the Service's unlawful lien.
>
>   23. Ms. Johansen has exhausted all administrative remedies.
>
>   24. Ms. Johansen has incurred and continues to incur attorney's fees in this action. She is entitled to an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 USC Sec. 2412 (b) and IRC Sec. 7430.

Her Complaint included the following request for relief from the Court:

>   a. Judgment against the defendant holding that the Lien filed against Ms. Johansen is erroneous.
>
>   b. Award the Plaintiff's attorney's fees and costs pursuant to 28 USC Sec. 2412(b) and IRC Sec. 7430.

---

[1] The paragraph numbers used herein reference those used in the Complaint.

[2] The Plaintiff respectfully requests that the Court take Judicial Notice that the filing of a Notice of Federal Tax Lien detriments a person's creditworthiness.

On October 18, 2004, the United States answered the Plaintiff's Complaint and filed Counterclaims against the Plaintiff. The Counterclaims included the allegations that Ms. Johansen was a nominee of her former husband[3], that the government's lien had attached to her home at the time of its transfer to her[4] and that the transfer of the home to her was a fraudulent conveyance[5].

On July 29, 2005, the United States filed its Motion for Summary Judgment. On August 1, 2005, the Plaintiff filed her Motion for Summary Judgment.

In its Reply to Ms. Johansen's request for summary judgment, at page 5, Section C, paragraph 1, entitled "The United States' Response to Marlene's Substantive Legal Claims," the United States admitted that the Plaintiff was not the nominee of her former husband.

The United States' arguments relative to its other claims were unsupported by fact or law.

Subsequent to the United States' admission that it was without a defense to the Plaintiff's Motion, the Plaintiff's ex-

---

[3] Please see, United States' Answer and Counterclaim, pp. 7-8, paragraph (b) and Count 1, pg. 11, paragraph numbered 38.

[4] Please see, United States' Answer and Counterclaim, Count 1, pg. 11, paragraph numbered 37.

[5] Please see, United States' Answer and Counterclaim, Count 2, pp. 13-14, paragraphs numbered 43 through 50.

husband apparently paid his past due taxes.

The United States filed a Motion to Dismiss for Mootness on September 20, 2005.  The United States' Memorandum in Support of its Motion to Dismiss, at page 3, states the following:

> On October 18, 2004, the United States answered the Complaint and filed a Counterclaim seeking to foreclose its federal tax liens against the Subject Property. The federal tax liens arose because of unpaid federal income tax liabilities of Ralph Johansen ("Ralph"), Marlene's ex-husband. At issue in this case was whether the federal tax liens attached to the Subject Property. On August 22, 2005, the United States received payment in full satisfaction of Ralph Johansen's outstanding federal tax liabilities. The United States will release all liens against Ralph Johansen, including those liens naming Marlene Johansen as the nominee of Ralph Johansen. **The United States, therefore, claims no interest in the Subject Property, and moves to dismiss this action because there is no controversy to adjudicate.**

The United States' Motion does not provide a basis for its conclusion that Mr. Johansen's full payment of his tax liabilities to the United States adequately addresses the allegations and relief sought from the Court in Ms. Johansen's Complaint.  The issue before the Court remains as to whether the United States had legal justification for the filing of the nominee lien, and if the Court finds none, the extent of damages caused to Ms. Johansen by its erroneous filing.

**II.  Law and Argument.**

    1.  Standard of Review.

In ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe

all reasonable inferences in favor of the plaintiffs. Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998). Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. See, Alternative Energy Inc. v. St. Paul Fire & Marine Ins. Co., No. 01-1133 (1st Cir. 10/11/2001) citing, Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

Here, Ms. Johansen's Complaint properly alleges that her creditworthiness was damaged by the filing of the unlawful Lien. Her matter addresses the injury she suffered. Her matter is not moot.

    2.   The Doctrine of Mootness.

In Education/Instruccion, Inc. v. United States, 471 F.Supp. 1074 (1979), Education/Instruccion, Inc. ("EEI") filed an action pursuant to the Freedom of Information Act, seeking injunctive relief against the Department of Housing and Urban Development ("HUD") and its Secretary, Patricia Roberts Harris.

EEI alleged that it had been "denied access to significant portions of documents in the custody of the defendants and sought to recover costs and attorney fees as well as access to those materials which had not been turned over to it." Education/Instruction at 1074.

In July and August of 1976, EEI requested disclosure of certain documents related to HUD's compliance review of the Boston Housing Authority ("BHA"), which was conducted in 1975 to determine whether BHA was designing and implementing programs to promote equal opportunity for all persons as mandated by Title VI of the Civil Rights Act of 1964. Id. at 1075.

HUD denied access to the requested documents.

In October, 1977 HUD and BHA entered a compliance agreement which brought HUD's administrative enforcement process to its conclusion. Id.

On September 8, 1978, the plaintiff filed a motion for summary judgment. The defendants filed a cross motion for summary judgment on November 13, 1978[6], arguing that the only issue then before the Court was whether they should be enjoined from withholding the few portions of documents which remained undisclosed pursuant to their assertion of exemption 5 and that all other issues have been mooted by disclosure. The defendants' maintained that HUD was no longer asserting any Section 7 exemption since the law enforcement proceedings against BHA had ended with the compliance agreement. Id.

The plaintiff then argued that if the court ruled that the defendants were never entitled to withhold the documents, an

---

[6] The defendants' cross motion was filed twenty-eight months after the original request for disclosure, and thirteen months after the execution of the compliance agreement. Id. at 1075.

award could be made for costs and attorney fees incurred from the time the materials should have been made available without litigation until the time when those documents were disclosed.

