# United States District Court
# District of Massachusetts

MARLENE JOHANSEN,
    Plaintiff,
    Defendant-in-Counterclaim,

v.                    CIVIL ACTION NO. 2004-11789-RCL

UNITED STATES OF AMERICA,
    Defendant, Plaintiff-in-Counterclaim,

v.

NATIONAL CITY MORTGAGE COMPANY,
TIMOTHY BURKE,
    Additional Defendants-in-Counterclaim.

## *REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (#66)*

COLLINGS, U.S.M.J.

### *I. Introduction*

The plaintiff, Marlene Johansen ("Ms. Johansen"), filed this suit to quiet title under Title 28 U.S.C. §2410 against the United States (the "defendant" or

the "government") challenging a federal tax lien on residential property located at 71 Pleasant Street, Stoneham, Massachusetts ("the Stoneham property"). Both Ms. Johansen and the plaintiff's ex-husband, Ralph Johansen ("Mr. Johansen"), maintain that Mr. Johansen transferred his ownership interest in the Stoneham property to Ms. Johansen as part of a divorce agreement, that Ms. Johansen owns the Stoneham property free and clear of any federal tax liens, and that the Stoneham property is not available to satisfy Mr. Johansen's tax liability. This matter is now before the Court on the defendant's motion to dismiss (#66). This dispositive motion was filed consequent to a change in the status of Mr. Johansen's tax liability, to wit, the tax has been paid in full and the defendant has agreed to remove the lien from the subject property. It is the government's position that because the removal of the lien moots the controversy between the parties, this case should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction on the grounds of mootness. Ms. Johansen disagrees that the case is moot, and so has filed an opposition to the motion to dismiss together with a supporting memorandum of law. (##69, 70)

## II. *Factual Background*

Ms. Johansen is an individual who currently resides at 71 Pleasant Street, Stoneham, Massachusetts. (#1 ¶1) She and Mr. Johansen were married in

2

November of 1984 and approximately three years thereafter purchased the Stoneham property. (#1 ¶¶3, 4) On November 16, 1998, Mr. Johansen filed for divorce. (#1 ¶5) The March 21, 2001 Judgment of Divorce Nisi issued by the Massachusetts Probate and Family Court found that Mr. Johansen had a federal tax liability of $171,379.00, and ordered the Stoneham property to be sold to settle that debt. (#1, Exh. 2) Subsequently on December 24, 2001, the Johansens submitted a modification of the divorce decree to the Family and Probate Court wherein Mr. Johansen agreed, among other things, to transfer his interest in the Stoneham property to Ms. Johansen by quitclaim deed, to assume sole responsibility for his tax liability and to hold Ms. Johansen harmless for his tax liability. (#1, Exh. 4) That modification was incorporated into the Judgment of Divorce Nisi. (#1, Exh. 4)

On January 4, 2002, the Johansens executed a quitclaim deed transferring the Stoneham property from Mr. and Ms. Johansen as tenants by the entirety to Ms. Johansen individually. (#1, Exh. 5) The deed was recorded on December 11, 2002. (#1 ¶16) Seven days later a Notice of Federal Tax Lien was recorded on the Stoneham property against Mr. Johansen as taxpayer. (#1 ¶17 and Exh. 6) On January 21, 2004, a Notice of Federal Tax Lien was recorded on the Stoneham property against Ms. Johansen as nominee for Mr.

