**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

**MARLENE JOHANSEN**

**Plaintiff and Counterclaim**
**Defendant**

                                **Civil Action No. 04-11789-RCL**

**v.**

**UNITED STATES OF AMERICA**

**Defendant and Counterclaim**
**Plaintiff**

**v.**

**TIMOTHY BURKE**

**Counterclaim Defendant**

---

**PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION ON THE**
**DEFENDANT'S MOTION TO DISMISS**

The Plaintiff, Marlene Johansen ("Ms. Johansen"), pursuant
to Rule 72 of the Federal Rules of Civil Procedure objects to the
Report and Recommendation on Defendant's Motion to Dismiss (the
"Report").

The basis for the Plaintiff's Objection includes all
arguments set forth in her Opposition to the Motion to Dismiss
together with her supporting Memorandum of Law and is included
herein by reference.  (Docket ## 69, 70.)

The Plaintiff's basis for objecting to the Report is further
discussed below.

## I.  The Matter is not Moot as a Ruling has not been Entered which finds that the Defendant filed the Nominee Lien in Contravention of Law.

There is little dispute as to the salient facts of this matter. Further, the Defendant has (tacitly) admitted that the Nominee Lien (the "Lien") at issue was improperly filed.

While unstated in the Report, there appears to be no dispute that the filing of the Lien inflicted damage upon Ms. Johansen.[1]

Therefore the crucial issue before the Court is whether the Plaintiff is precluded from receiving the judgment to which she is entitled.[2]

Wherein the issue before the Court has not been directly addressed by any apparent reported opinions, the Plaintiff asks the Court to consider the flawed rationale of the Report by analogy to the law's consideration of other instances of

---

[1] In its Report, the Court discusses at pages 9 and 10 the Plaintiff's Complaint as it relates to damages. To the extent that the Plaintiff's Opposition has created such an impression, the Plaintiff apologizes to the Court and respectfully states that the Opposition included, as does this Objection, a discussion of the damage which has accrued to the Plaintiff from the wrongful filing of the Lien. The Plaintiff's Complaint as referenced in the Plaintiff's Opposition includes a restatement of the relief requested from the Court. The claim for relief does not include a claim for damages.

[2] The Report discusses in depth the Plaintiff's entitlement to fees. While that issue is not directly before the Court, the intentions of Congress in enacting IRC § 7430 would be frustrated should the government, without justification, be allowed to inflict the harm upon the Plaintiff that it has and not compensate her for her costs of prosecuting an action which was required by the indefensible conduct of the Defendant.

wrongdoing.

If a defendant has allegedly trespassed upon the property of a plaintiff or a defendant has allegedly assaulted and battered a plaintiff, the claims against the wrongdoer are not mooted due to the fact that the violations of law have ceased. It is central to our system of law that parties may come before the courts to seek redress from wrongs that have been inflicted upon them in the past, there is no requirement of a continuing violation of law to establish jurisdiction of the Court.

Here, the Defendant maintains that the matter is moot as the Lien has been satisfied.  Apparently, the Defendant in response to the Court's Report has released the Lien.  The Defendant's actions are that of a wrongdoer who has mitigated its damages.

The satisfaction of the Plaintiff's ex-spouse's tax liability effectuated the Lien's release. The act of releasing the Lien is perfunctory, it does not remove the Lien from the permanent record in the registry of deeds, nor critically does it state that the Lien was filed in contravention of law.

The release does not equate with a judgment that finds that the United States was at fault. It forever leaves on the record a statement that the Plaintiff was acting as a person who was acting as a nominee in concert with her ex-spouse tax scofflaw.

Logically, it does not matter whether the Defendant released the Lien in recognition of the fact that it violated the

law or whether the underlying liability was satisfied, the Plaintiff's complaint was filed as a result of the Defendant's violation of law. The fact that the Defendant ceased its violation does not moot the basis of her complaint.

The Plaintiff's Objection can be summarized as follows: she filed a complaint alleging that the Lien was erroneously filed, she proved that it was erroneously filed, and her right to a judgment that the Defendant did erroneously file the Lien should not be taken from her due to the actions of a third party (whose intervention in this matter was denied by the Court). The actions of the Plaintiff's former spouse in meeting his liability to the United States does not serve as a legal justification for the Defendant's wrongdoing.

The Court's Report is inapposite to the precedents relied upon by the Plaintiff, including Education/Instruccion, Inc. v. United States., 471 F.Supp. 1074 (1979); Lewis v. Continental Bank Corporation, 494 U.S. 472 (1990); and Rainey v. Jackson State College, 481 F.2d 347 (5th Cir.1973).  The Report at no point provides a basis for allowing the Defendant, an admitted wrongdoer, from avoiding a judgment against it due to its mitigation of the damage that was caused by its unlawful action.

**II.  Conclusion**

The Report is not properly adopted.

                                        Marlene Johansen
                                        by her attorney

                                        /s/ Timothy J. Burke
                                        Timothy J. Burke
                                        BBO# 543837
                                        400 Washington Street
                                        Braintree, MA   02184
Dated: February 21, 2006                (781) 380-0770


                         **CERTIFICATE OF SERVICE**
        I hereby certify that a true copy of the above document was
served upon each attorney of record via first class mail, postage
prepaid on February 21, 2006 to the following counsel of record:


        Stephen Turanchik
        Trial Attorney, Tax Division
        Department of Justice
        P.O. Box 55
        Ben Franklin Station
        Washington, D.C.   20044


        Sean McMahon
        Meilman & Costa
        70 Wells Avenue
        Suite 200
        Newton, MA   02459


        Richard Oetheimer
        Goodwin & Proctor
        Exchange Place
        Boston, MA   02109


                                        /s/ Timothy J. Burke
                                        Timothy J. Burke