UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLENE JOHANSEN, | ) |
| | ) |
| Plaintiff, | ) |
| Counterclaim Defendant, | ) |
| | ) Case No. 04-11789-RCL |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant, | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL CITY MORTGAGE CO., | ) |
| and TIMOTHY BURKE, | ) |
| | ) |
| Counterclaim Defendants. | ) |

UNITED STATES' RESPONSE TO
MARLENE JOHANSEN'S OBJECTION TO THE REPORT AND RECOMMENDATION

The United States of America, through undersigned counsel, responds to Marlene Johansen's Objection to the Report and Recommendation of the Magistrate Judge regarding the United States' motion to dismiss for mootness.

Background

On August 17, 2004, Marlene Johansen ("Marlene") filed a Complaint seeking to quiet title to 71 Pleasant Street, Stoneham, Massachusetts ("the Subject Property"). In the Complaint, Marlene alleged:

1

> This cause of action is based upon 28 USCA 2410 which provides that the United States may be named as a party in action to quiet title over property where the United States has a lien.

On October 18, 2004, the United States answered the Complaint and filed a Counterclaim seeking to foreclose its federal tax liens against the Subject Property. The federal tax liens arose because of unpaid federal income tax liabilities of Ralph Johansen ("Ralph"), Marlene's ex-husband. The United States filed a motion for summary judgment on July 29, 2005. Marlene filed a motion for summary judgment on August 1, 2005.

At issue in this case was whether the federal tax liens attached to the Subject Property. On August 22, 2005, the United States received payment in full satisfaction of the outstanding federal tax liabilities of Ralph Johansen that were secured by those liens. The United States has withdrawn its notices of federal tax liens against the Subject Property because there are no outstanding federal tax liabilities owed by Ralph Johansen which were secured by those liens.

The United States then moved to dismiss the action for mootness because there was no controversy to adjudicate. Marlene opposed the motion to dismiss on the grounds that "[t]he issue before the Court remains as to whether the United States had legal justification for the filing of the nominee lien, and if the Court finds none, the extent of damages caused to Ms. Johansen."

On February 9, 2006, a Report and Recommendation on the Defendant's Motion to Dismiss was entered by the Court that recommended that the United States' Motion to Dismiss be granted.

On February 21, 2006, Marlene filed an Objection to the Report and Recommendation. The United States now responds to Marlene's objection.

Discussion

A.  Waiver of Sovereign Immunity for Quiet Title Actions

It is axiomatic that the United States enjoys sovereign immunity except to the extent that it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980).  A waiver of such immunity must be explicit and cannot be implied. Department of Energy v. Ohio, 503 U.S. 607, 614-616 (1992).  Any ambiguities are to be construed in favor of immunity. See United States v. Williams, 514 U.S. 527, 531 (1995). Where there is no statute expressly waiving the sovereign immunity of the United States, the court lacks subject matter jurisdiction to adjudicate the claim. See United States v. Dalm, 494 U.S. 596, 608 (1990).  The United States has waived its sovereign immunity pursuant to 28 U.S.C. §2410 for Marlene's action to quiet title to the subject property.  Section 2410(a)(1) waives the United States' sovereign immunity in actions to quiet title to "real or personal property in which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a).  Because the tax liabilities of Ralph Johansen which were secured by the liens on the Subject Property have been fully satisfied and the notices of federal tax liens have been withdrawn, there is no longer a controversy to adjudicate.  The Magistrate Judge was correct in recommending that the United States' Motion to Dismiss be granted because there is no live controversy remaining.

As to the remainder of Marlene's claims, the United States has not waived its sovereign immunity, and therefore this Court lacks jurisdiction over those claims.

B.    <u>The United States Has Not Waived Its Sovereign Immunity for Marlene Johansen's Other Claims</u>

In her Objection to the Report and Recommendation, Marlene asserts that there is no dispute that she has been damaged because of the filing of notice of federal tax lien. Marlene is mistaken as the United States would dispute that she has been damaged. The United States filed a counterclaim to foreclose its lien against the Subject Property and, in fact, filed a motion for summary judgment that more fully set forth the basis for how the lien attached to the Subject Property.

