*04-11789*

# United States Court of Appeals
## For the First Circuit

---

No. 06-2037

MARLENE JOHANSEN,

Plaintiff, Appellant,

v.

UNITED STATES,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

---

Before

Howard, Circuit Judge,
Campbell, Senior Circuit Judge,
and Saris,[*] District Judge.

---

Timothy J. Burke with whom Burke & Associates was on brief for appellant.
Kenneth W. Rosenberg, Attorney, Tax Division, with whom Michael J. Sullivan, United States Attorney, Eileen J. O'Connor, Assistant Attorney General, Bruce R. Ellisen and Laurie Snyder, Attorneys, Tax Division, Department of Justice, were on brief for appellee.

---

October 29, 2007

---

[*]Of the District of Massachusetts, sitting by designation.

**CAMPBELL, <u>Senior Circuit Judge</u>.** Appellant Marlene Johansen appeals from the dismissal of her suit in the United States District Court for the District of Massachusetts to quiet title on her property. The suit was dismissed for lack of jurisdiction on mootness grounds, and Johansen argues that this was error because she has suffered damages that must be redressed by the government. After reviewing her arguments and the record, we <u>affirm</u> the dismissal of her suit.

## Background

On August 17, 2004, Johansen filed a complaint to quiet her title to a residential property in Stoneham, Massachusetts. She contended that a tax lien the United States had asserted against her as nominee for her divorced ex-husband, Ralph Johansen, for his delinquent income tax liabilities created a cloud on her title, effected a detriment to her creditworthiness, and damaged her. She also requested attorneys' fees under the Internal Revenue Code, 26 U.S.C. § 7430, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The government counterclaimed to foreclose the tax lien against the Stoneham property by sale.

The district court initially had jurisdiction over Marlene's action pursuant to 28 U.S.C. §§ 1331 and 1340 (general jurisdictional statutes) and 2410 (which provides in relevant part that "the United States may be named a party in any civil action or suit . . . having jurisdiction of the subject matter (1) to quiet

title to; (2) to foreclose a mortgage or other lien upon; (3) to partition; (4) to condemn; or (5) of interpleader or in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien"), and over the government's counterclaim under 28 U.S.C. §§ 1340, 1345 and IRC § 7403. During the course of the litigation, however, on August 22, 2005, Ralph Johansen paid in full his tax liabilities. As a result, on September 20, 2005, the government filed a motion to dismiss the action on the grounds that it no longer had any interest in the Stoneham property since full payment of its tax claim had been made. Thus, the government argued, the issue raised in Johansen's suit was moot, there no longer being any occasion to quiet title, and the court being without jurisdiction to decide anything more. Marlene Johansen opposed the motion to dismiss on the grounds that the government's lien on her property had been wrongfully imposed from the start,[1] that she had suffered damages, and that she was entitled to attorneys' fees.

On February 9, 2006, the magistrate judge recommended dismissing the case as moot. On the same day, the government filed

---

[1] Marlene Johansen had received the property from her ex-husband as part of the divorce settlement. In its counterclaim the government asserted that its unrecorded lien against Ralph's interest in the Stoneham property was valid against Marlene and that the conveyance to her was fraudulent. Marlene contends that upon coming to her, the property was no longer subject to the government's claim for taxes owed by her ex-spouse and that the government's subsequent filing of a lien on her property was therefore improper.

with the court documents demonstrating that, on February 8, 2006, it had officially withdrawn notice of the lien on Ralph Johansen's tax liabilities. Marlene Johansen filed objections to the recommendation, arguing that she was nonetheless entitled to have the court find that the tax lien had been wrongly placed on her property, and that the government's release of the lien did not alter the fact that, from the time filed until its release, the lien was improper and had injured her by undermining her creditworthiness.

The district court endorsed the recommendation of the magistrate judge that because the government no longer had an interest in the property, the case was moot, and that Johansen's other allegations and her interest in attorneys' fees were insufficient to maintain a live controversy. This timely appeal followed.

### Discussion

On appeal, Marlene Johansen argues that her claim is not moot, relying on the same cases which the district court's ruling properly distinguished. We will discuss her argument infra. As a preliminary matter, the government argues that the appellant failed to preserve the issues she raises here on appeal as she did not specifically indicate them in her objections below to the magistrate judge's report and recommendations. Johansen's objections were, indeed, vague, but as the points she now raises

-4-

are clearly without merit, we need not go into the issue of their preservation. Instead, we address her appellate claims on the merits.

As we explain infra, when the government ceased to have an interest in the Stoneham property because the tax liabilities had been paid, Johansen's suit to quiet title to that property became moot. The only remedy to which she had been entitled under 28 U.S.C. § 2410, which was the statutory basis of her suit, was removal of the lien, and that removal was accomplished, leaving the court with nothing to do. While Johansen alleged in her complaint that the lien affected her creditworthiness and damaged her, these claims, standing alone, were outside the province of § 2410, hence beyond the subject matter jurisdiction of the court and leaving them barred by the government's sovereign immunity.