The Court ruled as follows:

> I rule that the controversy between the parties as regards the materials claimed to be exempt under Section 5 or 7 has not been mooted by the eventual disclosure of most of the documents. If the documents were wrongfully withheld as plaintiff argues, plaintiff may be awarded costs and reasonable attorney fees pursuant to 5 U.S.C.A. § 552(a)(4)(E) in the court's discretion.
> **In disclosing those documents, which it had argued were exempt under Section 7 defendants have not conceded that plaintiff was entitled to disclosure from the date of the original request. Defendants merely maintain that since the law enforcement proceedings upon which the Section 7 exemption was based were at an end, they were no longer claiming the exemption. Thus for purposes of plaintiff's claim for costs and attorney fees, there remains a controversy as to whether defendants were ever entitled to claim an exemption under Section 7.**

Similarly here, the United States, by promising to release its nominee lien pursuant to Mr. Johansen's payment of his tax liabilities, does not concede that the Lien was filed in error nor that Ms. Johansen is entitled to relief.  Critically, at no point in the filings in support of the Defendant's Motion does it admit that the Lien was unlawfully filed or that Ms. Johansen's Complaint which alleges that she was damaged is unsupportable.

In Lewis v. Continental Bank Corporation, 494 U.S. 472 (1990), Continental Bank Corporation ("CBC") challenged the banking statutes of the State of Florida.  Gerald Lewis was the Comptroller of the State of Florida and head of the Department of

Banking and Finance.

Though CBC prevailed before the District Court its motion for attorney's fees was denied.

Shortly before the Court of Appeals for the Eleventh Circuit affirmed the District Court's decision and remanded for an explanation as to why attorney's fees had been denied, the federal law governing banks changed and mooted the dispute between the parties.

The Supreme Court found as follows:

> Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). To invoke the jurisdiction of a federal court, a litigant must have **suffered** [emphasis added] or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision, *Allen v. Wright*, 468 U.S. 737, 750-751 (1984); *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-473 (1982).

In <u>Rainey v. Jackson State College</u>, 481 F.2d 347 (5th Cir.1973) the Plaintiff filed an action against Jackson State College ("JSC") alleging that his contract to teach at JSC during the academic year 1970-71 had been breached by defendants in violation of his First Amendment right to free speech.

The District Court dismissed the Plaintiff's Complaint for a lack of jurisdiction. The Fifth Circuit Court of Appeals overturned the District Court's decision and issued an injunction that returned the Plaintiff to his position for the term of his

contract, which was the 1970-1971 academic year.

After the end of the 1970-1971 academic year, the Plaintiff amended his complaint to include claims for additional time periods, which was ultimately "denominated the 1971-72 claim."

The matter was tried to a jury, the claims for all years were rejected and the district court then denied a motion for judgment notwithstanding the verdict.

The Court's analysis included the following statement:

> Plaintiff now contends that he was entitled to a judgment notwithstanding the verdict on his claims as to each of the years in question as well as attorneys' fees and costs. We must, of course, take the record as made by the parties together with the procedures adopted by them as the basis for our decision. The purpose of the trial of the claim for 1970-71 is a mystery. It was essentially moot.
>
> In any event, there are three issues involved: first, the claim for 1970-71; second, the claim for 1971-72; and third, attorneys' fees for plaintiff's counsel in connection with each of the claims. We see the motion for judgment notwithstanding the verdict as separable to the extent that we may consider each of these issues as standing alone. We turn then to the issues.
>
> We begin with the claim for 1970-71. It was mooted by the relief obtained by plaintiff through the injunction pending appeal granted in this court coupled with the subsequent inaction in the district court.
>
> Nevertheless, because of the claim for attorneys' fees in connection with this particular claim, we must proceed to the merits and therefore to the motion for judgment notwithstanding the verdict.
> ...
> These facts make out what appear to us to be a clear case of impermissibly freighting plaintiff's contract with a deprivation of the First Amendment right to free speech.
> ...
> Despite this conclusion, it is the case that the 1970-71 claim was moot. However, the claim for attorneys' fees

remained viable and should have been presented to the court. In an effort to work out of the procedural morass which the parties have created, we conclude that plaintiff, absent the question of mootness and for the purpose of the attorneys' fees question only, was entitled to a judgment n.o.v. on the 1970-71 claim. Thus the claim for attorneys' fees in connection with that claim is preserved and we next consider whether attorneys' fees were due.

Here as with <u>Rainey</u> the Plaintiff is entitled to a judgment on her claim.  The issue of attorney's fees, as provided under IRC §7430, only arises after judgment is entered.  Therefore, the Defendant's argument, which is seen as an attempt to foreclose a review of its actions, is both premature and insufficient as a matter of law to preclude final adjudication of this matter.

### III. **Conclusion.**

The Defendant's Motion to Dismiss is properly denied.

                                            Marlene Johansen
                                            by her attorney

                                            <u>/s/ Timothy J. Burke</u>
                                            Timothy J. Burke
                                            BBO# 543837
                                            400 Washington Street
                                            Braintree, MA   02184
Dated: October 4, 2005            (781) 380-0770

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon each attorney of record via first class mail, postage prepaid on October 4, 2005 to the following counsel of record:

Stephen Turanchik
Trial Attorney, Tax Division
Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C.   20044


Sean McMahon
Meilman & Costa
70 Wells Avenue
Suite 200
Newton, MA 02459

/s/ Timothy J. Burke
Timothy J. Burke