Johansen. (#1 ¶19 and Exh. 7)

On August 17, 2004, Ms. Johansen filed this action against the United States asserting that the tax lien is invalid, and seeking to quiet title on the Stoneham property. On October 18, 2004, the defendant answered the complaint and filed a counterclaim seeking to foreclose its federal tax liens against the subject property (#7). The parties ultimately filed cross-motions for summary judgment, the defendant on July 29, 2005 (#47), and the plaintiff on August 1, 2005 (#52). After the filing of these motions, payment was made in full satisfaction of Mr. Johansen's outstanding federal income tax liabilities. (#67, p.3) Defendant states that "after application of the funds, the United States no longer has a federal tax lien against Ralph Johansen", and, consequently, no liens that attach to the subject property. (#67, p.3)

### III. The Applicable Standard

Pursuant to Rule 12(b)(1), Fed. R. Civ. P., a defendant may move to dismiss an action based on lack of federal subject matter jurisdiction. Because federal courts are considered courts of limited jurisdiction, "federal jurisdiction is never presumed." *Viquiera v. First Bank,* 140 F.3d 12, 16 (1 Cir., 1998). Instead, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Murphy v. United States,* 45 F.3d 520, 522 (1

4

Cir.), *cert. denied,* 515 U.S. 1144 (1995) (quoting *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1 Cir.), *cert. denied,* 510 U.S. 823 (1993)).

Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942); *Aversa v. United States,* 99 F.3d 1200, 1209 (1 Cir., 1996); *Murphy,* 45 F.3d at 522. The First Circuit has held that the proponent must clearly indicate the grounds upon which the Court may properly exercise jurisdiction over the matter presented: "[I]t is black-letter law that jurisdiction must be apparent from the face of the plaintiffs' pleading." *PCS 2000 LP v. Romulus Telecomms., Inc.,* 148 F.3d 32, 35 (1 Cir., 1998) (quoting *Viquiera,* 140 F.3d at 18). As a consequence, if the plaintiff fails to show a basis for either diversity or federal question jurisdiction, the district court must grant the defendant's Rule 12(b)(1) motion. In ruling on a motion to dismiss for lack of jurisdiction, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff." *Aversa,* 99 F.3d at 1210; *Murphy,* 45 F.3d at 522. That is not to say that this leniency eliminates the plaintiff's burden of proving an appropriate jurisdictional basis. Indeed, a plaintiff cannot assert a proper jurisdictional basis "merely on 'unsupported conclusions or interpretations of

law.'" *Murphy,* 45 F.3d at 422 (quoting *Washington Legal Foundation v. Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1 Cir., 1993)).

### IV. Discussion

Defendant's motion to dismiss is predicated upon the proposition that "federal judicial power extends only to 'cases or controversies'", U.S. Const. Art III, and that "a case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" (#67, p.2 citing *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)). According to the government, the removal of the contested federal income tax lien from the Stoneham property was the only legally cognizable interest in this action, and that "[b]ecause the United States no longer claims an interest in [plaintiff's] property, there is no live controversy for this Court to adjudicate. (#67 at 3)

Ms. Johansen, on the other hand, characterizes the nature of the controversy differently. In her view,

> The United States' motion does not provide a basis for its conclusion that [the removal of the lien] adequately addresses the allegations and relief sought from the Court in [plaintiff's] complaint. The issue before the Court remains as to whether the United States had legal justification for the filing of the nominee lien, and if the Court finds none, the extent of damages caused

6

>>to Ms. Johansen by its erroneous filing....Ms. Johansen's Complaint properly alleges that her creditworthiness was damaged by the filing of the unlawful lien. Her matter addresses the injury she suffered. Her matter is not moot.

Plaintiff's Memorandum #70, pp. 4-5.

Ms. Johansen thus portrays her request for a judicial pronouncement on the validity of the defendant's legal justification for filing its lien in the first instance, and her purported resulting right to an award of attorney's fees[1] and

---

[1]

By way of relief in her complaint the plaintiff seeks, *inter alia*, to be awarded attorney's fees pursuant to 28 U.S.C. 2412(b) and I.R.C. 7430. Title 28 U.S.C. §2412(b) provides:

>>Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

IRC sec. 7430 provides, in part:

>>a) In general.--In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for–
>>(1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and
>>(2) reasonable litigation costs incurred in connection with such court proceeding.

Title 26 U.S.C. §7430.

It is noted that in order to recover attorney's fees under either statute, the plaintiff must establish that she was the *prevailing party* in the litigation.

other damages, as an essential component of the controversy between the parties.