Even if Marlene had been damaged, her claim would not be actionable as the United States has not waived its sovereign immunity to her cause of action. We note that Marlene does not allege that the United States waived its sovereign immunity with respect to her claim for damages. Once challenged, the party invoking subject matter jurisdiction, here Marlene Johansen, has the burden of proving by a preponderance of the evidence the facts supporting jurisdiction. See <u>Bank One, Texas, N.A. v. Montle</u>, 964 F.2d 48, 50 (1st Cir. 1992).

Indeed, the United States has waived its sovereign immunity for certain damages claims pursuant to 26 U.S.C. §7433; however, Marlene's claim is not covered by that provision. Section 7433 allows taxpayers to recover damages when an IRS employee "recklessly or intentionally disregards any provision of this title" during collection activities. 26 U.S.C. § 7433. Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to <u>a taxpayer</u>, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, <u>such taxpayer</u> may bring a civil action for damages against the United States in a district court of the United States. (emphasis added).

Only the taxpayer has standing to sue for damages under §7433.  The plain language of § 7433 confers standing only on a taxpayer to sue for damages incurred in connection with the collection of his own taxes.  See Ludtke v. United States, 84 F.Supp.2d 294, 300 (D.Conn. 1999); Wittmann v. United States,  869 F.Supp. 726 (E.D.Mo. 1994); Ferrel v. Brown, 847 F.Supp. 1524, 1528 (W.D.Wash. 1993) (delinquent taxpayer's relative was not a "taxpayer" within meaning of §7433, and could not use § 7433 to challenge tax lien against her property); Wilkerson v. United States, 839 F.Supp. 440, 442 (E.D.Tex. 1993) (same); Matrix Development Corp. v. United States, 815 F.Supp. 297, 301 (E.D.Wis. 1993) (same).   Because Ralph Johansen, not Marlene, is the taxpayer only he would have standing to pursue a claim for monetary damages under §7433.  As a result, the United States has not waived its sovereign immunity for Marlene's claim for damages.

To the extent that Marlene alleges that the United States has engaged in tortious conduct through this tax collection action, there is no waiver of sovereign immunity.[1]   In her objection Marlene states, that the notice of lien "leaves on the record a statement that [Marlene] was acting as a person who was acting as a nominee in concert with her ex-spouse tax scofflaw" and that her creditworthiness has been damaged.  Plaintiff's Objection, p. 3.  Thus, it appears that Marlene is alleging that she has been defamed, or her creditworthiness has been slandered, by the filing of the notice of lien and that she been economically damaged by the lien filing.  The Federal Tort Claims Act (28 U.S.C. §§ 1346, 2671-2680)  is a limited statutory waiver of sovereign immunity.  However, specifically excepted from the waiver of sovereign immunity under the FTCA is "any

---

[1]  This appears to be the crux of her current objection; that is, that the United States violated the law in filing the notice of federal tax lien against the subject property.

claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). Cases decided under this provision in the courts of the United States make clear that this exception is not limited to actions by persons against whom the tax collection efforts are directed. The exception to Federal Tort Claims Act jurisdiction applies to taxpayers and third parties alike. See Murray v. United States, 686 F.2d 1320, 1324 (8th Cir. 1982), cert. denied, 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983).

    Assuming everything that Marlene Johansen alleged was true, she would still be unable to avail herself of the Federal Tort Claims Act. See Morris v. United States, 521 F.2d 872 (9th Cir. 1975)(Court lacked jurisdiction even when taxpayer alleged that IRS investigators told taxpayer's creditors of purported tax liability, resulting in loss of credit for the taxpayer and eventual elimination of his business); Jones v. United States, 16 F.3d 979, 980-81 (8th Cir. 1994) (United States retains its sovereign immunity under § 2680(c) even when the claims encompass torts and constitutional violations); Perkins v. United States, 55 F.3d 910, 916-17 (4th Cir.1995) (§2680(c) exception applies to protect illegal acts or torts committed by IRS agents when they are related, however remotely, to a bona fide effort to assess or collect tax debt); Capozzoli v. Tracey, 663 F.2d 654, 657 (5th Cir.1981) (alleged invasion of privacy and trespass in photographing property during an investigation of casualty loss; language of § 2680(c) "is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties"); Aromin v. Hill, 2005 WL 2009279 (E.D.Va. 2005)(filing a fraudulent lien is directly related to the collection of taxes, and thus, the United States did not waive its sovereign immunity).