The district court's legal conclusion on the motion to dismiss for lack of jurisdiction is reviewed by us de novo. Gill v. United States, 471 F.3d 204, 205 (1st Cir. 2006). When a defendant moves to dismiss for lack of federal subject matter jurisdiction, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Murphy v. United States, 45 F.3d 520, 522 (1st Cir.), cert. denied, 515 U.S. 1144 (1995) (quoting Taber Partners, I. v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir.), cert. denied, 510 U.S. 823 (1993)). We have held that the party advocating jurisdiction must make clear

the grounds on which the court may exercise jurisdiction: "it is black-letter law that jurisdiction must be apparent from the face of the plaintiffs' pleading." PCS 2000 LP v. Romulus Telecomms., Inc., 148 F.3d 32, 35 (1st Cir. 1998). If the party fails to demonstrate a basis for jurisdiction, the district court must grant the motion to dismiss. Though we take as true the well-pleaded facts of the complaint, Santa-Rosa v. Combo Records, 471 F.3d 224, 226 (1st Cir. 2006), a plaintiff cannot rest a jurisdictional basis "merely on 'unsupported conclusions or interpretations of law.'" Murphy, 45 F.3d at 422 (quoting Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993)).

    i.  Availability of Damages

Johansen argues that the mere fact that the United States no longer claimed an interest in the property on which the lien had been placed did not make the controversy moot. She opposed the government's motion to dismiss below by arguing,

> The United States' motion does not provide a basis for its conclusion that [the removal of the lien] adequately addressed the allegations and relief sought from the Court in [plaintiff's] complaint. The issue before the Court remains as to whether the United States had legal justification for the filing of the nominee lien, and if the Court finds none, the extent of damages caused to Ms. Johansen by its erroneous filing. . . . Ms. Johansen's Complaint properly alleges that her creditworthiness was damaged by the filing of the unlawful lien. Her matter addresses the injury she suffered. Her matter is not moot.

As already noted, Johansen asserted jurisdiction under general jurisdictional statutes, 28 U.S.C. §§ 1331 and 1340, and under 28

U.S.C. § 2410. As the magistrate judge found, any claim of jurisdiction for the purpose of enabling plaintiff to recover money damages for alleged detriment to the plaintiff's creditworthiness fails because § 2410 provides for federal court subject matter jurisdiction and for an implicit waiver of the United States' sovereign immunity only for the adjudication of an equitable action to quiet title, and not an action for money damages. Kulawy v. United States, 917 F.2d 729, 736 (2d Cir. 1990) ("in a § 2410 action, only equitable relief affecting title, and not damages, may be awarded").

      ii.  Mootness

In finding mootness, the magistrate judge relied on Lewis v. Continental Bank Corporation, 494 U.S. 472, 477 (1990), in which the Supreme Court set out the definition of a live controversy under Article III:

> Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controversies <u>admitting of specific relief through a decree of a conclusive character</u>, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts. This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.

Id. (internal citations and quotations omitted).

Johansen argues that the question of whether the government was right to place a tax lien on her property amounts to a still valid ongoing controversy. She says she suffered actual injury as a result of the wrongful lien and seeks resolution of her challenge to the lien as a necessary condition to her becoming a prevailing party entitled to attorneys' fees under 26 U.S.C. § 7430. The magistrate judge rightly found that Johansen's position could not be sustained. First, the distinction between a "conclusive decree" and an "advisory opinion" was reiterated in Rhodes v. Stewart:

> The real value of the judicial pronouncement--what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion--is in the settling of some dispute <u>which affects the behavior of the defendant towards the plaintiff</u>.

488 U.S. 1, 4 (1988) (quoting Hewitt v. Helms, 482 U.S. 755, 761 (1987)) (emphasis in original). Here, the magistrate judge concluded, "the desired modification of behavior underlying the plaintiff's complaint, the removal of the defendant's lien on the subject property, has already been accomplished. Any further judicial pronouncements would be without 'real value.'"[2] In saying

---

[2] When the government filed its motion to dismiss, it had argued that as a result of Ralph Johansen's payment of his tax liabilities, "[t]he United States will release all liens against Ralph Johansen, including those liens naming Marlene Johansen as the nominee of Ralph Johansen. The United States, therefore, claims no interest in the subject property, and moves to dismiss this action because there is no controversy to adjudicate." In her opposition to the motion to dismiss, Johansen did not dispute the fact that the tax liabilities underlying the lien had been

-8-

the latter, the magistrate judge reiterated what is clear: that no matter what damages plaintiff may feel she has suffered as a result of the lien, "no specific relief through a decree of a conclusive character," as distinguished from a mere advisory opinion, is presently possible in this litigation. Lewis, 494 U.S. at 477.