It is alleged in the complaint that:

> This cause of action is based upon 28 U.S.C.A. Section 2410 which provides that the United States may be named as a party in an action to quiet title over property where the United States has a lien. Jurisdiction is provided by 28 U.S.C. Section 1340 which provides that the Court shall have original jurisdiction over any civil action for an action arising under any Act of Congress providing for the recovery of any Internal Revenue Tax alleged to have been collected without authority[2].

Complaint #1, p.1.

Ms. Johansen is asserting jurisdiction under 28 U.S.C. §1340, which provides a general grant of jurisdiction, and 28 U.S.C. §2410, the purpose of which is to cause the United States to waive sovereign immunity so that parties may bring claims to quiet title and similar actions. *See Broadwell v. U.S.*, 234 F. Supp. 17, 18 (E.D.N.C., 1964), *aff'd*, 343 F.2d 470 (4 Cir., 1965), *cert. denied*, 382

---

[2] Title 28 U.S.C. §1340 states in pertinent part: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue[.]"

U.S. 825 (1965); *Ringer v. Basile*, 645 F. Supp 1517, 1526 (D. Colo., 1986). Jurisdiction can only be maintained to the extent that sovereign immunity has been waived. *Ringer*, 645 F. Supp. at 1526.

The claim of jurisdiction for the purpose of seeking money damages for the alleged detriment to the plaintiff's creditworthiness must fail because §2410 only provides for a waiver of sovereign immunity for the adjudication of an equitable action to quiet title, and not for money damages.[3] *McMillen v. United States Department of Treasury,* 960 F.2d 187, 189 (1 Cir., 1991)("Although 28 U.S.C. §2410(a) allows a taxpayer to sue the United States to 'quiet title' to property on which the government has placed a lien, the 'pay first and litigate later' rule limits Section 2410's waiver of sovereign immunity to cases where the taxpayer contests only the procedural validity of the lien, or where the taxpayer has already paid the assessment, or contends that some extrinsic event has rendered the lien unenforceable."(citations and footnote omitted)); *National Commodity and Barter Association, National Commodity Exchange v. Gibbs*, 886 F.2d 1240, 1246-7 (10 Cir., 1989); *Ringer*, 645 F. Supp. at 1526; *Lawrence v. Beaman*, 1990 WL 157523**2-3 (D. Mass.). The Court in *Ringer* stated:

---

[3] This limited waiver of sovereign immunity distinguishes this case from the Freedom of Information Act case of *Education/Instruccion, Inc. v. United States Department of Housing And Urban Development*, 471 F. Supp. 1074 (D. Mass., 1979) relied upon by the plaintiff.

> Although the statute allows for a quiet title action to proceed because of the statutory waiver of sovereign immunity, damage actions cannot be construed as quiet title actions....Since §2410(a) is not a waiver of sovereign immunity for a claim seeking to recover money damages, plaintiff cannot seek money damages pursuant to §2410(a).

*Ringer*, 645 F. Supp. at 1526 (citations omitted).

Although no specific amount is alleged in the complaint, the plaintiff seems to be seeking money damages to compensate her for the purported detriment to her creditworthiness: "The Nominee Lien effects a detriment to Marlene's creditworthiness. Marlene Johansen has been damaged by the Service's unlawful lien." (#1 ¶¶ 21,22)  However, it is clear that §2410 only waives immunity for the purpose of resolving claims to quiet title, and that this purpose has been accomplished by the payment in full of Mr. Johansen's tax liabilities.

Turning now to the mootness issue, in *Lewis v. Continental Bank Corporation*, the United States Supreme Court squarely addressed the question of the boundaries of an Article III controversy:

> Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.  To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.  Article III denies federal courts the power to decide

> questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controversies admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.