    Even if the federal tax exception to the Federal Tort Claims Act were not a bar to

Marlene's claim for damages, yet another provision of that Act does preclude her from maintaining an action for damages against the United States. Section 2680(h) excepts from the Act "[a]ny claim arising out of . . . libel [or] slander . . .." Yet, that is precisely what Marlene is claiming. The Court of Appeals has held that where the government, based on an error showing the recipient to be deceased, stopped payment on Social Security checks, the negotiator of those checks was barred by the exception in Section 2680(h) from maintaining an action against the United States because his credit and reputation were harmed by the government's act. Jimenez-Nieves v. United States, 682 F.2d 1, 6 (1st Cir. 1982) ("Such claims resound in the heartland of the tort of defamation [where] the injury is to reputation . . .").

Finally, plaintiff faces two more insurmountable hurdles to maintaining an action for damages—she has not filed an administrative claim for damages, and the time for doing so has passed. Section 2675 of Title 28, U.S.C. mandates the filing of an administrative claim prior to the commencement of an action under the Federal Tort Claims Act. The Supreme Court has held that the failure to comply with this requirement is fatal to an action to recover under the Federal Tort Claims Act, and observed that the requirement also serves a salutary purpose:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. . . . The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

McNeil v. United States, 508 U.S. 106, 112 (1993).2/ The plaintiff cannot now file the required

---

2/ Even if Section 7433 of the Internal Revenue Code did afford the plaintiff a remedy, it, too, has a requirement for the exhaustion of administrative remedies that parallels the provision in Section 2675. See 26 U.S.C. § 7433(d)(1). See Fishburn v. Brown, 125 F.3d 979, 982 (6th Cir. 1997); White v. C.I.R., 899 F.Supp. 767, 772 (D. Mass. 1995) (exhaustion of administrative remedies is a mandatory prerequisite to an action under Section 7433). Plaintiff has not

7

administrative claim as the period of limitations for doing so has run.  In order to maintain an action under the FTCA, a claim must have been filed within two years of the time the cause of action arose.  Section 2401(b) of Title 28 provides a two-year period of limitations for filing the written claim, mandated as a prerequisite to suit by Section 2675.  *See* Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997) ("Under the FTCA, a tort claim against the United States is barred unless it is 'properly presented' to the agency within two years of its accrual"), affirming dismissal by the district court.  Inasmuch as the plaintiff alleges that the damage to her was caused by the filing of a notice of federal tax lien more than two years ago, it is now too late for her to proceed under the provisions of the Federal Tort Claims Act.3/

---

complied with the requirement of Section 7433(d)(1).

3/   At paragraph 19 of her complaint the plaintiff alleges that what she contends is the offending notice of federal tax lien was filed on January 31, 2004.  Section 7433 also contains a two-year period of limitations for the filing of an administrative claim, so it is similarly too late for her to file a claim under that provision.  *See* 26 U.S.C. § 7433(d)(3) and 26 C.F.R. § 301.7433-1(d).

## CONCLUSION

Because there is no live controversy in front of this court and because the United States has not waived its sovereign immunity to Marlene's claims for damages, the Report and Recommendation of the Magistrate Judge should be adopted.

MICHAEL J. SULLIVAN
United States Attorney

/s/ Stephen J. Turanchik
_____
STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565
stephen.j.turanchik@usdoj.gov

CERTIFICATE OF SERVICE

    IT IS HEREBY CERTIFIED that service of the foregoing United States' Response to the Plaintiff's Objection to the Report and Recommendation has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 1st day of March, 2006:

        Timothy J. Burke
        400 Washington Street, Suite 303
        Braintree, MA 02184


        /s/ Stephen J. Turanchik
        _____
        STEPHEN J. TURANCHIK
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 55
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 307-6565
        stephen.j.turanchik@usdoj.gov