Second, the Supreme Court has concluded that the desire for attorney's fees is insufficient to maintain Article III jurisdiction:

> At the time Continental's challenge to denial of its application for an insured ISB was mooted by the amendments to the BHCA, this litigation had been in progress for almost seven years. An order vacating the judgment on grounds of mootness would deprive Continental of its claim for attorney's fees under 42

---

resolved. Following the magistrate judge's report and recommendation to dismiss the complaint, the government filed documents showing that on February 8, 2006 (the day before the report and recommendation issued), the government withdrew three notices of federal lien related to the liabilities of Ralph Johansen. According to the language of I.R.C. § 6322, a lien continues "until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time" (emphasis supplied). Johansen did not in either her objection to the report and recommendation or her initial appellate brief raise any objection to the fact that the formal paperwork withdrawing notice of the lien was not filed until February 8, 2006. In her reply brief, however, she takes issue with the timing of the withdrawal of the lien notice, arguing that "the finding of mootness was made without evidence that the matter was moot." Even if the withdrawal of the lien notice was integral to the mootness of the controversy, and even if Johansen had raised this argument in a timely fashion instead of in her reply brief, the "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis, 494 U.S. at 477. At the time the district court approved the report and recommendation, there was no lien against Johansen's property and thus no need to quiet the title on it.

> U.S.C. § 1988 (assuming, _arguendo_, it would have such a claim), because such fees are available only to a party that "prevails" by winning the relief it seeks. This interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim. Where on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncements . . . obtained solely in order to obtain reimbursement of sunk costs.

Lewis, 4984 U.S. at 480 (internal citations omitted). See also Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Resources, 532 U.S. 598, 605 (2001) (holding that the term "prevail" denotes "a judicially sanctioned change in the legal relationship of the parties"). We have held that "Buckhannon is presumed to apply generally to all fee-shifting statutes that use the 'prevailing party' terminology." The situation here, as the magistrate judge pointed out, is parallel to Lewis in that the concrete interest in the controversy has terminated with the removal of the tax lien from the property. To be sure, plaintiff may feel a dispute still lingers over the United States' legal justification for filing the lien in the first place. Section 2410, however, makes no provision for adjudicating such a question now that the lien no longer exists, leaving the court without jurisdiction to do so. And this Circuit has recently held that a "litigant's interest in a possible award of attorney's fees is not enough to create a justiciable case or controversy if none exists

on the merits of the underlying claim." Goodwin v. C.N.J., Inc., 436 F.3d 44, 51 (1st Cir. 2006).

Johansen cites on appeal two additional cases as supporting her argument, Rainey v. Jackson State College, 481 F.2d 347 (6th Cir. 1973) and Education/Instruccion, Inc. v. United States, 471 F. Supp. 1074 (D. Mass. 1979). Neither case, however, even assuming their applicability, lends persuasive support to plaintiff's position here, since both have since been superceded by the Supreme Court's decision in Buckhannon. See also Oil, Chemical & Atomic Workers Int'l Union v. Dep't of Energy, 288 F.3d 452, 455 (D.C. Cir. 2002) (existing case law must give way to the extent it does not require a plaintiff to have "been awarded some relief by [a] court" to become eligible for fees).

In the absence of any federal remedy under the statutory provisions plaintiff relies upon, we must affirm the judgment of the district court. **AFFIRMED**.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

USDC Docket Number : 00-cv-10783

QLT

v.

Massachusetts Eye and Ear Infirmary, et al

## CLERK'S CERTIFICATE

I, Sarah A. Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed documents numbered:

1-4, 6-31, 36-46, 48-51, 54-71, 73-83, 85-108, 112-116, 118, 121-123, 125, 128, 133, 135-140, 142-145, 148-153, 155-157, 159-193, 195-216, 219-224, 227, 231-248, 250, 251-273, 275, 276, 278, 281-285, 287, 288, 298, 307-309, 313, 319, 322, 325-337, 339, 341, 343-345, 352-359, 364-397, 400-406, 408-412, 414-421, 423-561, 563-674

and contained in Three Boxes of Sealed Documents & 21 Volume(s) are the original or electronically filed pleadings and constitute the record on appeal in the above entitled case for the Notice of Appeal filed on 8/15/2007.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on October 23, 2007.

Sarah A Thornton, Clerk of Court

By: _____
Deputy Clerk

Receipt of the documents in the above entitled case is hereby acknowledged this date: 10-31-07

_____
Deputy Clerk, US Court of Appeals

COA # 07-2616

Please complete the following information:

- 3/06

680

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

USCA Docket Number:

USDC Docket Number : 00-cv-10783

QLT, Inc.,

v.

Massachusetts Eye and Ear Infirmary, et al

### CLERK'S SUPPLEMENTAL CERTIFICATE

I, Sarah A. Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed documents numbered: Amended Notice of Cross Appeal 674

are the original or electronically filed pleadings to be included with the record on appeal in the above entitled case.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on October 23, 2007.

Sarah A. Thornton, Clerk of Court

By: _____
Deputy Clerk

Receipt of the documents in the above entitled
case is hereby acknowledged this date: 10-31-07

_____
Deputy Clerk, US Court of Appeals

COA# 07-2616

- 3/06