*Lewis*, 494 U.S. 472, 477 (1990)(internal citations and quotations omitted). Thus, a clear distinction is drawn between resolving a valid Article III controversy and delivering an advisory opinion. The Court is unwilling to extend judicial power beyond the resolution of "substantial" controversies, and defines the limit of Article III jurisdiction to be the point where a conclusive decree becomes a mere opinion based on some hypothetical facts.

In the instant case, the plaintiff contends that the question of defendant's legal justification for filing a tax lien on the subject property in the first instance is an ongoing controversy, since the granting of the specific relief of an award attorney's fees and other damages depends upon its resolution. Ms. Johansen claims to continue "to have a 'personal stake in the outcome' of the lawsuit" by virtue of her prayer for an award of attorney's fees. *Lewis*, 494 U.S. at 478 (citation omitted).

There are two significant problems with the plaintiff's contention. First,

11

the distinction between a "conclusive decree" and an "advisory opinion" was reiterated in *Rhodes v. Stewart*: "'The real value of the judicial pronouncement – what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion – is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*.'" *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) *(quoting Hewitt v. Helms*, 482 U.S. 755, 761 (1987))(emphasis in original). In this case, the desired modification of behavior underlying the plaintiff's complaint, the removal of the defendant's lien on the subject property, has already been accomplished. Any further judicial pronouncements would be without "real value."

The second problem is that the Court has specifically addressed the relationship between Article III jurisdiction and awards for attorney's fees in a manner adverse to Ms. Johansen's position. The sole remaining interest the plaintiff has in judicial modification of the defendant's behavior is in ordering the government to pay an award of attorney's fees and other damages. Although Ms. Johansen views this interest as sufficient to sustain an Article III case, such a construction of Article III is not warranted:

> At the time Continental's challenge to denial of its application for an insured ISB was mooted by the amendments to the BHCA, this litigation had been in

> progress for almost seven years. An order vacating the judgment on grounds of mootness would deprive Continental of its claim for attorney's fees under 42 U.S.C. §1988 (assuming, *arguendo*, it would have such a claim), because such fees are available only to a party that "prevails" by winning the relief it seeks. This interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim. Where on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncements...obtained, solely in order to obtain reimbursement of sunk costs.

*Lewis*, 494 U.S. at 480 (internal citations omitted).

The situation in the instant case is precisely as described in *Lewis*. The only concrete interest in the controversy has terminated with the removal of the disputed tax lien from the subject property. The sole remaining dispute is a one-sided concern regarding the defendant's legal justification for filing the lien in the first instance. Ms. Johansen's interest in having this issue decided is that its resolution in the plaintiff's favor is a condition precedent to an award of attorney's fees under either 28 U.S.C. §2412(b) or I.R.C. §7430.[4] In other

---

[4] The case of *Rainey v. Jackson State College*, 481 F.2d 347, 348 (1973) cited by the plaintiff can be distinguished on its facts since the plaintiff in *Rainey* was found by the Court to have "prevailed on the merits although there was never a hearing on the merits of his claim." As a result, although the claim was "moot" for trial purposes since the plaintiff had already "prevailed", the Fifth Circuit concluded that "the claim for attorneys' fees remained viable." *Rainey*, 481 F.2d at 350.

words, Ms. Johansen must be a prevailing party in order to pursue her claim for attorney's fees.

Considering the Court's unambiguous statement that "an interest in attorney's fees is…insufficient to create an Article III controversy", it seems clear that any further adjudication in this case for the purpose of awarding attorney's fees could only lead to an "unnecessary judicial pronouncement" obtained solely for "reimbursement of sunk costs."  In short, the plaintiff's claim for attorney's fees under 28 U.S.C. §2412 does not present a sufficient "case or controversy" upon which to predicate jurisdiction.

### IV.  *Conclusion and Recommendation*

For the foregoing reasons, I RECOMMEND that the Defendant's Motion To Dismiss (#66) be ALLOWED.

### V.  *Review by the District Judge*

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to these recommendation must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  The parties are further

advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

February 9, 2006.